IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE
WORLDWIDE, INC.,

               Plaintiff,

v.                                                                  Case No. 05-4023-JAR

TARGET CORPORATION,

               Defendants.

### Order Granting Plaintiff's Motion for a Protective Order and Denying Defendant's Motion for Protective Order

This issue comes before the court on separate motions by Plaintiff Payless Shoesource Worldwide, Inc. (Payless) (Doc. 22) and Defendant Target Corporation (Target) (Doc. 20) for a Protective Order.  The protective orders proposed are identical except for a single issue: if a designated in-house counsel for the respective parties may have access  to "Attorney Eyes Only" (AEO) information.  The court has reviewed the parties briefs in support and opposition of the two proposed protective orders and is now prepared to rule.

Payless supports the proposition that one in-house attorney should be allowed to view AEO documents and has designated Corinne Stockstill as its in-house counsel.  Ms. Stockstill is responsible for management of intellectual property litigation and has no involvement with any business decisions regarding product design, development, trademark licensing or similar retailing activity.  Payless contends to effectively  manage this case and make recommendations with respect to settlement and trial strategy, Ms. Stockhill needs to

understand the relevant facts in order to make informed judgements regarding the prosecution or defense of this case.  It adds that Payless is ultimately responsible for making litigation decisions, not outside counsel.  It further contends the risk for potential misuse of the information is slight as Ms. Stockhill is not involved in the competitive decision making process and she may not receive or retain copies of the AEO information, but may view such information only at the offices of Payless's outside litigation counsel.

Target contends Ms. Stockhill is the person most likely to be in a position to inadvertently disclose or misuse the confidential trademark and trademark enforcement strategy information, potentially subject to discovery in the action, because of her responsibilites managing intellectual property litigation.  It further asserts there is no undue prejudice to Payless in not allowing in-house counsel to view AEO documents, as outside counsel for Payless will certainly see that AEO documents play a proper role in resolution of the matter.

The central issue of this dispute is how tightly the court should hold dissemination of discovery information.  In determining the scope of a necessary protective order, we must balance the need for confidential information against the risk of harm associated with disclosure.[1]  To warrant denying access to in-house counsel, Target must show a probability of serious risk to confidentiality.[2]  In *US Steel* the court used a "competitive

---

[1] *In re Independent Service Organizations Antitrust Litigation,* 1995 WL 151739 (D. Kan. 1995).

[2]  *See U.S. Steel Corp. v. United States*, 730 F.2d 1465, 1469 (Fed. Cir. 1984).

decisionmaking" test rather than simply status as in-house counsel, to determine whether disclosure should be denied.[3]  Competitive decision-making involves participation in pricing, product design, marketing or other decisions "made in light of similar or corresponding information about a competitor."[4]

In this case, the need for confidential information is outweighed by the potential risk of disclosure.  While we acknowledge the potential risk associated with disclosure of information, we find Target has not met its burden to show a probability of a serious risk to confidentiality.  We are satisfied that Target's interests can be adequately protected by the protective order submitted by Payless.  Ms. Stockhill is not a competitive decision-maker considering she does not participate in pricing, product design, or marketing.  She also has no role in trademark licensing.  Additionally, the court finds the potential risk of disclosure slight considering the procedural safeguards of AEO documents only being available at outside counsel's office.  Furthermore, in-house counsel will continue to be bound by the ethical obligations of professional responsibility.  We would, however caution Payless's in-house counsel to continue to avoid participation in competitive decision-making and be ever mindful of their ethical obligations and the mandates of the protective order.  Moreover, the court finds the need for the information is substantial as Payless will use the information to make litigation decisions.  For good cause shown,

**IT IS THEREFORE ORDERED** that Payless Shoesource Inc.'s Motion for a

---

[3] *Id.* at 1468-69.

[4] *Id.* at 1468 n.3.

Protective Order (Doc. 22) is granted and the court adopts Payless's proposed Protective Order with minor modifications to comply with the court's procedure for the filing of documents under seal and to provide for future identification of a designated in-house counsel to review AEO information on behalf of defendant Target.

**IT IS FURTHER ORDERED** that Target Corporation's Motion for Protective Order (Doc. 20) is denied.

**IT IS SO ORDERED**.

Dated this 23rd day of November, 2005, at Topeka, Kansas.

s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge
