IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

| | |
|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-4023-JAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### PROTECTIVE ORDER

The parties to this action are retail competitors, and the Complaint alleges trademark infringement, dilution, unfair competition and breach of contract regarding Defendant's marketing campaigns involving the phrase "Pay Less."  Discovery in this case will involve the disclosure of trade secret information and proprietary business planning materials, among other things, the unprotected disclosure of which would likely cause harm to the disclosing party or improperly benefit the receiving party.  Accordingly, the court finds that entry of a protective order to govern the distribution and use of such confidential information is proper and warranted under Fed. R. Civ. P. 26(c).  Therefore, it is

ORDERED that:

1.      All documents, testimony, and other materials produced by the parties in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall only be used in this proceeding.

2.      Use of any information or documents labeled "Confidential" or "Attorneys' Eyes Only" and obtained subject to this Protective Order, including all information derived therefrom,

CC 1520137v3

- 2 -

shall be restricted solely to the litigation of this case and shall not be used by a receiving party, for any business, commercial, or competitive purpose.

3. The parties, and third parties subpoenaed by one of the parties, may designate as "confidential," documents, testimony, or other materials produced in this case that contain or that could lead to the disclosure of confidential business or commercial information.  If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party is confidential, or that any information contained in the document or material is confidential, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Confidential."

4. The parties, and third parties subpoenaed by one of the parties, also may designate as "Attorneys' Eyes Only," documents, testimony, or other materials produced in this case that contain confidential business or commercial information as to which the producing party contends it would suffer competitive injury if such information were to be disclosed to a receiving party.  If any party to this action or subpoenaed third party claims that any document or other material produced by such party or third party or any information contained in the document or material falls within this category, then the party or third party claiming confidentiality shall mark the document, and each page of the document, with a stamp identifying it as "Attorneys' Eyes Only."  The "Attorney's Eyes Only" designation is intended to apply to a discrete group of extremely confidential materials.

5. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" are filed with the Court, they shall, upon the filing and approval by the court of the appropriate motion for leave to file under seal, be filed under seal consistent with Local Rule 5.4.6.  (See, e.g., Holland v. GMAC Mortg. Corp.,2004 WL 1534179, at *2 (D. Kan. June 30, 2004))

- 2 -

6. When during a deposition a question posed would result in disclosure of "Confidential" or "Attorneys' Eyes Only" information, persons not authorized to receive "Confidential" and/or "Attorneys' Eyes Only" information shall, at the request of the disclosing party or its counsel, leave the deposition during such time as "Confidential" and/or "Attorneys' Eyes Only" information is being disclosed.

7. Absent other agreement between the involved parties and/or third parties, transcripts of depositions taken in the action shall be treated as "Attorneys' Eyes Only" information for a period of thirty days following receipt of the transcript by counsel to the parties and any involved third party. No deposition testimony will be treated as "Confidential" or "Attorneys' Eyes Only" for more than thirty days after counsels' receipt of a transcript unless within that thirty day period a party or involved third party notifies all parties in writing of specific pages and lines in the transcript that are designated for continuing treatment as "Confidential" and/or "Attorneys' Eyes Only" information.

8. Confidential or Attorneys' Eyes Only information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc., have been filed under seal by counsel and marked in the same manner as described in paragraph 5 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

9. Use of any information and documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

- 4 -

      a.    In house and outside counsel for any party to the above-captioned litigation involved in the prosecution or defense of the litigation, and their paralegal assistants, and stenographic and clerical employees.

      b.    Directors, officers and employees of the parties, but only to the extent deemed necessary by the attorneys for such party for the prosecution, defense or settlement of this litigation.

      c.    Independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of the litigation, provided that each individual to whom disclosure is made executes the Agreement To Be Bound By Protective Order in the form of Exhibit A hereto.

      d.    The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

      e.    As to a particular document, the author(s) of the document and any individual(s) shown on the face of the document to have received it.

      f.    Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

10.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside litigation counsel for any party to the above-captioned litigation, and all employees of outside counsel's firms, including, but not limited to, paralegal assistants, and stenographic and clerical employees.

b. The following in-house counsel directly involved in the prosecution or defense of this litigation, who do not provide business advice to their clients: Corinne Stockstill for Payless ShoeSource Worldwide, Inc. and an attorney to be designated for Target Corporation, provided that such in-house counsel review Attorneys' Eyes Only documents only at the offices of their outside litigation counsel, do not remove any documents or information so designated from their outside litigation counsel's offices, and execute the Agreement To Be Bound By Protective Order in the form of Exhibit A hereto.

c. Independent experts and consultants and their staff retained to assist counsel for the parties in the conduct of the litigation, provided that each such individual to whom disclosure is made executes the Agreement To Be Bound By Protective Order in the form of Exhibit A hereto.

d. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

e. As to a particular document, the author(s) of the document and any individual(s) shown on the face of the document to have received it.

    f. Employees of copy services and/or microfilming or database services who are engaged by the parties during the litigation of this action.

  11. This Protective Order shall not constitute a waiver of any party's or non-party's right to oppose any discovery request or object to the admissibility of any document, testimony or other information as provided under federal law.  Nothing in this Protective Order shall prejudice any party from seeking amendments to it broadening or restricting the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

  12. Upon the request of the producing party, within sixty (60) days after the later of: (a) the producing party's request, and (b) the entry of a final judgment no longer subject to appeal on the merits of the action or the final execution of any agreement between the parties to settle the case, the receiving party or its counsel, and any person authorized by this Protective Order to receive confidential information shall return to the producing party (or destroy, at the producing party's option), all information and documents provided to it by the producing party designated as "Confidential" or "Attorney's Eyes Only" under the Protective Order and any copies thereof. The foregoing notwithstanding, nothing in this paragraph shall require a receiving party or its counsel to turn work product containing confidential information over to a producing party, and nothing in this paragraph shall preclude outside counsel for a receiving party from maintaining archival copies of work product containing confidential information.  All third parties receiving confidential information shall, upon request, provide a declaration under penalty of perjury that all such materials (excluding work product materials) in their possession, custody  or control have been destroyed and/or returned to trial counsel for the producing party.

  13. Each party reserves the right to dispute the confidential status claimed by any other party or subpoenaed party in accordance with this Protective Order. The parties shall first

- 7 -

try to resolve any such dispute on an informal basis before presenting the dispute to the Court. If any party believes that any information or documents have been inappropriately designated by another party or subpoenaed party as "Confidential" or "Attorneys' Eyes Only," the party shall, in writing, inform counsel for the party or the producing third party claiming the protected status. If the parties and/or the witness are unable to resolve the matter informally, the party objecting to the claim to protected status may then file an appropriate motion before the Court.

14. The inadvertent failure to designate a document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only," prior to or at the time of disclosure shall not operate as a waiver of the party's right to later designate said document, testimony, or other information as "Confidential" or "Attorneys' Eyes Only."

15. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Stipulated Protective Order.

IT IS SO ORDERED.

DATED: November 23, 2005

   s/K. Gary Sebelius
The Honorable K. Gary Sebelius
United States Magistrate Judge

- 7 -

CC 1520137v3

(EXHIBIT A)

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., <br><br> Plaintiff, <br><br> v. <br><br> TARGET CORPORATION, <br><br> Defendant | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 05-4023-JAR |

**AGREEMENT TO BE BOUND
BY PROTECTIVE ORDER**

_____ represents and agrees as follows.

1. My address is _____

_____.

2. My present employer is _____ and the address of my present employment is _____

_____

_____.

4. I have received a copy of the Protective Order in this Action, as executed by the Court on _____.

5. I have carefully read the provisions of the Protective Order, and I agree to comply with, and to be bound by, its terms.

CC 1520137v3

- 2 -

6.      I will hold in confidence, not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this Action, materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" that are disclosed to me in connection with this Action.

7.      Upon conclusion of my work in connection with this Action, I will return all materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY that may come into my possession, and documents or things which I may prepare relating thereto, to trial counsel for the party by whom I am employed or retained.  After the termination of this matter, if requested, I agree to return or destroy all materials marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" as directed by the party that so designated such materials.  I further agree to sign and return a declaration in accordance with Paragraph 12 of the Protective Order certifying the return or destruction of all such materials in accordance with the designating/producing party's request.

8.      I hereby submit to the jurisdiction of the above Court for the purpose of enforcement of the Protective Order against me in this Action, and understand that I may be found in contempt of court if I violate this Agreement.

_____

Subscribed and sworn to before me
this ____ day of _____, 200____.

_____
Notary Public

- 2 -