# IN THE UNITED STATES DISTRICT COURT FOR THE
# DISTRICT OF KANSAS

| | |
|---|---|
| PAYLESS SHOESOURCE ) | |
| WORLDWIDE, INC., ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 05-4023-JAR |
| ) | |
| v. ) | |
| ) | |
| TARGET CORPORATION and ) | |
| TARGET BRANDS, INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court upon defendants' Motion to Compel (Doc. 59). Plaintiff has filed a timely response in opposition to defendants' motion (Doc. 63), to which defendant has filed a timely reply (Doc. 64). The issue is therefore fully briefed and ripe for decision.

Plaintiff brings this action alleging trademark infringement and breach of contract. On December 14, 2005, defendants served ten requests seeking admissions.[1] Plaintiff served its responses on January 17, 2006.[2] Plaintiff did not admit or deny requests for admission numbers 6-10 and instead objected that the requests were premature. On May 3, 2006, defendants again requested that plaintiff admit or deny requests for admission

---

[1] *See* Certificate of Service of Defendant Target Corporation's First Requests for Admission to Plaintiff Payless Shoesource Worldwide, Inc. (Doc. 36).

[2] *See* Certificate of Service (Doc. 46).

numbers 6-10.[3] After defendants' counsel contacted plaintiff's counsel on two additional occasions, plaintiff's counsel announced that plaintiff would stand on its original objections to request for admission numbers 6-10.[4] Defendants filed the instant Motion to Compel on May 22, 2006 (Doc. 59). Contemporaneously with plaintiff's filing of its Response to Defendants' Motion, plaintiff provided defendant with supplemental responses to request for admission numbers 6-10. However, defendant continues to object to plaintiff's responses to request for admission numbers 6-8.[5] Following are defendants' requests and plaintiff's supplemental responses:

> **Request No. 6:** Plaintiff is not aware of any instance in which any person has been confused, mistaken and/or deceived as to source, sponsorship or affiliation as a result of the use by Target Corporation and or Target Brands, Inc. of the mark "EXPECT MORE. PAY LESS."
> **Response:** Payless objects to this request on the grounds that it is premature in that Defendants have not provided sufficient discovery to Payless on the issue, discovery is ongoing and Payless' investigation is continuing. Subject to and without waiver of the foregoing objections, Payless admits that it is unaware at this time of any direct evidence of actual confusion as a result of the use by Target Corporation and/or Target Brands, Inc. of the mark "EXPECT MORE. PAY LESS."
>
> **Request No. 7**: Plaintiff is not aware of any instance in which any person has been confused, mistaken and/or deceived as to source, sponsorship or affiliation as a result of the use by Target Corporation and or Target Brands, Inc. of the mark "EAT WELL. PAY LESS."
> **Response:** Payless objects to this request on the grounds that it is premature in that Defendants have not provided sufficient discovery to Payless on the

---

[3] *See* May 3 Steffan Letter (Doc. 59 Exhibit 2).

[4] *See* May 18 Garrison Letter (Doc. 59 Exhibit 6).

[5] *See* Defendants' Reply in Support of Their Motion to Compel Regarding Requests for Admission and Memorandum in Support (Doc. 64).

issue, discovery is ongoing and Payless' investigation is continuing. Subject to and without waiver of the foregoing objections, Payless admits that it is unaware at this time of any direct evidence of actual confusion as a result of the use by Target Corporation and/or Target Brands, Inc. of the mark "EAT WELL. PAY LESS."

**Request No. 8:** Plaintiff is not aware of any instance in which any person has been confused, mistaken and/or deceived as to source, sponsorship or affiliation as a result of the use by Target Corporation and or Target Brands, Inc. of the mark "PARTY MORE. PAY LESS."
**Response:** Payless objects to this request on the grounds that it is premature in that Defendants have not provided sufficient discovery to Payless on the issue, discovery is ongoing and Payless' investigation is continuing. Subject to and without waiver of the foregoing objections, Payless admits that it is unaware at this time of any direct evidence of actual confusion as a result of the use by Target Corporation and/or Target Brands, Inc. of the mark "PARTY MORE. PAY LESS."

Fed. R. Civ. P. 36 addresses the use of requests for admission by parties in a civil case. Fed. R. Civ. P. 36(a) provides in relevant part that,

> Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny.[6]

---

[6] Fed. R. Civ. P. 36(a).

"Rule 36 imposes a duty on the answering party to make a reasonable inquiry to determine his ability to admit or deny."[7]  If a party is unable to admit or deny a request, the party must provide a detailed explanation describing their inability to admit or deny the request.[8]  A sufficient response must "fairly meet the substance of the requested admissions."[9]  The court cannot strike a response to a request for admission, but it can determine the sufficiency of the response.[10]

In this case, plaintiff provided supplemental responses to request for admission numbers 6-8 in conjunction with its Response to Defendants' Motion to Compel (Doc. 63). In these supplemental responses, plaintiff objects that it has not received sufficient discovery from defendants to be able to fully respond to the requests for admission.

Defendants raise two objections to plaintiff's responses.  First, defendants question plaintiff's need for discovery from defendants in order to respond to request for admission numbers 6-8 because these requests for admission address plaintiff's knowledge. Moreover, to the extent the court would find that plaintiff does need discovery in order to provide responses, defendants claim to have responded fully to all discovery relevant to these requests.

---

[7] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 679 (D. Kan. 1999).

[8] *Hay & Forage Indus. v. Ford New Holland, Inc.*, 132 F.R.D. 687, 694 (D. Kan. 1990).

[9] *Harris v. Oil Reclaiming Co., LTD.*, 190 F.R.D. 674, 677 (D. Kan. 1999).

[10] *Id.* (citing *Continental Cas. Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986)).

Second, defendants object to plaintiff's responses because plaintiff rewrites the requests such that the responses do not address the full substance of the original requests. Specifically, defendants' requests ask for plaintiff's knowledge, or lack thereof, with regard to "any instance in which any person has been confused, mistaken and/or deceived" by defendants' use of certain marks. Plaintiff's responses state that it is not aware of any instances of actual confusion, but plaintiff neglects to address the matters of mistake or deception. Further, plaintiff's responses are limited to "direct evidence" whereas the requests for admission are not so limited.

Fed. R. Civ. P. 36 does allow for partial responses; however, plaintiff's responses are not appropriate in this instance. Plaintiff is entitled to admit in part or deny in part the request, but "shall specify so much of it as is true and qualify or deny the remainder."[11] However, plaintiff does not qualify or deny any instances of mistake or deception as is required by Rule 36; instead it simply omits any reference to them.

Defendants seek, through these requests, to clarify which matters are not in controversy, so the parties and the court can more readily focus on the material facts of the parties' dispute. However, plaintiff's responses do not assist this process because they are incomplete and fail to meet the substance of defendants' requests. "The court may determine the sufficiency of the answers to the requests."[12] The court finds plaintiff's

---

[11] *Id.* at 678 (quoting Fed. R. Civ. P. 36(a)).

[12] *Harris v. Oil Reclaiming Co., Ltd.*, 190 F.R.D. 674, 677 (D. Kan. 1999) (citing *Continental Cas. Co. v. Brummel*, 112 F.R.D. 77, 81 (D. Colo. 1986)).

responses to request for admission numbers 6-8 insufficient because they do not meet the substance of the requested admissions.[13]

Furthermore, the court is not persuaded that further discovery is necessary before plaintiff can provide proper responses to request for admission numbers 6-8. Plaintiff must provide complete responses to the requests for admission based upon information that is readily available.[14] Additionally, the court finds, based upon the record in this case, that plaintiff has had access to the discovery it claims to require since January 20, 2006. In the event that plaintiff later obtains information that would change its responses to defendants' requests, it has both the right and the obligation to supplement its responses pursuant Fed. R. Civ. P. 26(e)(2).[15]

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Regarding Requests for Admission (Doc. 59) is hereby granted.

**IT IS FURTHER ORDERED** that plaintiff shall, on or before **August 16, 2006**, supplement its responses to defendants' requests for admission, providing full and complete substantive answers to defendants' request for admission numbers 6, 7, and 8.

---

[13] *See id.*

[14] *See id.* at 679 (citing *Asea, Inc. v. Southern Pac. Transp. Co.*, F.2d 1242, 1246-47 (9th Cir. 1981)).

[15] Fed. R. Civ. P. 26(e)(2) provides: "A party is under a duty seasonably to amend a prior response to an interrogatory, request for production, or request for admission if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

**IT IS SO ORDERED.**

Dated this 2nd day of August, 2006, at Topeka, Kansas.

                                              s/K. Gary Sebelius
                                              K. Gary Sebelius
                                              U.S. Magistrate Judge