## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE   )
WORLDWIDE, INC.,     )
             )
       Plaintiff,  )
             )
   v.         )   Case No. 05-4023-JAR
             )
TARGET CORPORATION and  )
TARGET BRANDS, INC.,    )
             )
       Defendants. )

## MEMORANDUM AND ORDER

   This matter comes before the court upon plaintiff's motion to extend deadline for

disclosure of expert witnesses (Doc. 48); plaintiff's motion for protective order,

emergency stay, to compel production of documents, and to extend discovery (Doc. 60);

and defendants' motion to compel production of documents (Doc. 65), to which plaintiff

has filed a cross-motion for protective order (Doc. 69).  All these motions have been fully

briefed, or the time for further briefing has expired, and are now ripe for consideration.[1]

**I.  Plaintiff's Motion to Extend Deadline for Disclosure of Expert
  Witnesses (Doc. 48)**

   Plaintiff filed this motion seeking an extension of its time to serve its expert

witness disclosures pursuant to Fed. R. Civ. P. 26(a)(2).  Under the current amended

scheduling order, the parties were to have served such disclosures, with respect expert

---

[1] Moreover, at the recent final pretrial conference on July 13, 2006 (Doc. 77), the parties agreed with the court that there was no need for further briefing on these discovery motions and issues.

witnesses on issues where the disclosing party has the burden of proof, by March 24, 2006,

with disclosures regarding experts on issues where the disclosing party does not have the

burden of proof due on May 9, 2006.[2]

Plaintiff seeks a 60-day extension of the deadline for its affirmative expert

disclosures, until and including May 23, 2006.  Plaintiff offers in support of its request that

defendants' responses to its first set of requests for production of documents and other

things were due on January 20, 2006, and that defendants did not provide their responses

until March 17, 2006.

Defendants oppose plaintiff's motion on the basis that plaintiff fails to demonstrate

good cause for the requested extension.  Defendants report that they timely served their

responses to plaintiff's first set of requests for production on January 20, 2006, by making

the responsive documents available for inspection and copying.  Additionally, defendants

point to the fact that plaintiff did not inquire about there supposed missing discovery

responses until March 23, 2006 – the day before its Fed. R. Civ. P. 26(a)(2)-disclosures

were required to be served.

The court has already observed in a prior order that defendants' responses to

plaintiff's first set of requests for production of documents and other things were timely

provided on January 20, 2006.[3]  As such, there is little cause found in plaintiff's motion to

justify why the expert deadlines in this case should be extended.

---

[2] Amended Scheduling Order (Doc. 45), at § 1.b.

[3] *See* Memorandum and Order (Doc. 78), at p. 6.

However, as will be discussed in greater detail below, the court has decided to permit the parties an additional 60 day period to complete additional discovery. Moreover, the court has an interest in seeing that the parties are able to make a complete and comprehensive presentation of their claims so that a fully informed and fair determination can be made and a just resolution reached. To this end, the court has decided to include new deadlines for the parties' affirmative and defensive expert disclosures as part of the new schedule for completion of discovery it will enter below. For this reason, and despite plaintiff's meager showing, the court will grant the instant motion.

II.     **Plaintiff's Motion for Protective Order, Emergency Stay, to Compel Production of Documents, and to Extend Discovery (Doc. 60)**

Plaintiff filed this motion, on the eve of certain depositions noticed by defendants, seeking a protective order to stay those depositions, an order to compel defendants to produce documents responsive to plaintiff's second requests for production prior to such depositions being permitted, and a 60-day extension of the deadline for completion of discovery.

Defendants elected to adjourn the depositions in question to allow the parties time to fully brief the parties' remaining discovery issues. As a consequence, plaintiff's requests for a protective order and emergency stay are now moot. The court will, therefore, turn to the remaining issues of whether defendant should be compelled to produce responses to plaintiff's second requests for production and whether the deadline for completion of discovery should be extended.

Plaintiff served its second requests for production upon defendants on March 28, 2006.[4]  On May 1, 2006, defendants served their responses and objections to plaintiff's requests.[5]  On March 22, 2006, plaintiff filed the instant motion seeking to compel additional responses.

The court first addresses whether plaintiff has satisfied the certification requirement provided in Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2.  Defendants argue that plaintiff's motion should be denied because plaintiff does not include, within its motion, a certification that it satisfied its duty to confer, or attempt to confer, with defendants, in an attempt to resolve the issues related to defendants' responses, prior to filing the instant motion.  Because plaintiff did not file a reply to defendants' response to the instant motion, the court does not have the benefit of plaintiff's reaction on this issue.

Fed. R. Civ. P. 37(a)(2)(B) requires that a motion to compel include "a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court action."[6]  Thus, "[b]efore filing a motion, the movant must make reasonable efforts to confer."[7]  "A 'reasonable effort to confer' means

---

[4] *See* Certificate of Service (Doc. 51).

[5] *See* Joint Response of Defendants Target Corporation and Target Brands, Inc., to Plaintiff's Second Requests for Production of Documents and Things (Doc. 61, Attachment 8).

[6] Fed. R. Civ. P. 37(a)(2)(B).  *See also* D. Kan. R. 37.2 (stating that "[e]very certification required by Fed. R. Civ. P. 26(c) and 37 and this rule related to the efforts of the parties to resolve discovery or disclosure disputes shall describe with particularity the steps taken by all counsel to resolve the issues in dispute").

[7] *Cotracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 456, 458 (D. Kan. 1999).

more than mailing or faxing a letter to the opposing party."[8]  "It requires that the parties in good faith

converse, confer, compare views, consult and deliberate, or in good faith attempt to do so."[9]  "When a

party certifies compliance with conference requirements, whether by a separate document or within the

motion and supporting memoranda, it should set forth with particularity the steps taken to resolve the

dispute."[10]

Plaintiff's does not include any explicit certification of its efforts to confer in either or its motion

or it memorandum in support, nor did it file such a certification as a separate document.  Within its

memorandum, plaintiff does, however, describe the steps it had taken to confer regarding defendants'

responses to its second requests for production prior to filing its motion:

> Payless set forth all these deficiencies, and others, in a May 18, 2006 letter.  *See* May
> 18, 2006 letter from Cameron Garrison to Jim Steffan, attached hereto as Exhibit I and
> incorporated herein by reference.  Target has yet to offer any reply.[11]

As noted above, "[a] 'reasonable effort to confer' means more than mailing or faxing a letter to

the opposing party."[12]  Moreover, it is not unreasonable that defendants had not yet offered any

response to plaintiff's letter when that letter contained three and half pages of detailed objections

related to defendants' responses at issue and had been sent just four days prior to the filing of the

---

[8] D. Kan. Rule 37.2.

[9] *Id.*

[10] *VNA Plus, Inc. v. Apria Healthcare Group, Inc.*, No. Civ.A. 98-2183, 1999 U.S. Dist.
LEXIS 8908 (D. Kan. June 8, 1999).

[11] Memorandum in Support of Plaintiff's Motion for Protective Order and Emergency Stay, to
Compel Production of Documents, and to Extend Discovery (Doc. 61), at p. 6.

[12] D. Kan. Rule 37.2.

instant motion.  The court, therefore, finds that plaintiff not only failed to provide certification of its good faith efforts to confer prior to filing the instant motion, but that it also failed to undertake such good faith efforts to confer.  Either of these deficiencies, standing alone, is sufficient to bar the court's consideration of plaintiff's motion with respect to its request to compel additional responses from defendants.[13]  As such, plaintiff's motion shall be denied with regard to plaintiff's request for an order compelling additional production from defendant.

Plaintiff also requests the court to allow 60 additional days for the parties to conduct discovery. Defendants oppose plaintiff's request on the grounds that such an extension is unnecessary and will unduly prejudice them by delaying resolution of this matter.  While defendants have raised legitimate concerns, the court does find that there is good cause to allow the requested time for additional discovery.

During the final pretrial conference, the court learned that each of the parties stills wishes to depose additional witnesses.  Defendants wish to take the depositions, including plaintiff's Fed. R. Civ. P. 30(b)(6) deposition, that were adjourned as a result of plaintiff's filing of the instant motion. They also wish to have an opportunity to depose any experts plaintiff may be allowed to designate as well as one other, additional, witness, whose deposition they had

_____

[13] *See Myers v. Colgate -Palmolive Co.*, 173 F.R.D. 296, 300 (D. Kan. 1997) ("The court finds that due to plaintiff's failure to file a certificate of compliance in accordance with Fed. R. Civ. P. 37(a)(2)(B) and D. Kan. Rule 37.2, as part of the motion to compel, the motion (doc. 37) must be overruled."); D. Kan. Rule 37.2 ("The court will not entertain any motion to resolve a discovery dispute pursuant to Fed. R. Civ. P. 26 through 37 . . . unless counsel for the moving party has conferred or has made reasonable effort to confer with opposing counsel concerning the matter in dispute prior to the filing of the motion.").

previously sought to forego.  Plaintiff, which has not previously taken any depositions in

this matter, wishes to take defendants' Fed. R. Civ. P. 30(b)(6) deposition and the

depositions of six other individual witnesses.  Additionally, as a result of the court's

decisions regarding the parties' various disputes concerning their numerous written

discovery requests, the court anticipates that all parties may find a need to engage in

additional, follow-up, written discovery.

      Fed. R. Civ. P. 6(b) provides:

> When by these rules or by a notice given thereunder or by order of court an
> act is required or allowed to be done at or within a specified time, the court
> for cause shown may at any time in its discretion (1) with or without motion
> or notice order the period enlarged if request therefore is made before the
> expiration of the period originally prescribed or as extended by previous
> order . . . .

Fed. R. Civ. P. 1 provides that the federal rules "shall be construed and administered to

secure the just, speedy, and inexpensive determination of every action."

      In this instance, plaintiff sought an extension of the parties' deadline to make

disclosures regarding expert witnesses, prior to the expiration of the existing deadline, by

filing its motion for extension of time (Doc. 48) discussed above.  Plaintiff further sought

an additional 60 days to complete discovery, prior to the expiration of the existing

deadline, by filing its instant motion.  After considering the parties' filings, hearing from

them at the final pretrial conference, and reviewing the record of activities in the case, the

court reluctantly concludes that it is the interests of ensuring a just determination to allow

60 days of additional discovery, including new deadlines for expert disclosures, so that the parties may fully develop and present their claims.

This is the second request by plaintiff to extend discovery in this matter and defendants have consistently opposed such extensions on the basis that they will prejudiced by any delay in the resolution of this matter.  The court is sympathetic to defendants' position and mindful of Fed. R. Civ. P. 1's admonition that efforts should be made to ensure that determinations are speedy and inexpensive as well as fair.  As such, the court does not take the decision to allow additional discovery in this matter lightly.

However, because the court can permit the parties the 60 additional days of discovery without impacting the current trial setting, and with minimal impact on the schedule for submission of dispositive motions, the court finds that there is little risk of delay in the speedy determination of this matter or of prejudice to defendants as a result of the instant decision to extend discovery.  Moreover, such risk as does exist is likely to be ameliorated by the opportunity defendants will have to, themselves, conduct additional discovery.  While the court is without the necessary information to fully evaluate the impact of this decision on the ultimate expense of the determination of this matter, it is apparent that significant resources have been expended in the litigation thus far, and the court believes it would be "penny wise and pound foolish" to rush the matter to resolution without ensuring the parties an opportunity to make a full and informed presentation of their case.

8

The court will, therefore, grant, in part, plaintiff's motion for protective order, emergency stay, to compel production of documents, and to extend discovery (Doc. 60) with respect to allowing the parties 60 additional days on discovery and deny it in all other respects.

### III.   Defendants' Motion to Compel Production of Documents (Doc. 65) and Plaintiff's Cross-Motion for Protective Order (Doc. 69)

Defendants ask the court to compel plaintiff to produce documents in response to certain of their second and third sets of requests for production of documents.  Defendants' motion includes an explicit certification of their efforts to confer in good faith to resolve the dispute prior to filing the instant motion.[14]  Their initial certification does not "describe with particularity the steps taken by all counsel to resolve the issues in dispute," as required by D. Kan. Rule 37.2; however, the parties' steps are fully described in defendants' incorporated memorandum within the statement of facts and a later section, entitled "Rule 37.2 Meet-And-Confer."[15]  As such, the court finds that the parties have satisfied their obligation to confer in good faith prior to presenting their dispute to the court for resolution.

Defendants' served their second set of requests for production upon plaintiff on May 3, 2006.[16]  Defendants did not file a certificate of service with the court, as required

---

[14] Defendants' Motion to Compel Production of Documents and Memorandum in Support (Doc. 65), at. p. 1.

[15] *See id.* at pp. 1- 4.

[16] *Id.* at p. 1.

by D. Kan. Rule 26.3, at the time they served their requests upon plaintiff.[17]  Plaintiff failed

to make any response to defendants' second set of requests within the time allowed by Fed.

R. Civ. P. 34.  On the evening of June 9, 2006, defendants' counsel sent plaintiff an e-mail

inquiring about plaintiff's failure to respond.[18]  Thereafter, on June 14, 2006, the parties

conferred by telephone regarding plaintiff's failure to respond, and plaintiff served its

responses and objections that same day.[19]  Defendants ask the court to find that plaintiff's

objections to request numbers 1 and 2, of their second set of requests, are improper, as a

result of being untimely, and to compel plaintiff to respond to these requests.

　　　Defendants' served their third set of requests for production on May 5, 2006,[20] again

failing to file any certificate of service with the court as required by D. Kan. Rule 26.3.

Plaintiff served timely responses to defendants' third set of requests on June 5, 2006.[21]

_____

　　　[17] Pursuant to D. Kan. Rule 26. 3, "[a] party serving such disclosures and discovery shall at the time of service file with the clerk a certificate of service stating the type of disclosure or discovery or response served, the date and type of service, and the party served."

　　　[18]  Defendants' Motion to Compel Production of Documents and Memorandum in Support (Doc. 65), at Exhibit F (Doc. 65-6).

　　　[19] Interestingly, while it is undisputed that plaintiff's responses and objections to defendants' second requests were served on June 14, 2006, plaintiff did not file any certificate of service related to these responses until June 23, 2006 (*See* Certificate of Service, Doc. 67) – the same day plaintiff filed its response to defendants' motion to compel wherein it strenuously argues that its late responses should be excused as a result of defendants' repeated failure to file certificates of service related to their discovery requests.

　　　[20]  Defendants' Motion to Compel Production of Documents and Memorandum in Support (Doc. 65), at p. 3.

　　　[21] Notably, while it is not disputed plaintiff served its responses and objections to defendants' third requests on June 5, 2006, it did not file the certificate of service related to these responses until

Defendants ask the court to overrule plaintiff's objections and order it to provide a

complete response to request number 1 of their third set of requests for production.

Plaintiff has filed a response to defendants' motion to compel and incorporates

within that filing a cross-motion asking the court to determine that its responses and

objections to defendants' second requests were timely and to enter a protective order

preventing defendants from seeking to preclude plaintiff's use of documents responsive to

defendants' second requests.

With respect to defendants' second set of requests for production, plaintiff argues

that its late service of responses and objections was dues to an "administrative oversight"

and should, out of fairness, be excused due to defendants' repeated failure to file

certificates of service at the time it served its various discovery requests in early May.

However, plaintiff acknowledges defendants' service of their second set of requests on

May 3, 2006, and does not claim it was unaware of defendants' requests or attribute its own

failure to timely respond to defendants' failure to properly file a certificate.[22]

_____

June 23, 2006 (*See* Certificate of Service, Doc. 68) – the same day it filed it response to the instant
motion to compel.

[22] *See* Plaintiff's Response to Defendants' Motion to Compel Production and Cross-Motion for
Protective Order Finding Responses and Objections to Have Been Timely Filed and for Protective
Order. (Doc. 66) (Also repeated as a Motion, Doc. 69), at p. 2 ("Defendants improperly served their
Second Requests for Production of Documents on Payless on May 3, 2006"); *see also id.* at p. 3
("The parties conducted that teleconference the morning of June 14, 2006, at which time Payless
acknowledged it had received the requests and promised to serve its responses and objection later that
day, which it did."); *see also id.* at p. 5 ("Again, Payless does not believe Defendants' failures absolve
it of its own responsibilities.  Despite Defendants' deficient service, Payless endeavored to respond to
all of the discovery served by Defendants in early May.  Unfortunately, an administrative error resulted
in Payless not responding to the Second Requests for Production at the same time as it responded to

While, plaintiff is correct that D. Kan. Rule 26.3 requires a party to file a certificate of service at the time it serves a discovery request, there is no indication within the rule what penalty will be imposed upon a party that fails to comply.  The court only finds one case in which a potential penalty for a violation of Rule 26.3 was considered, and the court in that case concluded that no penalty was appropriate where the violation caused no harm to the opposing party.[23]  A similar approach is appropriate here.

Plaintiff does not contend that defendants' failure to file a certificate of service actually caused its own failure to provide timely responses.  As such, there has been no harm to plaintiff and, therefore, no justification for using defendants' omission to somehow justify plaintiff's late discovery responses.  This is particularly true given that defendants have now, belatedly, filed a certificate of service for their second set of requests.  Notably, plaintiff did substantially the same thing when it did not file certificates of service for its responses to defendants' second and third sets of request, served June 14th and 5th, respectively, until the same day it filed its response to the instant motion to compel on June 23, 2006.[24]

---

the other requests.").

[23] *See Biocore Med. Technologies v. Khosrowshahi*, 181 F. R.D. 660, 669 (D. Kan. 1998) ("We find no cases which discuss the application of D. Kan. Rule 26.3 or the remedy for violations of it.  The Court believes that, while it is not acceptable, [defendants'] violation of Rule 26.3 is curable. Plaintiff's did not suffer any harm on account of defendants' lack of filing with the court.  Defendants have remedied the error by filing the documents at issue.").

[24] *See* Certificates of Service (Docs. 67 & 68).

Because the court does not find an justification for considering plaintiff's late responses and objections to defendant's second set of requests to be timely, the court finds that plaintiff did not serve its objections within 33 days of the receipt of defendants' requests as required by Fed. R. Civ. P. 5, 6, and 34. As such, the court will not consider plaintiff's late objections to request numbers 1 and 2 of defendants' second set of requests for production and will grant defendants' motion to compel with regard to these requests.

With respect to request number 1 of defendants' third set of requests for production, defendants' request, and plaintiff's objection thereto, are as follows:

**<u>REQUEST NO. 1</u>**
For the period 1999 to present, all reports, memoranda or other documents noting, discussing, cataloging and/or otherwise relating to errors in the execution of signing plans and/or instructions in PAYLESS SHOESOURCE or PAYLESS SHOESOURCE EXPRESS stores.

**<u>RESPONSE</u>**: Payless objects to this request as vague and ambiguous. The meaning of the phrase "signing plans and/or instructions" is not defined and not easily determinable. Moreover, Payless objects to this request on the grounds that it is overly broad and unduly burdensome and seeks information which is irrelevant and immaterial. Any information relating to advertising or signing in Payless stores has no bearing on any claims asserted by Payless of the defenses asserted by Target, nor is it reasonably calculated to lead to evidence with any such relevance, as demonstrated by Payless' First Amended Complaint and Target's Answer thereto. Payless' actions in its own stores have no bearing on the allegations that Target has infringed Payless' incontestable trademarks. Nor do such actions have any bearing on whether Target breached the 1999 Settlement Agreement between the parties.[25]

---

[25] Defendants' Motion to Compel Production of Documents and Memorandum in Support (Doc. 65), at Exhibit C (Doc. 65-3), p. 2.

Plaintiff has, therefore, objected to the instant request being vague, ambiguous, overly

broad and unduly burdensome, and as seeking information which is irrelevant and

immaterial.  The court will examine each of plaintiff's objections in turn.

A party opposing discovery "bears the burden to support its objection with facts, and if

necessary, affidavits and not merely with conclusions."[26]  A "party objecting to discovery as vague

or ambiguous has the burden to show such vagueness or ambiguity."[27]  "A party responding

to discovery requests 'should exercise reason and common sense to attribute ordinary

definitions to terms and phrases utilized in interrogatories.'"[28]  "If necessary to clarify its

answers, the responding party may include any reasonable definition of the term or phrase

at issue."[29]

Given that plaintiff is engaged in the business of retail sales and that there are issues

in this case regarding defendants' alleged use of plaintiff's trademarks in signing in

defendants' retail outlets, the court does not find the phrase "errors in the execution of

signing plans and/or instructions," used as it is in the context of plaintiff's Payless

Shoesource and Payless Shoesource Express stores, to be vague or ambiguous.  Moreover,

plaintiff does nothing to substantiate its objection that the phrase "signing plans and/or

---

[26] *Lawrence v. First Kan. Bank & Trust Co.*, 169 F.R.D. 657, 659 (D. Kan. 1996).

[27] *W. Res., Inc. v. Union Pac. R.R. Co.*, 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.*, 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[28] *Id.*

[29] *Id.*

instructions" is unclear beyond the conclusory statement that the phrase is not defined and

not easily determinable.  The court finds it to be reasonable, in context, for a person

reading defendants' request to understand it to seek information regarding instances when

signing in stores did not conform to corporate policy or directive.  As such, the court finds

that plaintiff has not carried its burden to show vagueness or ambiguity and its objection is, therefore,

overruled.

A party objecting to discovery on the basis of overbreadth must substantiate its objection,

unless the objection appears overly broad on its face.[30]  The court finds that plaintiff has made only a

conclusory statement that the request is overly broad.  Plaintiff has failed to substantiate this objection.

Further, the court finds that this request does not appear overly broad on its face.  Therefore, the court

overrules this objection.

The court next addresses plaintiff's objection that defendants' request seeks information that is

irrelevant and immaterial and is not reasonably calculated to lead to the discovery of admissible

evidence.  Relevancy is "broadly construed," and a discovery request "should be considered relevant if

there is "any possibility" that the information sought may be relevant to the claim or defense of any

party."[31]  "When the discovery sought appears relevant, the party resisting the discovery has the burden

to establish the lack of relevance by demonstrating that the requested discovery (1) does not come

within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal

---

[30] *Etienne v. Wolverine Tube, Inc.*, 185 F.R.D. 653, 656 (D. Kan. 1999).

[31] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 2004 U.S. Dist. LEXIS 6220, at *6 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

15

relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[32]

The court is persuaded by defendants' argument that the requested discovery is relevant to defendants' defense to plaintiff's allegation that its use of plaintiff's trademarks was willful.[33] Interestingly, plaintiff supports this argument in its response to defendants' motion when it states:

> Defendants' implication that Payless has acknowledged that Defendants' breach of this portion of the [1999 settlement] agreement were [*sic*] a "signage error" is also unfounded.  To the contrary, Payless believes, and has asserted in its First Amended Complaint, that Defendants' actions were not accidental at all, but rather a part of a willful, calculated attempt to disregard the Agreement and encroach on the [*sic*] Payless' registered trademarks.[34]

It is precisely because of this allegation of willfulness that the court cannot say that defendants will not be allowed to present evidence of similar signing errors in the retail industry, or by plaintiff, as a defense.  Plaintiff has failed to carry its burden to show that the requested discovery lies outside the scope of relevancy or that the relevancy of this discovery is so marginal that the potential harm from complying with the request would outweigh the general presumption favoring broad discovery. Therefore, the court overrules this objection.

---

[32] *Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004).

[33] *See* Plaintiff's Amended Complaint (Doc. 28), at ¶ 17; *see also id.* at Exhibit E-Part 2 (Doc. 28-7), at p. 6.

[34] Plaintiff's Response to Defendants' Motion to Compel Production and Cross-Motion for Protective Order Finding Responses and Objections to Have Been Timely Filed and for Protective Order. (Doc. 66) (Also repeated as a Motion, Doc. 69), at p. 9.

Having found no merit in plaintiff's objections, the court will also grant defendants' motion to compel with regard to request number 1 of defendants' third set of requests for production. The court will order plaintiff to provide full and complete responses to defendants' request numbers 1 and 2 of defendants' second set of requests for production and request number 1 of defendants' third set of requests for production by August 25, 2006.

Plaintiff's cross-motion for protective order, which plaintiff incorporates into its response to defendants' motion to compel, asks that "[s]hould, the court not rule that Payless' responses and objections to Defendants' Second Requests for Production were timely served," it enter a protective order assuring plaintiff "that it is in no way precluded from relying on documents to those requests."[35]  The court construes this to be a motion for a protective order barring the application of the Fed. R. Civ. P. 37(c)(1)'s automatic sanction to any documents that plaintiff later wishes to use that are responsive to defendants' second set of requests for production.

Fed. R. Civ. P. 37 provides the court with authority to bar a party's use of information not properly disclosed during discovery.  "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless the failure is harmless, permitted to use as evidence at trial, at a hearing,

_____

[35] Plaintiff's Response to Defendants' Motion to Compel Production and Cross-Motion for Protective Order Finding Responses and Objections to Have Been Timely Filed and for Protective Order. (Doc. 66) (Also repeated as a Motion, Doc. 69), at p. 7.

or on a motion any witness or information not so disclosed."[36]  This is a mandatory sanction and "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond" pursuant to Fed. R. Civ. P. 37(a)(3).[37]

The court fails to find merit in plaintiff's instant request for the same reason it failed to find merit in plaintiff's request to have it responses and objections deemed to be timely above.  Moreover, the court is not willing to enter a protective order barring the application of Fed. R. Civ. P. 37(c)(1) to *any* document plaintiff might want to use that could be considered responsive to defendants' second set of requests for production.  The court has been provided with no listing or specification of the documents at issues and would have no idea of the universe of documents that might be covered by such an order.  Additionally, with the threat of Fed. R. Civ. P. 37(c)(1) removed, there would effectively be no barrier to prevent plaintiff from introducing a document at trial that was never previously disclosed in discovery, but should, by definition, have been disclosed in response to defendants' second set of requests for production.  As such, the court will not enter the protective order that plaintiff requests.

However, there appears to be no dispute that plaintiff acted promptly to provide its initial responses to defendants' second set of requests for production on June 14, 2006, after learning of its prior failure to timely to do so, from defendants' counsel, by e-mail, on the evening of June 9, 2006.[38]

---

[36] Fed. R. Civ. P. 37(c)(1).

[37] Fed. R. Civ. P. 37(a)(3).

[38] Defendants' Motion to Compel Production of Documents and Memorandum in Support (Doc. 65), at pp. 1-2 ("Instead after counsel for Defendants notified counsel for Plaintiff on June 9 that timely responses had not been served (*see* Exhibit E), Plaintiff served late responses on June 14, 2006 (*see* Exhibit A).").

Additionally, because the deadline for plaintiff's responses to defendants' requests was
June 5, 2006, the initial responses, served by plaintiff on June 14, 2006, were only nine
days out of time.

In weighing substantial justification and harmlessness for purposes of Fed. R. Civ. P. 37(c)(1),
a court must consider: "(1) the prejudice or surprise to the party against whom the [information] is
offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such
[information] would disrupt the trial; and (4) the moving party's bad faith or willfulness." [39]   Based upon
the fact that plaintiff's initial responses were only nine days late, the court finds that there is no risk of
prejudice to defendants from plaintiff being allowed to use any documents included in those responses
at trial, at a hearing, or on a motion in this matter.  Similarly, because plaintiff acted so promptly to
correct its oversight once it learned of it, the court does not find that its tardiness was due to bad faith
or willfulness.  Because there is no risk of prejudice, there is no issue of defendants' ability to cure, and,
because this matter is not set for trial until June 5, 2006 – nine days short of a year from the time
plaintiff's initial responses were served – there is no risk of plaintiff's use of these documents disturbing
trial.

Because all of the relevant factors weigh in favor of plaintiff's late service of its initial responses
being harmless, the court is willing to enter the requested protective order with respect to the
documents and information included in those responses.  The court will, therefore, grant plaintiff's
cross-motion for a protective order to bar the operation of the automatic sanction pursuant Fed. R. Civ.

---

[39] *Jacobsen v. Deseret Book Co.*, 287 F.3d 936 (10th Cir. 2002) (citing *Woodworker's
Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999)).

P. 37(c)(1) with respect to any documents and information actually produced to defendants, on June 14, 2006, as plaintiff's response to defendants' second set of requests for production. Plaintiff's cross-motion for protective order will be denied in all other respects. If plaintiff seeks to assure its ability to use any other documents responsive to defendants' second set of requests, it will have to provide those documents in compliance with the court's deadline for production, above, or as part of a seasonable supplementation pursuant to Fed. R. Civ. P. 26(e).

**IV.     Conclusion**

Based upon the foregoing, the court concludes that plaintiff's motion to extend deadline for disclosure of expert witnesses (Doc. 48) shall be granted and new deadlines for the parties to serve expert witness disclosures will be established. The court further concludes that plaintiff's motion for protective order, emergency stay, to compel production of documents, and to extend discovery (Doc. 60) will be granted, with respect to the allowance of 60 days additional time for the parties to complete additional discovery, and denied in all other respects. The court will, therefore, establish a schedule of deadlines below to govern the completion of discovery and remaining pretrial activities in this matter. The court further concludes that defendants' motion to compel production of documents (Doc. 65) will be granted and that plaintiff's cross-motion for protective order (Doc. 69) will be granted, with respect to barring the application of the automatic sanction, pursuant to Fed. R. Civ. P. 37(c)(1), to any documents or information actually provided to

defendants by plaintiff, on June 14, 2006, as plaintiff's response to defendants' second set of requests for production, and denied in all other respects.

**IT IS THEREFORE ORDERED:**

1.  That plaintiff's motion to extend deadline for disclosure of expert witnesses (Doc. 48) is hereby granted.

2.  That plaintiff's motion for protective order, emergency stay, to compel production of documents, and to extend discovery (Doc. 60) is hereby granted, with respect to the allowance of 60 days additional time for the parties to complete additional discovery, and hereby denied in all other respects.

3.  That defendants' motion to compel production of documents (Doc. 65) is hereby granted.

4.  That plaintiff shall, on or before **August 25, 2006**, serve supplemental responses to defendants' second and third sets of requests for production, providing full and complete responses to request numbers 1 and 2 of defendants' second set of requests for production and request number 1 of defendants' third set of requests for production.

5.  That plaintiff's cross-motion for protective order (Doc. 69) is hereby granted in part and denied in part.

6.  That the automatic sanction for failure to respond to a discovery request provided by Fed. R. Civ. P. 37(c) shall not apply to bar plaintiff's use of any documents or

information produced to defendants, on June 14, 2006, as plaintiff's responses to

defendants' second set of requests for production.

      7.  That the following schedule of deadlines shall govern the completion of

discovery and remaining pretrial activities in this matter:

      a.      All additional discovery shall be commenced or served in time to be completed by

            **October 3, 2006**.

      b.      Disclosures required by Fed. R. Civ. P. 26(a)(2), including reports from

            retained experts, shall be served by **August 25, 2006**, by any party with

            regard to any expert that party plans to use on any issue for which that party

            has the burden of proof, and by **September 19, 2006**, by any party with regard

            to any expert that party plans to use on any issue for which that party does not

            have the burden of proof.  The parties shall serve any objections to such disclosures

            (other than objections pursuant to Fed. R. Evid. 702-705, *Daubert v. Merrell Dow*

            *Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v. Carmichael*, 526

            U.S. 137 (1999), or similar case law), within 11 days after service of the disclosures

            upon them.  These objections should be confined to technical objections related to the

            sufficiency of the written expert disclosures (e.g., whether all of the information required

            by Rule 26(a)(2) has been provided, such as lists of prior testimony and publications).

            These objections need not extend to the admissibility of the expert's proposed

            testimony.  If such technical objections are served, counsel shall confer or make a

reasonable effort to confer consistent with requirements of D. Kan. Rule 37.2 before filing any motion based on those objections.  As noted below, any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or objection which is the subject of the motion, unless the time for filing such a motion is extended for good cause shown; otherwise, the objection to the default, response, answer, or objection shall be deemed waived.  *See* D. Kan. Rule 37.1(b).

c.      The parties are expected to cooperate to ensure the efficient completion of all remaining depositions in this matter.  In any event, absent the parties' agreement to a different arrangement:

i.      Any party serving an expert disclosure on or before August 25, 2006, shall, upon the request of the opposing party, provide the expert witness, of whom such disclosure is made, for deposition prior to **September 19, 2006**.

ii.     Any party serving an expert disclosure on or before September 19, 2006, shall, upon the request of the opposing party, provide the expert witness, of whom such disclosure is made, for deposition prior to **October 3, 2006**.

23

iii.    Any party shall, upon the request of the opposing party, make any

witness, other than the expert witnesses described above, under that

party's control available for deposition prior to **October 3, 2006**.

iv.     Given the prior record with regard to the scheduling of depositions in

this case, the parties are hereby given notice that the court will treat

any party's failure to cooperate in providing its witnesses for

deposition as willful disobedience of the instant order and will not

hesitate to employ the full range of sanctions provided by Fed. R. Civ.

P. 37(b)(2).

d.    Supplementations of disclosures under Fed. R. Civ. P. 26(e) shall be served  at such

times and under such circumstances as required by that rule. In addition, such

supplemental disclosures shall be served within 20 days after discovery of any facts that

render a party's responses incomplete or incorrect in some material respect, and in any

event by **August 25, 2006**, 40 days before the deadline for completion of all

discovery.  The supplemental disclosures served 40 days before the deadline for

completion of all discovery must identify the universe of all witnesses and exhibits that

probably or even might be used at trial.  The rationale for the mandatory supplemental

disclosures 40 days before the discovery cutoff is to put opposing counsel in a realistic

position to make strategic, tactical, and economic judgments about whether to take a

particular deposition (or pursue follow-up "written" discovery) concerning a witness or

exhibit disclosed by another party before the time allowed for discovery expires.

Counsel should bear in mind that seldom should anything be included in the final Rule

26(a)(3) disclosures, which as explained below usually are filed 21 days before trial,

that has not previously appeared in the initial Rule 26(a)(1) disclosures or a timely Rule

26(e) supplement thereto; otherwise, the witness or exhibit probably will be excluded at

trial.  *See* Fed. R. Civ. P. 37(c)(1).

e.       All potentially dispositive motions (e.g., motions for summary judgment) shall be filed by

**October 31, 2006**.

f.       All motions to exclude testimony of expert witnesses pursuant to Fed. R. Evid. 702-

705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho*

*Tire Co. v. Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed no

later than **28 days before trial**.  However, if such a motion as a practical matter will be

case-dispositive, or if an evidentiary hearing on the motion is reasonably anticipated,

then such a motion shall be filed in accordance with the dispositive motion deadline

stated above.

g.       The parties expect the trial of this case to take approximately **3-7** trial days.  This case

remains set for trial on the court's docket beginning on **June 5, 2007, at 9:00 a.m.**

Unless otherwise ordered, this is not a "special" or "No. 1" trial setting.  Therefore,

during the month preceding the trial docket setting, counsel should stay in contact with

the trial judge's courtroom deputy to determine the day of the docket on which trial of

the case actually will begin. The trial setting may be changed only by order of the judge

presiding over the trial.

h.      All applicable deadlines, settings, and specifications contained in any prior

order entered in this case shall remain in effect except to the extent

specifically modified herein. The deadlines, settings, and specifications

established herein shall not be modified except by leave of court upon a

showing of good cause.

**IT IS SO ORDERED.**

Dated this 4th day of August, 2006, at Topeka, Kansas.


s/K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge