### IN THE UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF KANSAS

| | |
|---|---|
| **PAYLESS SHOESOURCE WORLDWIDE, INC.,** ) | |
| ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | **Civil Action No. 05-4023-JAR** |
| ) | |
| ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TARGET CORPORATION and** ) | |
| **TARGET BRANDS, INC.,** ) | |
| ) | |
| **Defendants.** ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff's [Payless'] now fully brief Motion to Compel and for Discovery Conference.[1] Defendants ["Target"] have also filed a now fully briefed Motion to Strike Expert Reports of Charles E. Finch[2] and an accompanying Motion for Protective Order.[3] The parties have also filed other motions, some fully briefed[4] and some not[5],

---

[1] (Doc. 98). Defendants filed a timely response (Doc. 106) to which plaintiff timely replied (Doc. 116). Plaintiff has also filed a Motion for Sanctions (doc. 89), that the court will discuss in a subsequent Memorandum and order.

[2] (Doc. 93). Plaintiff filed a timely response (Doc. 107 ) to which defendants timely replied (Doc. 114).

[3] (Doc. 96). Plaintiff did not file a response to this motion and the time to do so has passed. *See* D. Kan. R. 6.1(d)(1) ("responses [for non-dispositive motions] shall be filed and served within 14 days of the service of the response."). Further, "[i]f a respondent fails to file a response within the time required by Rule 6.1(d), the motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." See D. Kan. R. 7.4.

[4] *See* Motion for Sanctions (Doc. 89). Plaintiff never filed a response to Defendants' Motion for Extension of Time of Summary Judgment Deadline and for Discovery Conference (Doc. 118) and the time to do so has passed. *See* D. Kan. R. 6.1(d)(1).

[5] *See* Plaintiff's Motion to Compel Testimony Regarding Late Produced Documents (Doc. 109); Motion to Compel Additional 30(b)(6) Testimony and Documents Responsive to Payless' Third Request for Production (Doc. 120); Plaintiff's Motion to Compel Additional 30(b)(6) Testimony and Related Documents (Doc. 123); Plaintiff's

on which the court will rule subsequently.  Most of the pending motions, however, revolve around the same basic discovery disputes.

## I.      Procedural Arguments

As a preliminary matter, Target has argued that the motion to compel (Doc. 98) is barred for procedural reasons.

### A.      Procedural and Factual History of Rule 30(b)(6) requests for witnesses and documents.

Plaintiff filed its original 30(b)(6) Notice of Deposition on May 1, 2006 to which Defendants filed certain objections to on May 11, 2006.[6] After Target objected to the 30(b)(6) noticed matters, "the parties were never able to reach an agreement regarding the scheduling of those depositions" because Payless believed defendants had failed to provided necessary documents.[7] Thus, on May 26, 2006, Payless "cancelled" any depositions stemming from the May 1, 2006 30(b)(6) Notice.[8]  On May 22, 2006, Payless filed a motion to stay its own 30(b)(6) depositions, extend discovery, and compel production of documents responsive to its Second Request for Production of Documents.[9]  The original June 6, 2006 discovery deadline passed. On August 4, 2006 the court denied the plaintiff's motion to compel its Second Request for Production of Documents because plaintiff failed to meet the requirements of D. Kan. R. 37.2.

---

Motion to Compel Responses to Payless' Third Request for Admission and Fourth Request for Production (Doc. 128); Defendant's Motion to Compel (Doc. 132).

[6] Defendants' Response (Doc. 106) at p. 3.

[7] Reply (Doc. 116) at 3.

[8] *Id.*

[9] *See* Motion for Protective Order and Emergency Stay, to Compel Production of Documents and to Extend Discovery (Doc. 60); *Memorandum in Support* (Doc. 61) at p. 8.

However, the court granted plaintiff's motion to extend discovery, giving the parties a new October 3, 2006 discovery deadline.[10]

Plaintiff then served an amended version of its 30(b)(6) Notice to defendants on August 23, 2006 and a second amended 30(b)(6) Notice on August 25, 2006 to which Defendants timely objected on September 11, 2006.[11] Plaintiff filed the present motion to compel (Doc. 89) on September 21, 2006 in timely response to defendants most recent objections.[12]

Defendants assert that D. Kan. R. 37.1 bars both plaintiff's request for certain 30(b)(6) witnesses and *duce tecum* requests for documents because plaintiff failed to file a motion to compel within 30 days of defendant's May 11, 2006 objection to plaintiff's original 30(b)(6) Notice. Defendants also argue that D. Kan. R. 37.2 bars plaintiff's 30(b)(6) *duce tecum* document requests. The court finds these procedural arguments are not persuasive.

**B.      Discussion of Procedural Issues.**

**1.      D. Kan. R. 37.1 is not a bar in the present case.**

D. Kan. R. 37.1(b) provides in part "any motion to compel discovery . . . shall be filed and served within 30 days of the default of service of the response, answer, or objection which is the subject matter of the motion . . . .  Otherwise the objection to default, response, answer, or objection shall be waived."

The court is aware of the tension between meaningful enforcement of D. Kan. R. 37.1(b) and unnecessarily chilling discovery. However, the local rules "shall, in special cases, be subject

---

[10] *See* Memorandum and Order (Doc. 79) and Pretrial Order (Doc. 80).

[11]  Reply (Doc. 116) at 3.

[12] *See* D. Kan. R. 37.1(b).

to such modification as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or great hardship."[13]

The court has not found any case law specifically dealing with whether Rule 37.1(b)'s thirty day motion to compel window bars a *subsequent* request and motion to compel seeking the same discovery or closely similar information.[14]  While apparently no case law directly speaks to this issue, in certain circumstances the court has declined to use Rule 37.1(b) to bar motions to compel when the parties had engaged in some discussions regarding the disputed documents *after* the 30 day window had closed.[15]

### 2.       Application of Standard.

Here, it appears that the parties engaged in discussions regarding these and other discovery issues after the passing of June 11, 2006.[16] Further, defendants' response to Payless' Second Amended Notice never argues that Payless' failure to address defendants' previous May 11, 2006 objections barred Payless from submitting a subsequent 30(b)(6) Notice of

---

[13] D. Kan. R. 1.1.

[14] Defendants in their Response  (Doc. 106)  at p. 4 (citing *Jones v. Syntex Labrotories, Inc.*, 2001 WL 1338987 at *3-4 (N.D. Ill. October 30, 2001)) claim that  *Jones v. Syntex Laboratories, Inc.* supports  the proposition that "[m]erely repeating a discovery request that has already been served –and objected to, and a motion to compel denied –creates no obligation to respond."   Yet the *Jones* court never holds or asserts this proposition either directly or in dicta.

[15] In *Colboch v. Morris Communications*, while plaintiff filed his motion to compel outside of the Rule 37.1 thirty day time period, defendants had produced documents in response to several of plaintiff's requests.  Because plaintiff could not have known whether he needed to file a motion to compel until he saw the documents and determined their responsiveness, the court found "that plaintiff's time to file a motion to compel responses . . . was renewed by defendants' production of additional documents responsive to those requests . . . ."  No. 05-4143, 2006 U.S. Dist. LEXIS 55451, at * 5 (D. Kan. August 7, 2006).  Similarly, in *Allianz Insurance Co. v. Surface Specialties, Inc.*, because defendant detailed "mutual efforts to resolve the discovery dispute continued after the expiration of the thirty-day time period" defendant had "shown sufficient justification for the sixteen-day delay in filing its Motion to Compel." No. 03-2470, 2005 U.S. Dist. LEXIS 301 (D. Kan. January 7, 2005).

[16] Thirty days after Target's May 11, 2006 objections.

Deposition.[17]  It seems that Payless genuinely thought the depositions had been cancelled, but believed that their motion for an extension of discovery would allow the depositions to move forward.

Moreover, the court's previous ruling support Payless' belief.  The court's August 4, 2006 order used plaintiff's "wish[] to take defendants' Fed. R. Civ. P 30(b)(c) deposition and depositions of six other individuals" as good cause to extend discovery.[18] Clearly, the court extended discovery, in part, for the express purpose of taking these very 30(b)(6) depositions.  Consequently, the court overrules Target's Rule 37.1 procedural objection.

### 3.    Dismissing a previous motion to compel based on D. Kan. R. 37.2 is not a bar to subsequent requests for documents and motions to compel.

In Payless' May 22, 2006 Motion to Compel[19] Payless prayed for the court to "compel Target to produce all documents responsive to each of the twenty five numbered requests contained in Payless' Second Request for the Production of Documents" filed on March 28, 2006.[20]  The court found that before filing the motion plaintiff had "failed to provide certification of its good faith efforts to confer" and that it failed to undertake good faith efforts to confer.[21]  Thus, the court "denied with regard to plaintiff's request for an order compelling

---

[17] *Id.* at Exhibit D.  *See also* Response (Doc. 116) at p. 4 ("Nowhere in the entire 49 pages of Target's September 11 objections did Target once indicate that it believed the objections it served on May 11 had any bearing on the current notice.")

[18] Memorandum and Order (Doc. 79) at p. 6.

[19] Memorandum in Support of Motion to Compel (Doc. 61) at p. 5-7.

[20] *Id.* at 7.

[21] Memorandum and Order (Doc. 75) at 5.

additional production from defendant."[22] Plaintiff never filed a motion to compel production of its First Request for Production of Documents.

In additional, defendants argue that because this court denied plaintiff's previous motion to compel[23] for plaintiff's failure to meet D. Kan. R. 37.2 meet-and-confer requirements, plaintiff should be barred from filing a motion to compel production of similar documents.[24] As a result, defendants argue that because Payless never filed a motion to compel for their First Request for Production of Documents, D. Kan. R. 37.2 should similarly bar any subsequent request seeking similar information.

Defendant fails to cite, and the court fails to find,[25] any case law to support the proposition that this court's denial of plaintiff's previous motion to compel[26] for failure to meet D. Kan. R. 37.2 meet-and-confer requirements, that plaintiff should be barred from filing a motion to compel production of *similar* but subsequently requested documents.

Plaintiff attempts to convince the court that the documents requested in their 30(b)(6) Notice and sought by its present motion to compel differ significantly from their first and second request for production of documents.[27] These distinctions amount to Payless having asked for

---

[22] *Id.*

[23] Motion to Compel (Doc. 60)

[24] Response (Doc. 106) at p. 4.

[25] "Nowhere in Local Rule 37.1, or in the Federal Rules of Civil Procedure, does it say anything that even remotely implies that parties are precluded from issuing – or moving to compel responses to – discovery requests that might touch on the same or similar substantive issues as earlier document requests." Reply (Doc. 116) at p. 9.

[26] Motion to Compel (Doc. 60).

[27] *See* Reply (Doc. 116) at p. 9-17.

more specific documents in their 30(b)(6) notice and present motion to compel than in it's previous discovery requests.[28]  This point of contention, while belabored by both parties, is not dispositive.  The court rejected plaintiff's previous motion to compel on procedural grounds.  If the court finds that this procedural rejection does not bar a subsequent request for documents and subsequent motion to compel, then how similar the newer request is to the previous request has limited relevance.

Here, plaintiff's motion was denied for procedural non-prejudicial reasons and the court extended discovery.  During this discovery extension, Plaintiff requested production of similar information, and again defendants denied plaintiff's request.  This time, however, plaintiff conferred with defendants[29] before filing a timely motion to compel.  In the court's view, nothing prevents a party who initially failed to confer, and whose motion to compel failed for that *procedural* reason, from seeking similar information again, conferring as required, and filing a subsequent motion to compel all during the discovery period.

Moreover, in the court's order denying the motion to compel, the court concluded that "as a result of the court's decisions regarding the parties' various disputes concerning their numerous written discovery requests, the court anticipates that all parties may find a need to engage in additional, follow-up, written discovery."[30]  While defendants may have been

---

[28]*See e.g., id.* at 10-13 ("Request No. 2 to Payless' 30(b)(6) Notice requests several specific kinds of documents not asked for in Request No. 21 to Payless' First Request for Production.").  Request No. 3, 4, 5, 36, 37, 38, 42 "request a number of very specific kinds of documents not asked for in the earlier requests." *Id.* at 13.

[29] The court notes that defendants do not argue that plaintiff failed to meet its Rule 37.2 meet and confer requirements this time around.

[30] *See* Memorandum and Order (Doc. 79) at p. 7.

displeased the with the court's grudging extension of the discovery deadline,[31] the court extended

this deadline to accommodate written discovery requests by both sides, like the Rule 30(b)(6)

Notice at issue.

Having found defendants' procedural arguments insufficient to deny the motion to

compel, the court will decide the motion to compel (Doc. 98) on its merits.  The court notes that

Payless has dropped its motion to compel testimony regarding topics 43 and 47.[32]   Likewise, the

court concludes plaintiff's request for a status conference is moot because the court held a

discovery/status conference with the parties on September 26, 2006.[33]


**III. Discussion of 30(b)(6) Topics Requested in Payless' Motion to Compel (Doc. 98).**
    **A. 30(b)(6) Topics 36-41**

Requests No. 36 through 41 seek deposition testimony on topics regarding the EAT

WELL PAY LESS mark and the PARTY MORE PAY LESS mark, as it relates to Target's use

of these marks with footwear.[34]   Plaintiff seeks testimony from witnesses who can testify

regarding the following topics:

36.      Identification, description and explanation of Target's gross and net revenue by
         location attributable to footwear sales and retail show store services throughout the

---

[31]A fact that the court was not unsympathetic too.  *See* Memorandum and Order (Doc. 79) at p. 8 ("The court is sympathetic to the to defendants' position . . . .").

[32] *See* Reply (Doc. 116)  p. 6.

[33] Status Conference Minute Entry (Doc. 102).

[34]*See* Motion to Compel and Discovery Conference (Doc. 98) Ex. B, at p. 9-11 (detailing objected requests No. 36-41).

United States, beginning two years prior to the introduction of the EMPL Mark and/or the Accused Mark.

37.   Identification, description, and explanation of Target's gross and net revenues by location attributable to each of the product or service lines that Target has promoted using the EMPL Mark and/or the Accused Marks, since the introduction of those marks.

38.   Identification, description and explanation of all other Target financial information related to footwear products and accessories beginning two years prior to the introduction of the EMPL Mark and/or the Accused Marks, including but not limited to monthly revenue by product, total quantity of units sold by product, unit price by product, monthly income statement data reflecting revenue, costs of sales, operating expenses and net income.

39.   Identification, description and explanation of all management reports, strategic plans and marketing plans for footwear products and accessories.

40.   Identification, description and explanation of all information in Target's possession addressing the size, structure and composition of the market for footwear products and accessories as well as Target's anticipated and actual market share.

41.   Identification, description and explanation of all estimates, projections, forecasts and budgets for footwear products.

Defendants oppose those requests for the following reasons:

In addition to the foregoing General Objections, Defendants object to [these] request[s] as seeking highly confidential and proprietary information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and as unduly burdensome within the meaning of the discovery limitations of Fed. R. Div. P. 26(b)(2)(iii).  Without limitation, Defendants note as follows:

Defendants have used the EAT WELL PAY LESS mark only in connection with grocery and food sales services and have used the PARTY MORE PAY LESS mark only in connection with sales of wrapping paper and similar party supplies. Neither the EAT WELL PAY LESS mark nor the PARTY MORE PAY LESS mark have been used in connection with the sale of footwear.

Payless cannot in this action claim that use of the EXPECT MORE PAY LESS. mark constitutes trademark infringement, trademark dilution or unfair competition.  By the March 25, 1999 Trademark Agreement And Consent to Registration And Use Of Marks (the "Agreement"), Plaintiff among other things unconditionally "consent[ed] to [TBI's] use, registration, renewal and re-registration of [TBI's] mark 'EXPECT MORE. PAY LESS.', and agree[d] that it [would] not challenge, oppose or interfere with [TBI's] right and title to use, license and/or register its mark 'EXPECT MORE. PAY LESS.' in any forum."  Moreover, TBI has

used the EXPECT MORE. PAY LESS.' since January 1994 and is the owner of U.S. Registration No. 2,256,194 for the mark EXPECT MORE. PAY LESS. for use in connection with retail department store services, which registration is now incontestable within the meaning of 15 U.S.C. §§ 1065 and 1115. In view of, among other things, the March 25, 1999 Agreement, Plaintiff cannot make out a prima facie case of the willfulness that would be necessary for Plaintiff to attempt to recovery [sic] Defendants' profits under the Lantham Act. [35]

## 1.     Relevance of Topics 36-41.

Defendants argue that plaintiff "does not even mention, let alone present argument to rebut, Defendants' actual objections to these 30(b)(6) topics."  Defendants correctly note that "[i]f the moving party fails to address an objection in its motion to compel, the objecting party need not raise it, and the objection will stand."[36] However, plaintiff does address, if not thoroughly, defendants' relevancy objections in its motion to compel.  As contended by plaintiff these issues are "highly relevant in a case that charges Target with infringing Payless family of PAYLESS marks.  Payless' primary business is selling shoes.  If Target breached the agreement and otherwise violated Payless' trademarks, it goes without saying that the marketing and financial performance of Target's shoe departments is at issue and discoverable." [37]

"When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the

---

[35]*See* Response (Doc. 106) at p. 6.

[36] *Sonnino v. University of Kansas Hosp. Auth.*, 221 F.R.D. 661, 671 n.37 (D. Kan. 2004).

[37]Motion to Compel (Doc. 98) at p. 5.

ordinary presumption in favor of broad discovery."[38] Relevancy is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[39]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[40]

Here, the court finds that Payless' requests appear relevant on their face. Payless is in the business of selling shoes and the instant litigation is premised on Target's alleged misappropriation of Payless' trademark to the detriment of Payless' business.  If Payless proves that Target has misappropriated Payless' trademarks, then information regarding Target's footwear profits appears facially relevant, at least as to the question of damages.[41]

Having found the inquiry relevant on its face, the court finds that defendants have not met their burden of proving that the requests are not relevant as defined under Fed. R. Civ. P. 26(b)(1), or that the potential harm occasioned by the discovery would outweigh the relevance of the discovery.[42]  Target makes no actual argument about the lack of relevance of these inquiries aside from its boilerplate relevancy language and its denial of trademark infringement.[43] Because

---

[38]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[39]*Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist., LEXIS 6220, at *6-7 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.,* 216 F.R.D. 666, 670 (D. Kan. 2003)).

[40]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted).

[41] The court also notes that Inquiry 39 could provide especially relevant information regarding defendants' planning, etc. for marketing footwear.

[42]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[43] *See* Response (Doc. 106) at p. 6.

a 'possibility' exists that the information sought by Payless is reasonably calculated to lead to the discovery of admissible evidence, the court overrules Target's relevancy objection.

### 2. Proprietary Information Objection.

Confidentiality of information "does not equate to privilege."[44]  Thus, "information is not shielded from discovery on the *sole* basis that such information is confidential."[45]  "It is well settled that no absolute privilege exists for trade secrets or proprietary business information."[46]  Therefore, "asserting an objection to a discovery request that the [information] sought contain trade secrets or proprietary information does not shield the documents from discovery."[47]

Defendants object to this request as seeking highly confidential and proprietary information.  Plaintiff fails to address this objection in its motion to compel,[48] referring to it only briefly in its reply.[49]  However, defendants fail to address this issue in their response, other than citing their boilerplate language.[50]  Nothing has persuaded the court to ignore the body of case law rejecting this boilerplate objection and consequently this objection is overruled.

### 3.  Unduly Burdensome Objection.

---

[44]*Williams v Board of County Comm'rs,* 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

[45] *Id.* (emphasis added).

[46]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689-90 (D. Kan. 2004) (citation of omitted)

[47] *Id.*

[48] *See* Motion to Compel (Doc. 98) at p. 5.

[49] *See* Reply (Doc. 116) at p. 7.

[50] *See* Response (Doc. 106) at p. 6.

Defendants object that these 30(b)(6) witness topics are "unduly burdensome."  Plaintiff neglects to discuss this boilerplate objection in its motion to compel[51] and defendants fail to address this argument, other than citing their original objections.[52]  Considering the absence of any discussion by the parties, the court will therefore overrule this boilerplate objection.[53]  The court also finds that these 30(b)(6) topics are not overly broad or unduly burdensome on their face.

**4. Target's Denial of Liability Objections.**

Defendants object asserting that they have used the EAT WELL PAY LESS mark and PARTY MORE PAY LESS mark only in connection with sales other than footwear.  Defendants further object that because of the Parties' 1999 Trademark Agreement, plaintiff cannot make out a prima facie case under the Lantham Act.[54]

The court finds that these "objections" are denials of liability, rather than adequate objections to the 30(b)(6) witness requests.  The fact that defendants have used the EAT WELL PAY LESS mark and PARTY MORE PAY LESS marks solely in connection with sales other

---

[51] *See* Motion to Compel (Doc. 98) at p. 5.

[52] *See* Response (Doc. 106).  However, defendants argue this objection in the context of the document requests of the 30(b)(6) motion as the court will later address.

[53]"The familiar litany of general objections, including overly broad, burdensome, or oppressive, will not alone constitute a successful objection to [discovery], nor will a general objection fulfill the objecting party's burden to explain its objections." *Allianz Ins. Co. v. Surface Specialities, Inc.*, 2005 U.S. Dist. LEXIS 301 (D. Kan. 2005) (citations omitted).  *See also Sonnion v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 670-671 (D. Kan. 2004)("the objecting party must specifically  show in its response to the motion to compel, despite the broad and liberal construction afforded by the federal discovery rules, how each request for production or interrogatory is objectionable. By failing to address these types of objections. . . the party fails to meet its burden to support its objections. The Court is then left without any basis to determine whether the objections are valid and applicable in light of the particular circumstances of the case.").

[54] *See* Response (Doc. 106).

than footwear is not a valid discovery objection.  Similarly, asserting that *defendants'* interpretation of the 1999 Trademark Agreement prevents plaintiff from making a prima facie case under the Lantham Act is not a valid objection to *discovery*.  Considering that statements of fact are not a proper objection to discovery[55] the court overrules these objections.

As the court has overruled all of defendants' objections to plaintiff's topic requests 36-41 for Rule 30(b)(6) witnesses, the court will require defendants to produce testimony from witnesses responsive the Rule 30(b)(6) topics 36-41.

**IV.   Defendant's Motion to Strike Expert Report (Doc. 93) and Motion for Protective Order (Doc. 96).**

In light of the court's ruling regarding the Rule 30(b)(6) witness topics, the court will dismiss the defendant's motion to strike plaintiff's expert report (Doc. 93) without prejudice. Defendants' argue that the report by plaintiff's expert Charles E. Finch "does nothing more than recite third-party data Plaintiff supplied" to its expert in creating a damage calculation.[56]  The court believes that Payless' damage expert, Charles E. Finch, would likely use the information revealed in the above discovery grant, and should thus be required to submit a new expert report setting forth all new opinions regarding damages.  If defendants still wish to strike plaintiff's expert's report, defendants may file such a motion after receiving plaintiff's expert's amended report.

---

[55] *See Cory v. Aztec Steel*, 225 F.R.D. 667, 671 (D. Kan. 2005).

[56] *See* Motion to Strike (Doc. 93) at p. 1.

Defendants' Motion for Protective Order is denied in part and granted in part.  The court finds that any deposition of the defendants' expert Mr. Gorowsky should take place after plaintiff's submission of an amended expert report.

**V.      Motion to Compel (Doc. 98) 30(b)(6) *duces tecum* Document Requests.**

The 30(b)(6) *duce tecum* documents requested sought by Payless in the present motion to compel are as follows:

Request No. 1. seeks:

> All documents in your possession, control or custody relating to Defendants' Pay Less Marks, including, but not limited to, documents given or transmitted to you by Target or other parties relating to Defendants' Pay Less Marks; documents prepared by you with regard to Defendants' Pay Less Marks; photos or catalogs showing Defendants' Pay Less Marks; reports or catalogs showing Defendants' Pay Less Marks; reports or printouts relating in whole or in part to Defendants' Pay Less Marks, and all notes or other recordings connected with the above.[57]

Request No. 2 seeks:

> All documents in your possession, control or custody relating to PAYLESS Marks, including, but not limited to, documents given or transmitted to you by Target or other parties relating to or transmitting to you by Target or other parties relating to PAYLESS Marks; documents prepared by you with regard to PAYLESS Marks; documents you provided to others relating to PAYLESS Marks; photos or catalogs showing PAYLESS Marks; reports or printouts relating in whole or in part to PAYLESS Marks, and all notes or other recordings connected with the above.

Request No 13 seeks:

> All documents relating to the conception, development, approval and implementation of Defendants' Pay Less Marks, including but not limited to any business cases, creative reviews, mechanicals, job jackets, layouts, briefs (containing, but not limited to color pallets, mandatories, design elements and executional considerations), creative briefs, specific briefs, assignment briefs, exclusionary parameters, concept boards, layouts, thumbnails build out, marketing plans, business plans, strategic plans, strategic analysis or other strategic documents.

Request No. 14 seeks:

---

[57] *See* Motion to Compel (Doc. 98) Exhibit B.

All documents sufficient to demonstrate each and every instance in which Target has used the EMPL Marks and the Accused Marks in any advertisement, other marketing vehicle or promotion, including but not limited to any sign, display, promotional material, circular or FSI.

### A.   Unduly Burdensome Objection.

Defendants argue that producing every document required in Request No 1, 2, 13 and 14 would prove unduly burdensome.[58]

As the party objecting to discovery, defendants "have the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[59] The "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party form whom discovery is sought does not itself require denial of the motion."[60]

Plaintiff argues that defendants failed to provide an "affidavit or specific supporting information" to substantiate their unduly burdensome objection.[61]  The court agrees that defendants have not met their "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested

---

[58] *See* Response (Doc. 106) at p. 16.  "However, despite these objections, Defendants produced 'representative samples illustrating the use of the marks in question' and provided an Interrogatory answer indicating when Target began its continuous use of the marks in question."

[59] *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

[60] *Snowden v. Connaught Lab., Inc.,* 137 F.R.D. 325, 332-33 (D. Kan. 1991).

[61] *See* Reply (Doc. 116) at p. 17.

documents."[62] Target only argues that it has used "bolded uses" of the PAY LESS portion of

their EXPECT MORE. PAY LESS. mark "in countless forms continually for twelve years."[63]

Regarding Request Nos. 13 and 14, defendants only argue that "[a] complete response to this

request would require perhaps millions of documents (including all circulars, shopping bags,

etc.)."[64]   Target offers the court no specifics regarding the expense or time necessary to produce

the requested documents.

### B.      Plaintiff's Requests are Unduly Burdensome or Overly Broad[65] on their Face.

Defendants' failure to demonstrate with specific evidentiary proof their potential burden

is not necessarily fatal to their objection.  An objecting party's "failure to meet its evidentiary

burden is not necessarily fatal to its claim that the requests are unduly burdensome" because "an

exception . . . applies when the discovery request is unduly burdensome on its face."[66]  Cases in

the U.S. District of Kansas have "held on numerous occasions that a request or interrogatory is

unduly burdensome on its face if it used the omnibus term 'relating to' or regarding' with respect

to a *general category* or *group of documents*."[67] Yet, the request need not use "relating to" or

"regarding" because the request's "overall wording" can make the request facially unduly

---

[62] *Id.*

[63] *Western Res., Inc., v. Union Pac. R.R. Co.*, Case No. 00-2043, 2002 U.S. Dist. LEXIS 1005, at * 12 (D. Kan. 2002)(citing *Hoffman v. United Telecomms., Inc.*, 117 F.R.D. 436, 438 (D. Kan.1987)).

[64] *See* Response (Doc. 106) at p. 12.

[65] As in this order, courts have used facially "unduly burdensome" and facially "overly broad" interchangeably. *See Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

[66] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-38 (D. Kan. 2003) (citations omitted).

[67] *Id.* at 538 (citations omitted)(emphasis added).

burdensome and overly broad.[68]  Courts often ask whether the request's wording "requires the answering party to 'engage in mental gymnastics to determine what information may or may not be *remotely responsive*.'"[69]

Here the court finds plaintiff's Requests unduly burdensome and overly broad on their face.  Payless itself describes its first two Requests as "*worded broadly* to ensure Payless receives *any and all* documents *related* to those marks that *might* impact this case."[70] Request No. 1. seeks "*All documents . . . relating* to Defendants' Pay Less Marks" and Request No. 2 seeks "*All documents . . .* relating to PAYLESS Marks." Request No. 13 seeks "*All documents* relating to the conception, development, approval and implementation of Defendants' Pay Less Marks." Finally, Request No. 14 seeks "*All documents* sufficient to demonstrate *each and every instance in which* Target has used the EMPL Marks and the Accused Marks in *any* advertisement, other marketing vehicle or promotion, including but not limited to *any* sign, display, promotional material, circular or FSI."[71]

The Requests' "relating to" language expands the designation of general categories and groups of documents in a manner so broad that the court cannot find the limits of plaintiff's requests.  Plaintiff's requests contain specific "including" language, but plaintiff also employs

---

[68] *See Seaboard Corp.*, 189 F.R.D. at 666.

[69] *Aikens*, 217 F.R.D. at 538.

[70] *See* Motion to Compel (Doc. 98) at p. 2 (emphasis added).  To the extent that plaintiff argues Target's responses to their requests for production of documents are inadequate and thus plaintiff compensated by crafting these overly broad and unduly burdensome requests,  the court disagrees.  As Target points out, Payless could have filed a motion to compel regarding its December 2005 First Request for Production of Documents, but did not.  Payless could have conferred adequately with Target before filing a motion to compel its Second Request for production of documents, but did not.  Further, with the two month discovery extension the court allowed, Payless could have crafted discovery requests that were not facially unduly burdensome and overly broad, but did not.

[71] *See* Motion to Compel (Doc. 98) Exhibit B (emphasis added).

"but not limited to"[72] language, such that the court considers the overall wording of the requests unduly burdensome and overly broad.

### 1. No guidance exists.

That the requests are facially unduly burdensome and overly broad "does not automatically relieve [the objecting party] of its obligation to provide responses . . . *to the extent the request is not objectionable.*"[73] However, the court will not require a party "to respond to an overly broad discovery request unless adequate *guidance* exists as to what extent the request is not objectionable."[74]

Payless argues that Target has "ample guidance regarding certain types of documents Payless is seeking."[75]  The court disagrees.  Payless contends Target has guidance because "the parties have already exchanged substantial document discovery, conducted motion practice on discovery issues, conducted a pretrial conference and received a pretrial order detailing all issues in dispute."[76]  Payless further contends that the well defined nature of the Accused Mark and their own Defendant's Pay Less Mark offers sufficient guidance.

---

[72] In *Western Resources, Inc. v. Union Pacific R.Co.*, No. 00-2043, 2001 WL 1718368, at * 2-3 (D. Kan. Dec. 5, 2001), the requesting party used "including without limitation" to modify several of their requests and the court still found the requests facially overly broad and unduly burdensome.

[73] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)(requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

[74] *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (citing *Makey*, 167 F.R.D. at 197).

[75] *See* Reply (Doc. 116) at p. 16.

[76] *See* Reply (Doc. 116) at p. 16.

It is unclear to the court how the parties' history of discovery or the clarity of the marks themselves offers Target or the court "guidance" as to what extent these requests are *not* objectionable.  Rather than offering guidance, Payless' simply argues that its requests are not overly broad.

Having found insufficient guidance to determine the extent to which these requests are not objectionable, Target will not be compelled to further respond to these requests. Accordingly,

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel and for Discovery Conference (Doc. 98) is granted in part and denied in part.  Defendants will produce witnesses to address plaintiff's Rule 30(b)(6) topics 36-41 of plaintiff's Second 30(b)(6) Notice by **December 15, 2006.**

IT IS FURTHER ORDERED that Defendants Motion to Strike Expert Report (Doc. 93) is denied without prejudice.  Plaintiff will submit an amended expert report of Charles E. Finch to the defendants by **January 5, 2007.**  The court thus extends discovery until **January 19, 2007** for the limited purpose of allowing the parties to further depose Mr. Charles E. Finch.

IT IS FURTHER ORDERED that Defendants' Motion for Protective Order (Doc. 96) is denied in part and granted in part.  The court thus extends discovery for the limited purpose of taking Mr. Gorowsky's deposition, until **February 9, 2007.**

IT IS SO ORDERED.

On this 17th day of November, 2006, in Topeka, Kansas.

s/ K. Gary Sebelius

20

K. Gary Sebelius

U.S. Magistrate Judge