IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE WORLDWIDE,
INC.,

                Plaintiff,

v.                                        Case No.  05-4023-JAR

TARGET CORPORATION and
TARGET BRANDS, INC.,

                Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court upon plaintiff's Motion for Sanctions (Doc. 89).

Defendants have filed a timely response (Doc. 105) to which plaintiff has timely replied (Doc.

112).  The issues are, therefore, fully briefed and ripe for decision.  In light of the court's

previous ruling (Doc. 142) granting in part and denying in part plaintiff's Motion to Compel

(Doc. 98), and for reasons detailed below, the present motion is denied.

Plaintiff independently discovered two documents, an August 20, 2006 circular

advertisement which appeared in *The Kansas City Star* and a March 23, 2006 Yahoo! Search

result.[1]  Plaintiff contends these documents are responsive to its First Request for Production of

Documents, specifically Requests Nos. 7 and 17.[2]  Plaintiff approached defendants with the

documents and asked defendants to produce any related documents or witnesses.  However,

plaintiff's present motion for sanction is not now seeking to compel any such production.

Plaintiff states that "[a]t the very least, [the advertisement in the Kansas City Star] raises

---

[1] Motion for Sanctions (Doc. 89) at 1.

[2] *Id.* at 1.

concerns significant enough to warrant production of all documents related to the creation and approval of this campaign."[3]  However, plaintiff's present motion does not ask the court to compel any such thing.  After defendants declined to production additional documents or witnesses, the plaintiff filed the present motion solely for *sanctions*.  The court notes that this present motion for sanctions does not ask the court to compel production of anything documents or witnesses related to either the Yahoo! Search Result or the circular advertisement, rather the plaintiff simply wants sanctions.

**I.      Discussion**

Plaintiff asks the court to impose sanctions against defendants pursuant to Fed. R. Civ. P. 37(c)(1), 37(b)(2) & 37(a)(4)(A).  Specifically, plaintiff requests that defendants "be precluded from submitting any evidence, including testimony, related to the advertisements in question and/or responsive [sic] to Requests Nos. 7 and 17 of [plaintiff's] First Requests for Production."[4] Further, plaintiff argues that defendants "should be barred from contesting that the Yahoo! advertisement creates a likelihood of confusion."[5]  Finally, plaintiff asks the court to award plaintiffs its costs and attorneys fees in bringing this motion.[6]

Defendants have requested, in its response to plaintiff's motion, that the court impose sanctions against plaintiff pursuant to Fed. R. Civ. P. 37(a)(4)(B) & 37(c)(1).  Specifically, defendants ask the court to preclude plaintiff from presenting the Yahoo! Search result as

---

[3]Reply (Doc. 112) at 11.

[4] Motion for Sanctions (Doc. 89) at 7.

[5] *Id.*

[6] *Id.* at 8.

2

evidence and to require plaintiff to pay defendants' reasonable expenses, including attorney's fees, for opposing this motion.[7]  For the reasons set forth below, the parties' requests are denied.

### A.      Plaintiff's Rule 37(c)(1) sanction request.

### 1.      The Applicable Standard

In determining whether 37(c)(1)[8] sanctions are appropriate, the court must first determine whether there has been a failure to amend a prior response pursuant to Rule 26(e)(2).[9]

Fed. R. Civ. P. 26(e)(2) creates a duty upon a responding party to amend its previous responses to request for production of documents (1) if the party learns that the response is in some way incomplete *and* (2) if the other party did not otherwise learn of the additional or corrective information during the discovery process.

If the court finds a failure to amend a prior response, then the court determines whether a substantial justification for the failure exists or whether such failure is *harmless*.  A failure is harmless where there is no prejudice to the opposing party.[10]  In determining whether a failure is

---

[7] Response (Doc. 105) at 1.

[8] Fed. R. Civ. P. 37(c)(1) provides, in part**:**
A party that without substantial justification fails . . . to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

[9] Rule 26(e)(2) provides in part:
A party is under a duty seasonably to amend a prior response to an interrogatory, request for production . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

[10] *Schmitt v. Beverly Health & Rehab. Servs., Inc.,* No. 96-2537, 1997 U.S. Dist. LEXIS 18636, at *12 (D. Kan. Nov. 19, 1997) (finding that a failure to fully disclose is not harmless where the opposing party has pursued discovery without access to the disclosure).

harmless the court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the party's bad faith or willfulness."[11]

>    **a.    Did defendants fail to amend their previous response to Request No. 17 with regards to the Yahoo! Search result?**

Plaintiff alleges that because defendants did not produce the Yahoo! Search result in response to Request No. 17, defendants did not conduct a diligent search. Plaintiff argues that defendants should have had knowledge of this document which is the result of a specific search using specific search terms from a specific search engine.

Defendants respond that it had no knowledge of the Yahoo! Search result until plaintiff's counsel brought the document to their attention.[12] Defendants cited the deposition of plaintiff employee Ms. Elizabeth Shupe, who testified that she performed the search that resulted in the disputed result at issue on March 23, 2006 and immediately brought it to the attention of the legal department at Payless. Further, Ms. Shupe testified that Payless conducts weekly monitoring of Yahoo! and google search engines to assess their treatment of search terms Plaintiff has paid them to associate with Payless' advertisements. According to Ms. Shupe, except for this March 2006 search result, none of her other weekly searches have produced a link to defendants' website.[13]

---

[11] *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04-2478, 2006 U.S. Dist. LEXIS 37465, at *29 (D. Kan. June 1, 2006) (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002)).

[12] Response (Doc. 105) at 3.

[13] *Id.* at n. 2-3.

Defendants contend there was no way it could have had knowledge of the Yahoo! Search result.  As defendants explain "[n]o human being at Target drafted, prepared or possessed the sponsored result as it appeared in the March 2006."[14] Instead, defendants argue that the keywords that created this isolated March 2006 Yahoo! Search Result "are among millions of keywords that were generated by an automated program/algorithm based on past searches at www.Yahoo.com that had resulted in a click-through to www.target.com."   Defendants conclude that the keywords entered by Ms. Shupe in March 2006 triggered this automated program and resulted in the Yahoo! Search Result, "neither Defendants nor to Defendants' knowledge anyone else ever entered a search term that triggered the automated program and resulted in the generation of the same or a similar Yahoo! Search Result."[15] Defendants further note, since the March 2006 search result they have "added a filter that will prevent any query including 'payless' from being added tot he algorithm-generated keywords list. . . ." thus preventing a similar March 2006 Yahoo! Search result from occurring again.[16]

Plaintiff's Request No. 17 requested that defendants "produce all documents that refer or relate to any instance of which [it has] *actual* or hearsay knowledge, directly or indirectly, of any inquiry or suggestion of any connection between any of the Defendants and Payless or any of their respective goods."[17]

The court finds that the Yahoo! Search Result was not responsive to Plaintiff's request

---

[14] *See id.* at 3.

[15] *Id.*

[16] *Id.* at 5.

[17]Motion for Sanctions (Doc. 89) (emphasis added).

No. 17 because there is no proof defendants had knowledge, actual or otherwise, of its existence. The Yahoo! Search result which plaintiff now possesses is the result of a random search performed by one of plaintiff's employees.  Plaintiff has not shown how defendants had actual or hearsay knowledge of this search result,  therefore it is not responsive to Request No. 17 and defendant's lack of disclosure is not a failure to amend a prior response under 26(e)(2).

Even if defendant's failure to disclose the Yahoo! Search result constituted a failure under 26(e)(2), such failure is harmless to plaintiff and thus does not warrant 37(c)(1) sanctions. Plaintiff was not prejudiced or surprised by this evidence because, as plaintiff stated in its reply, it has had an opportunity to depose witnesses regarding this result.[18]  Further, introducing this evidence would not disrupt the trial as the plaintiff has now had significant notice of this Yahoo! Search Result.  Finally, no evidence exists that defendants acted wilfully or in bad faith in not producing this search result.

### b. Did defendants fail to amend their previous response to Request No. 7 with regards to the August 20, 2006 circular?

Plaintiff contends that defendants' failure to produce the advertisement which appeared in *The Kansas City Star* on August 20, 2006 violated defendants' duty under Fed. R. Civ. P. 26(e)(2).[19]  Plaintiff argues that the representative samples previously produced by defendants in response to Request No. 7 did not include any representation of this particular advertisement.[20] Plaintiff's Request No. 7 states:

Produce *representative samples* of each type of sign and advertisement incorporating one

---

[18]Reply (Doc. 112) at 2-3.

[19] Motion for Sanctions (Doc. 89) at 4.

[20] *Id.*

or more of Defendant's Pay Less Marks, and documents sufficient to identify when and where each such sign or advertisement was used.[21]

Plaintiff alleges that the combination of the use of the terms EXPECT MORE. PAY LESS. and this type of use of "Look Smart" is a combination not previously produced.[22] Defendants argue that it had previously produced this version of the EXPECT MORE. PAY LESS. mark[23] and the court agrees.  Defendant's Exhibit F demonstrates that defendants produced a depiction of the "expect more. pay less" mark[24] on April 28, 2006 that mirrors the "expect more. pay less" mark used in the August 20, 2006 advertisement.[25]  Plaintiff argues that the advertisement features a red bullseye[26] and the court notes that defendant's representative sample illustrates a blue and yellow bullseye.  The court finds this difference unimportant as plaintiff requested *representative samples*, not each and every use.

Plaintiff further argues that Target's use of "look smart" on the same advertisement as the "EXPECT MORE. PAY LESS " mark, was not given as a representative sample.[27]  However, as defendants point out, Request No. 7 seeks representative samples of Defendant's Pay Less Marks, not *Plaintiff's* marks, such as LOOK SMART. PAYLESS.[28]  Therefore the court finds

---

[21]Plaintiff's Motion for Sanctions (Doc. 89), Exhibit G at 6 (emphasis added).

[22]Motion for Sanctions (Doc. 89) at 4.

[23] Response (Doc. 105) at 11.

[24]Response (Doc. 106) at Exhibit F.

[25]Motion for Sanctions (Doc. 89) at Exhibit D.

[26] Reply (Doc. 112) at 11.

[27] *Id.*

[28] Response (Doc. 105) at 11.

that defendants did not fail to amend its previous response.

Moreover, even if defendants failed to amend their prior response to plaintiff's request for documents, the failure is harmless and does not warrant 37(c)(1) sanctions.  Plaintiff has suffered no prejudice by not having this particular circular.  Plaintiff found this advertisement before conducting detailed 30(b)(6) depositions of defendants' representatives, and presumably had the opportunity to inquire in detail regarding defendants' use of "look smart" in combination with the "expect more. pay less" mark.   Further, any introduction of this advertisement would not disrupt the trial which is still months away.   Finally, the court does not find any bad faith on the defendants' part in not producing this particular advertisement.

Because there was no failure of defendants to amend its previous responses to Requests Nos. 7 and 17, sanctions under Fed. R. Civ. P. 37(c)(1) are not warranted.

**B.      Plaintiff's Rule 37(b)(2)(A) sanction request.**

Plaintiff further requests the court impose sanctions against defendants pursuant to Fed. R. Civ. P. 37(b)(2)(A), specifically barring defendants from contesting that the Yahoo! Search result creates a likelihood of confusion, in addition to its request under 37(C)(1) that defendants be barred from submitting any evidence at trial related to the advertisements in question.[29]

Fed. R. Civ. P. 37(c)(1) allows courts to grant sanctions in accordance with the sanctions authorized under Rule 37(b)(2)(A)-(C) in addition to granting reasonable expenses and/or not permitting the use of evidence, of the information not disclosed, at trial.[30]  However, as plaintiff

---

[29] Motion for Sanctions (Doc. 89) at 8.

[30] *See* Rule 37(c)(1).

points out,[31] sanctions under Rule 37(b)(2)(A)-(C) can only be granted where the court has found that a party has failed to disclose information under 26(a) or 26(e)(1) or has failed to amend a prior response to discovery pursuant to 26(e)(2) *and* has granted sanctions under 37(c)(1).[32]  As discussed earlier, sanctions are not appropriate under 37(c)(1), therefore the additional sanctions requested by plaintiff under 37(b)(2)(A) are not appropriate.

### C.      Plaintiff's Rule 37(a)(4)(A) sanction request.

Fed. R. Civ. P. 37(a) is titled "Motion for Order Compelling Disclosure or Discovery." Specifically, Fed. R. Civ. P. 37(a)(4)(A) provides, in part:

> If the motion [to compel discovery] is granted . . . the court shall, after affording an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees . . . .

A pure reading of this provision of the Federal Rules of Civil Procedure provides that it "governs the imposition of sanctions in connection with *motions to compel*" where said motion to compel is granted.[33]  Plaintiff has not cited, and the court has not found, any authority which grants 37(a)(4)(A) sanctions under any context other than the granting of a motion to compel.

Here, the present motion requests sanctions and is not a motion to compel.  The court notes that in the present action, plaintiff has filed numerous motions to compel.  Additionally, the court has granted in part and denied in part one of plaintiff's motion to compel, and required

---

[31] *Id.* (citing Rule 37(c)(1)).

[32] *See* Fed. R. Civ. P. 37(c)(1) ("*In addition* to requiring payment of reasonable expenses . . . sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), (C).") (emphasis added).

[33] *In re: Urethane Antitrust Litig.,* No. 04-1616, 2006 U.S. Dist. LEXIS 16848, at *17 (D. Kan. Mar. 31, 2006) (emphasis added).

defendants to produce witnesses to testify regarding the profitability of defendants' footwear department.  However, this previous discovery grant in no way relates to the two discovery matters at issue in the present motion.[34]  Further, the court will address any issue of sanctions related to plaintiff's other pending motions to compel in subsequent orders.  Despite plaintiff's numerous motions to compel, the present motion only seeks sanctions.  Thus, sanctions under 37(a)(4)(A) in the present motion are not appropriate.

      **D.    Defendants' requests for sanctions.**

In defendants' response, defendants argue that the court should impose sanctions on plaintiff for frivolously filing the present motion.  Specifically, defendants seek sanctions under Rule 37(a)(4)(B) and 37(c)(1)[35].

      **1.    Rule 37(a)(4)(B) sanction request.**

Fed. R. Civ. P. 37(a)(4)(B) provides, in part:

> If the motion [to compel discovery] is denied, the court . . . shall, after affording an opportunity to be heard, require the moving party . . . to pay to the party . . . who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees

As this court has discussed, Rule 37(a) deals with motions to compel.  Rule 37(a)(4)(B) applies only where a motion to compel discovery has been filed.  Because the present motion that defendants opposed was not a motion to compel discovery, sanctions under Fed. R. Civ. P. 37(a)(4)(B) are not warranted.

      **2.    Rule 37(c)(1) sanction request.**

---

[34]Memorandum and Order (Doc. 142) at p. 2.

[35] Response (Doc. 105) at 8-10.

Defendants have not filed a motion on their own behalf for sanctions.  Rather, defendants merely alleged that the court should sanction plaintiff pursuant to 37(c)(1).

As discussed above, the court must first determine whether there has been a failure to amend a prior response pursuant to Rule 26(e)(2) before determining whether sanctions are appropriate under 37(c)(1).  If the court has determined that there has been a failure to amend a prior response, the court must then determine if there was a substantial justification for failing to amend or whether the failure was harmless.[36]

### a.    Failure to Amend under Rule 26(e)(2).

Fed. R. Civ. P. 26(e)(2) creates a duty upon a responding party to amend its previous responses to request for production of documents (1) if the party learns that the response is in some way incomplete and (2) if the other parties have not been made known of the additional information during the discovery process or in writing.

Defendants claim that plaintiff has possessed the Yahoo! Search Result since March 23, 2006 and consequently has failed to amend its prior disclosures under 26(a)(1), failed to amend its prior answer to defendants' First Request for Production of Documents Request No. 16 and First Set of Interrogatories No. 5.[37]

If the court assumes that this document is properly a part of this action,[38] then plaintiff has failed to amend its prior disclosures in so far as it intends to use it to support its claim of

---

[36] *Cardenas v. Dorel Juvenile Group, Inc.*, No. 04-2478, 2006 U.S. Dist. LEXIS 37465, at *29 (D. Kan. June 1, 2006) (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002)).

[37] Response (Doc. 105) at 8-9.

[38] The court is not determining the relevancy of these documents.

11

trademark infringement.  Plaintiff had knowledge of this search result on March 23, 2006 and failed to produce it prior to September 7, 2006.  Plaintiff alleges in its reply that it produced the Yahoo! Search Result when its trial team become aware of its existence.[39]  However, the Rule 26(e)(2) applies to the party itself, not the party's attorneys.[40]  Further, attorneys for plaintiff, albeit not this particular trial team, immediately learned of the existence of the Yahoo! Search Result.[41]

### b.      Plaintiff's failure to produce the Yahoo! Search Result was harmless.

The court must now determine whether plaintiff's Rule 26(e)(2) failure was substantially justified or is harmless to defendants.  Plaintiff has not substantially justified its failure to disclose the document prior to September 7, 2006, however, its failure is harmless to defendants. Defendants themselves imply that the Yahoo! Search Result has little importance in this litigation when asserting that "neither Defendants nor to Defendants' knowledge anyone else [other than the plaintiff's employee] have ever entered a search term that triggered the automated program and resulted in the generation of the same or a similar Yahoo! Search Result."[42]  The court offers no opinion regarding the ultimate importance of the Yahoo! Search Result, but for defendants to argue that the Yahoo! Search result has little significance and then ask for sanctions under 37(c)(1) appears to be disingenuous.

---

[39] Reply (Doc. 112) at 11-12.

[40] *See* Fed. R. Civ. P. 26(e)(2) ("A *party* is under a duty . . . if the *party* learns.") (emphasis added).

[41] Reply (Doc. 112) at 11-12.

[42] Response (Doc. 105) at 5.

Further, defendants are not prejudiced by plaintiff's failure to produce these documents. Even after the document was brought to the defendants' attention, defendants did "not believe the Yahoo! Search sponsored link . . . is a violation of the Agreement, nor that it has anything to do with the litigation currently pending between the parties."[43]  It is difficult to believe that defendants have been prejudiced by plaintiff's lack of timely presentation of this Yahoo! Search Result.  Because plaintiff's 26(e)(2) failure was harmless, sanctions are not warranted under Fed. R. Civ. P. 37(c)(1).  Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Sanctions (Doc. 89) is denied.

**IT IS FURTHER ORDERED** that Defendants' request for sanctions in their response to plaintiff's motion (Doc. 105) is also denied.

**IT IS SO ORDERED.**


Dated this 17th day of November , 2006, at Topeka, Kansas.



s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge

---

[43]*See* Plaintiff's Motion for Sanctions (Doc. 89), Exhibit C.

13