**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | |
|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., )<br>)<br>) | |
| Plaintiff, ) | Civil Action No. 05-4023-JAR |
| )<br>)<br>) | |
| v. ) | |
| )<br>TARGET CORPORATION and )<br>TARGET BRANDS, INC., )<br>) | |
| Defendants. ) | |

## <u>ORDER</u>

These matters come before the court on plaintiff's Motion to Compel Testimony Regarding Late

Produced Documents (Doc. 109); plaintiff's Motion to Compel Additional 30(b)(6) Testimony and

Related Documents (Doc. 123); Defendants' Motion to Compel Testimony (Doc. 132); plaintiff's Motion

to Compel Additional 30(b)(6) Testimony and Documents Responsive to Payless's Third Requests for

Production (Doc. 120); Plaintiff's Motion to Compel Responses to its Third Requests for Admission and

Fourth Requests for Production (Doc. 128); the parties' Joint Emergency Motion to Reset Scheduling

Deadlines for Deposition of Target Witness on 30(b)(6) Topics 36-41 (Doc. 165); and defendants'

Motion for Extension of Time of Summary Judgment Deadline (Doc. 118).  The court finds these motions

ripe for disposition and is prepared to rule.

**I.      The Parties' 30(b)(6) motions.**

Currently pending before the court are four motions to compel further 30(b)(6) testimony.  As

detailed below, Plaintiff's Motion to Compel Testimony (Doc. l09) is granted.  However, plaintiff's

Motion to Compel Testimony (Doc. 123), defendants' Motion to Compel Testimony (Doc. 132) and plaintiff's Motion to Compel Testimony (Doc. 120), as it relates to 30(b)(6) topics, are denied.

### A.   Standard

Rule 30(b)(6) provides in part:

> A party may in the party's notice . . . name as the deponent a public or private corporation . . . and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. . . .   The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

"With regard to choosing a deponent to speak on behalf of the corporation, companies 'have a duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them fully to unevasively answer questions about the designated *subject matter*."[1]  This duty, does not require personal knowledge of the subject matter, but rather "'implicitly requires persons to review all matters known or reasonably available to [the corporation] in preparation for the 30(b)(6) deposition.'"[2]Thus, "to avoid liability, the noticed party must designate persons knowledgeable in the areas of inquiry listed in the notice."[3]  To this end, "[t]he court may find lack of preparation [of a 30(b)(6) designated deponent] to be a failure to appear" and can sanction the entity the deponent represents.[4]

However, when the party objects to the questions posed by the examining party as outside the scope of matters noticed in Rule 30(b)(6) "the general deposition rules govern (i.e. Fed. R. Civ. P.

---

[1] *Sprint Communications v. Theglobe.com, Inc*., 236 F.R.D. 524, 527 (D. Kan. 2006)(emphasis added).

[2] *Id.* at 528 (citations omitted).

[3] *Steil v. Humana Kansas City, Inc*., 197 F.R.D. 442, 444 (D. Kan. 2000) (citations omitted).

[4] *Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999).  *See also id*. ("[i]nadequate preparation of a Rule 30(b)(6) designee can be sanctioned based on the lack of good faith, prejudice to the opposing side, and disruption of the proceedings.").

26(b)(1)), so that relevant questions may be asked and no special protection is conferred on a deponent by virtue of the fact that the deposition was noticed under 30(b)(6)."[5] "However, if the deponent does not know the answer to the questions *outside the scope of the matters described in the notice*, then that is the examining party's problem."[6]

      **B.**    **Plaintiff's Motion to Compel Testimony Regarding Late Produced Documents (Doc. 109)**.

      Under the previous order of the court, all discovery was to be completed by October 3, 2006.[7] Pursuant to this order, plaintiff took the deposition of Ms. Bettina Gillen, one of defendants' 30(b)(6) witnesses, on September 7, 2006.  Soon after the taking her deposition, Ms. Gillen discovered additional documents responsive to plaintiff's document requests while cleaning out her office in preparation for her maternity leave.[8]  Defendants then submitted these documents to plaintiff, prompting plaintiff to request additional 30(b)(6) testimony regarding these documents.  Specifically, the present motion asks the court to compel defendants to "produce a witness to testify on behalf of the corporations regarding the substantive and procedural issues surrounding documents T005256-T005262 and for such other relief as the Court deems proper and just."[9]  Plaintiff's motion also suggests that Target should be compelled to produce a witness to discuss "the reasons why [the late-produced documents were] produced in such an untimely manner."[10]

---

[5] *Id.*

[6]*Id.* (emphasis added).

[7] *See* Memorandum and Order (Doc. 79).

[8] *See* Response (Doc. 131) at p. 2.

[9] *See* Memorandum in Support (Doc. 109) at p. 4.

[10] *Id.*

Defendants do not object "to the substance of the motion."[11]  Defendants have identified Ms. Jeanette Carrell, Senior Creative Manager for Target Corporations, as a witness who can testify about these late-produced documents.[12]  In its reply, plaintiff agrees that if Ms. Carrell is "prepared to testify fully on this issue [of the late-produced documents] Target's obligation on this issue would be satisfied."[13]

Defendants contend that because they will produce Ms. Carrell to provide testimony regarding the late-produced documents and plaintiff agrees that Ms. Carrell's testimony will satisfy these requests, the court should find the present motion moot.[14]  Conversely, plaintiff asks the court to enter its own "[Proposed] Order" in order to "eliminate any ambiguity and . . . hopefully prevent the need for any further motion practice on this issue."[15]  Plaintiff's "[Proposed] Order", as submitted to the undersigned's chambers, would require Ms. Carell to produce the "substantive information contained in those documents and details as to why the document was not produced until September 14, 2006."  While defendants do not directly address whether Ms. Carrell is capable of testifying about why the documents were late produced, Target does agree that they have designated Ms. Carrell "to be their designated witness for Rule 30(b)(6) deposition on the topics set forth above."[16]

As nothing has indicated to the court whether Ms. Carrell's deposition has taken place or whether her testimony was responsive to the Rule 30(b)(6) requests, the court will grant plaintiff's present motion to compel (Doc. 109).  The court directs defendants to produce a 30(b)(6) witness to testify on their behalf regarding the substantive and procedural issues surrounding documents T005256-T005262.

---

[11] *See* Response (Doc. 131) at p. 1.

[12] *Id.* at 2.

[13] *See* Reply (Doc. 144) at p. 1.

[14] *See* Respond (Doc. 131) at p. 2.

[15] *See* Reply (Doc. 144) at 2.

[16] *See* Response (Doc. 131) at p. 3.

C.     **Motion to Compel Additional 30(b)(6) Testimony and Related Documents (Doc. 123).**

Plaintiff seeks to compel additional testimony regarding its Rule 30(b)(6) Topics 23, 24 and 25

and production of "related documents."

Defendants designated Stephen Lee ("Mr. Lee") as its 30(b)(6) deponent on topics 23-25 of

Payless' notice.[17]

> Topic No. 23 provides:
> Any inquiry, suggestion or communication, whether directly or indirectly known to Target, concerning a perceived connection between Target and Payless, and the identities of any individuals with knowledge of such an occurrence.
>
> Topic No. 24 provides:
> Instances of potential or actual confusion as to the source or origin of the EMPL Mark or the Accused Marks.
>
> Topic No. 25 provides:
> Instances of potential or actual confusion between the EMPL Mark or the Accused Marks, on one hand, and Payless WW or any of its products, on the other hand, of which Defendant is aware.

Plaintiff argues that Mr. Lee was unprepared to discuss these topics.  Specifically, plaintiff's

motion contends:

> Mr. Lee was able to identify at least three different conduits–a "Target dot Brands in-box," Target's Guest Relations department, and direct communications with Target's legal department–through which any consumer complaints regarding confusion between Target and Payless might have been registered. . . .  However, according to Mr. Lee, Target made no efforts to search any of those sources to identify potential responsive documents and information.[18]

In subsequent email communication between the parties, defendants' counsel informed plaintiff

"Without acknowledging that you are in any way entitled to any such information, we offered to confirm

in writing that those potential repositories of guest comment information [which Mr. Lee testified might

exist] were considered and addressed in connection with responding to those discovery requests, and we

---

[17]Motion to Compel (Doc. 123) at (Exhibit D).

[18]Motion to Compel (Doc. 123) at p. 2.

5

have now done so."[19]  "[T]he query and search of the guest relations team database was not t[he] only potential repository of guest comment information that was considered and addressed in connection with responding to those discovery requests."[20]

In the present motion plaintiff argues:

[a]t a minimum, Target should be compelled to produce the following evidence as it relates to each of the repositories identified by Mr. Lee: Exactly how these various repositories were 'considered and addressed' and, specifically, whether each repository was searched; What parameters were used by Target when it 'considered and addressed' these repositories and, specifically, whether Target searched for the specific phrase 'Payless['] and 'Pay Less' or in any other way provides evidence of consumer confusion between Payless and Target.[21]

Defendants argue that they have consistently maintained that they have no knowledge of "instances of confusion within the meaning of Topics 23-25."  Defendants argue that what plaintiff complains of is "not that Mr. Lee was unprepared to testify as to the absence of instances of confusion within the meaning of Topics 23-25, but rather that Mr. Lee was not prepared to testify as to 'exactly how' Defendants and their counsel searched Defendants' consumer comment records.  That testimony, however, is not within the scope of Topics 23, 24, and/or 25."[22] The court agrees.

The court finds that "Exactly how these various repositories were 'considered and addressed' and, specifically, whether each repository was searched; What parameters were used by Target when it 'considered and addressed' these repositories and, specifically, whether Target searched for the specific phrase 'Payless['] and 'Pay Less' or in any other way provides evidence of consumer confusion between Payless and Target"[23] are and were not the subject matter of the original topics 23-25.  Topics 23-25

---

[19]*Id.* at (Exhibit F).

[20]*Id.*

[21]Motion to Compel (Doc. 123) at p. 3.

[22]Response (Doc.138) at p. 3.

[23]Motion to Compel (Doc. 123) at p. 3.

asked for instances of confusion, not the exact and specific method defendants used to search for potential instances of confusion.  Even broadly construing the "subject matter" of topics 23-25 the court fails to see how these specific issues fall within the scope of topics 23-25.   Plaintiff could have asked these questions of Mr. Lee during the 30(b)(6) topics as they are potentially relevant, but they are also outside of the scope of the 30(b)(6) noticed topics.  As such, "if the deponent does not know the answer to the questions *outside the scope of the matters described in the notice*, then that is the examining party's problem."[24]

However, even if these areas as to specific questions regarding Target's retention policy of documents and complaints were within the ambient of topics 23-25, upon review of Mr. Lee's deposition plaintiff never asked these questions posed in their motion to compel.[25]  As a result, defendants did not fail in its "duty to make a conscientious, good-faith effort to designate knowledgeable persons for Rule 30(b)(6) depositions and to prepare them fully to unevasively answer questions about the designated subject matter."[26]

As to the "related documents" plaintiff seeks, plaintiff fails to specify what document requests accompanying the present motion it seeks to compel.  As a result, the court is at a loss as to how it could compel responsive documents without knowing on what basis such an order was to be made.  Accordingly, the court denies plaintiff's motion.

---

[24]*Starlight Int'l v. Herlihy*, 186 F.R.D. 626, 639 (D. Kan. 1999)(emphasis added).

[25]*See* Motion to Compel (Doc. 123) (Exhibit E).

[26] *Sprint Communications v. Theglobe.com, Inc.*, 236 F.R.D. 524, 527 (D. Kan. 2006).  *See e.g.*, *Heartland Surgical Specialty Hosp., LLC v. Midwest*, No. 05-2164-MLB, 2007 U.S. Dist. LEXIS 26552 at * 23 (D. Kan. April 9, 2007) ("Defendants have not shown that [plaintiff's 30(b)(6) witness] was unprepared to answer this question as encompassed by [the noticed topics[.]").

**D.      Defendants' Motion to Compel Testimony (Doc. 132).**

The present motion seeks to compel further testimony as to Ms. Kelly, plaintiff's in-house counsel, regarding topics No. 7, 8 and 10.  As discussed below, the court denies plaintiff's motion as untimely.

### 1. D. Kan. Rule 37.1(b).

Plaintiff argues that defendants failed to file the present motion within 30 days of Ms. Kelly's deposition and thus are outside the time limit established by D. Kan. Rule 37.1(b).  Ms. Kelly's deposition took place on September 18, 2006.  Plaintiff argues that objections to Ms. Kelly's deposition were thus due on October 18, 2006.  Defendants received Mr. Kelly's transcript via e-mail on September 26, 2006.[27]  Defendants failed to file a motion seeking to extend their motion to compel deadline and instead filed the present motion on November 3, 2007.

Here, the court finds that under D. Kan. Rule 37.1(b), defendants' motion is untimely.[28]  The court finds the present situation distinguishable from the cases cited by defendants and this court's own November 17, 2006 ruling.  In *Colbch v. Morris Communications*, while plaintiff filed his motion to compel outside of the Rule 37.1 thirty day time period, defendants had produced documents in response to several of plaintiff's requests.[29]  Because plaintiff could not have known whether he needed to file a motion to compel until he saw these additional documents and determined their responsiveness, the court found "that plaintiff's time to file a motion to compel responses . . . was renewed by defendants'

---

[27]Response (Doc. 146) at p. 4.

[28]The court notes that even the court were persuaded to find an additional three days for nonpersonal service under Rule 6(e) occurred, defendants' motion would still be untimely.  *See* Reply (Doc. 160) at p. 6-7.  As a result, the court will not embark on the fruitless Rule 6(e) discussion.

[29] No. 05-4143, 2006 U.S. Dist. LEXIS 55451, at * 5 (D. Kan. August 7, 2006).

production of additional documents responsive to those requests . . . ."[30] In the instant case, no such

supplementation existed to toll the 30 days period.

Similarly, in *Allianz Insurance Co. v. Surface Specialties, Inc*., because defendant detailed

"mutual efforts to resolve the discovery dispute continued after the expiration of the thirty-day time

period" defendant had "shown sufficient justification for the sixteen-day delay in filing its Motion to

Compel."[31]  In the present case however, mutual efforts to resolve the discovery dispute did not occur

after the 30 day window had expired.  Rather, in an October 27, 2006 email, plaintiff's counsel informed

defense counsel "as we have told your previously, Target has already missed its deadline to move to

compel regarding any of the issues raised in your October 25 letter."[32] This was clearly not a situation

where plaintiff lulled defendants through word or action into thinking the 30 day window of time afforded

by Rule 37.1(b) had been tolled.

> **a.     Excusable Neglect.**

As defendants' motion is untimely, the court will consider whether this untimeliness should be

excused, as defendants argue, because of excusable neglect.  D. Kan. Rule 6.1(a) provides in part

"Extensions will not be granted unless the motion is made before the expiration of the specified time,

except upon a showing of excusable neglect."  Ultimately, determining whether the movant has

demonstrated excusable neglect rests on principles of equity.[33]  To that end, the court should consider all

relevant circumstances surrounding the party's omission including: (1) the danger of prejudice;  (2) the

---

[30] *Id.* at *6.

[31] No. 03-2470, 2005 U.S. Dist. LEXIS 301 (D. Kan. January 7, 2005).

[32] Response (Doc. 146) at (Exhibit A).

[33] *Coleman v. Blue Cross Blue Shield of Kansas, Inc*., No. 05-4149-JAR, 2007 U.S. Dist. LEXIS 36315 at *12-13 (D. Kan. May 16, 2007 ).

reasons for the delay including whether it was within the reasonable control of the movant;  (3) the length

of dely and its potential impact on judicial proceedings; and (4) whether the party acted in good faith.[34]

Here, the court finds that while the length of delay was not great and defendants did not act in bad

faith, the danger of prejudice and reason for delay weigh in favor of not excusing the untimeliness of

defendants' motion.  Defendants had every reason to believe that the court, in an effort to propel the

parties towards the conclusion of discovery, would strictly enforce D. Kan. Rule 37.1(b) which is

designed to prompt the timely resolution of discovery matters.  In fact, the parties' second extension of

discovery had, at the time of filing of the present motion, ended on October 3, 2007.[35]   As a result, the

court believes that prejudice and unwarranted delay did result due to defendants' untimely filing of the

present motion.

Defendants also argue that the delay was not within their reasonable control because plaintiff's

counsel would not agree to hold meet-and-confer meeting regarding the present motion until October 30,

2006.[36]  Defendants conclude that they could not have filed the present motion until they had met their D.

Kan. Rule 37.2 requirement.  The court is not persuaded by defendants' argument.

It is common practice for a party who may wish to file a future motion to compel but is not

prepared to do so during the 30 day window afforded by D. Kan. Rule 37.1(b), to file a simple motion for

extension of time *before* the deadline to file a motion to compel has expired.  This allows the parties to

continue their attempts to resolve the issues without court intervention and also allows the would-be

moving party to preserve its ability to file a subsequent motion to compel.

In light of the above factors, and in the court's discretion, the court finds that defendants have

failed to demonstrate excusable neglect in the untimely filing of their motion to compel.  As a result,

defendants' motion is deemed untimely and is denied.

---

[34]*Id.* at *13 (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206-1207 (10th Cir. 2004)).

[35]Memorandum and Order (Doc. 79).

[36]Reply (Doc. 160) at p. 8-9.

## 2.    Substantive grounds of defendants' motion.

While the court need not reach the merits of the motion, the court would be remiss in not pointing out that defendants, in bringing this very motion, directly contradict their arguments raised in their opposition to plaintiff's Motion to Compel (Doc. 123).

In the present motion defendants contend that counsel for plaintiff instructed Amy Kelly ("Ms. Kelly"), plaintiff's in-house counsel and plaintiff's designated Rule 30(b)(6) witness as to topics 7, 8 and 10, to not answer questions as to (1) plaintiff's "policies for taking action with respect to third party use of 'Payless' or a similar word" and (2) potential consumer confusion between 'Payless' (as in Payless ShoeSource) and 'Payless' (as in Payless Rugs)."[37]

The relevant Topics are issue are:

Topic. No. 7:
> Your efforts to enforce rights in any of the Payless WW Marks or to police authorized third party use of the words or marks you believe to be similar to the Payless WW Marks.

Topic No. 8:
> Your written and unwritten policies and/or practices concerning policing and enforcement of your rights in your marks, including specifically the Payless WW Marks.

Topic No. 10:
> Communications relating in any way to any Relevant Third Party Designation.[38]

In support of their motion, defendants cite the following portions of Ms. Kelly's deposition.

Q:    Does Payless ShoeSource Worldwide have any policies as to when it will take action with respect to a third party use involving Payless or a similar word?
A.    Yes.
Q:    What is that policy or policies?
MR. BARNARD: I'm going to object to that question on the grounds of attorney-client privilege. I don't think you can reveal what the policy is without revealing our legal strategy, so I'm going to instruct you not to answer that question.[39]

Q:    Did Payless ShoeSource Worldwide ever give consideration to opposing the application to register the mark "Payless Rugs" as shown as Deposition Exhibit 110?
A:    I do not recall.

---

[37]Motion to Compel (Doc. 132) at p. 2.

[38]*Id.* at (Exhibit A).

[39]*Id.* at (Exhibit B).

> Q:      Did Payless ShoeSource Worldwide ever have any communications with the applicant for the registration that is now the registration for Payless Rugs as shown in Deposition Exhibit?
>
> A:      Not to my knowledge.
>
> Q:      Do you believe that the use of the mark "Payless Rugs" in connection with the services recited in the registration shown in Deposition Exhibit 101 are likely to cause consumer confusion, mistake or depiction vis-a-vis rights of Payless ShoeSource Worldwide and marks including the word "payless"?
>
> MR. BARNARD: I object to the question, calls for attorney-client privilege information and I'm going to instruct you not to answer.[40]

In response to the present motion to compel, plaintiff argues that Mr. Barnard rightfully objected to defendants' line of questioning because of attorney-client privilege.  In turn, in the present motion to compel, defendants contend that such an objection does not apply to "[t]he contents of a corporate policy."[41] However, in response to plaintiff's own Motion to Compel (Doc. 123) defendants argue that "'exactly how' Defendants and their counsel searched Defendants' records–is protected from discovery by the work produce doctrine and attorney-client privilege"[42] and the "particular methodology by which Defendants' searched the identified databases and other files is protected work product because it reflects the thought process of attorneys and others working in this litigation."[43]

Here, the court believes that defendants were not seeking to know the general corporate policy of plaintiff or seeking "polices, guidelines, training materials, employee handbooks, supervisor's handbooks, and other corporate policies" as the court allowed to be discovered in *McCoo v. Denny's Inc.*[44]  Rather, defendants seek to learn the exact "policies as to when [plaintiff] will take action with respect" to potential trademark infringement, i.e., what would trigger plaintiff to initiate  legal action for trademark

---

[40]*Id.*

[41]Motion to Compel (Doc. 132) at p. 5.

[42]Response (Doc. 138) at p. 4.  Here, unlike in plaintiff's own Motion to Compel (Doc. 123), defendants at least properly notice the topics of inquiry regarding defendants' policies and procedures regarding evaluating and documenting potential instances of confusion.

[43]Response (Doc. 138) at p. 6.

[44]192 F.R.D. 675, 693.  *See* Motion to Compel (Doc. 132) at p. 5-6.

infringement.  It strikes the court that such a request would likely go to the very heart of the attorney-client relationship.  However, because the court need not decide the attorney-client privilege issue, it will not do so here.  Accordingly, defendants' motion is denied as untimely under D. Kan. Rule 37.1(b).

E.      **Plaintiff's Motion to Compel Additional 30(b)(6) Testimony (Doc. 120).**[45]

Plaintiff asks the court to compel defendants to produce witnesses to testify regarding 30(b)(6) topics 2-5, 34, 64 and 66-69.

Plaintiff contends that defendants "agreed to produce witnesses to speak on its behalf regarding its document retention policies, its efforts to preserve and gather responsive documents in this litigation, agreements Target has entered with third parties restricting use of Target's marks and details of Target's retail footwear sales operations."[46]  The court disagrees with plaintiff's characterization of defendants' "agree[ment]" to produce testifying witnesses.

Plaintiff served defendants with this Notice of 30(b)(6) Depositions on August 25, 2006.  On September 11, 2006, defendants submitted its Joint Response to this Notice of 30(b)(6) Depositions, including objections to the specific topics at issue.[47]  In their response, defendants refused to produce witnesses to testify about several of the 30(b)(6) topics at issue.[48]  Further, defendants objected to the remaining contested topics, but agreed to produce witnesses to testify about these topics in a very limited

---

[45]Plaintiff's Motion to Compel (Doc. 120) also seeks "Testimony and Documents Responsive to Payless' Third Requests for Production."  The court will subsequently address this portion of Doc. 120.

[46] Motion to Compel (Doc. 120) at p. 1.

[47] Response (Doc. 137) at p. 2.

[48] *See* Motion to Compel (Doc. 120) (Exhibit C).  Defendants' Responses to 30(b)(6) topics Nos. 2, 3, 66, 67, and 68 object and decline to produce any testifying witnesses.

manner.[49]  Because defendants flatly refused to offer testimony as to certain topics, the D. Kan. Rule

37.1(b) 30 day time period began with the service of its objections on September 11, 2006.[50]

As discussed at length above, under D. Kan. R. 37.1(b), plaintiff had 30 days within which to file

a motion to compel regarding these objections.[51]  In fact, plaintiff filed a timely motion to compel[52] on

September 21, 2006, over several of the 30(b)(6) noticed-matters that defendants had objected to on

September 11, 2006.  However, the present motion was filed on October 25, 2007.  Considering the strict

application of D. Kan. Rule 37.1(b) argued by plaintiff in opposition to defendants' Motion to Compel

(Doc. 132) the court believes a strict application of D. Kan. Rule 37.1(b) is also applicable to the instant

motion.  Moreover, plaintiff fails to argue that excusable neglect should excuse the motion's untimeliness.

Here, because plaintiff failed to file a motion to compel within 30 days of the defendants' service of their

objections and because plaintiff has failed to demonstrate excusable neglect as to its tardiness, plaintiff's

"objection[s]" to defendants' "response, answer, or objection" are waived.[53]  Thus, the court finds that

plaintiff's motion to compel additional testimony on 30(b)(6) Topics 2-5, 34, 64 and 66-69 is untimely

and as such plaintiff's motion to compel further 30(b)(6) testimony is denied.

---

[49] *See* Motion to Compel (Doc. 120)(Exhibit C) (Responses to 30(b)(6) topics Nos. 4, 5, 34, 64, and 69). *See e.g.*, *id.* Defendants' response to Request Nos. 4 and 5.

    Defendants object to this request for information related to this subject matter to the extent that it is vague and ambiguous, overbroad, unduly admissible evidence.  Notwithstanding and without waiving the foregoing objections, Defendants will produce a witness that will provide testimony confirming that there has been no licensing of any of the Accused Marks to third parties.

[50] Response (Doc. 143) at p. 2.

[51] D. Kan. Rule 37.1(b).

[52] *See* Motion to Compel (Doc. 98).  The court granted this motion in part and denied it in part.  *See* Memorandum and Order (Doc. 142).

[53] D. Kan. Rule 37.1(b).

14

**II.     Plaintiff's Motion to Compel Document Requests**.

As detailed below, plaintiff's motion to Compel Plaintiff's Third Request for Production (Doc. 120) and plaintiff's Motion to Compel Plaintiff's Fourth Request for Production (Doc. 128) are granted in part and denied in part.

**A.     Plaintiff's Third Request for Production Nos. 1, 4-8, 10-12 and 16-24 (Doc. 120).**

Defendants served plaintiff with its objections to plaintiff's Third Request for Production on September 25, 2006, and plaintiff timely filed the instant motion to compel on October 25, 2006.[54]   All of defendants' objections reference defendants' General Objection 1 and defendants other "incorporated" objections to previous Requests for Production.[55]

**1.     Defendants' *General Objection 1*.**

 General Objection 1 states:

Defendants object to Plaintiff's improper service in its Third Set of Requests for Production of requests that are unreasonably cumulative, repetitive and/or duplicative of requests Plaintiff previously served in its First and/or Second Set of Requests for Production and to which Defendants have already responded.  The time within which Plaintiff could under applicable rules contest Defendants' objections and other responses to the earlier served requests has long since expired.  Indeed, with respect to "new" requests cumulative, repetitive and/or duplicative of requests from Plaintiff's Second Set of Requests for Production, Plaintiff has already made a motion to compel, which motion the Court denied by an order dated August 4, 2006.  Plaintiff cannot by re-service of cumulative, repetitive and duplicative requests properly require Defendants to respond a second time or gain a second bite at contesting Defendants' objections.  Plaintiff's service of these unreasonably cumulative, repetitive and/or duplicative requests is contrary to the limitations set forth in Fed. R. Civ. P. 26(b)(2)(I), and is oppressive and unduly burdensome within the meaning of Fed. R. Civ. P. 26(c).[56]

---

[54]D. Kan. Rule 37.1(b).

[55]Defendants' Responses to Request for Production Nos. 1, 4, 5, 6, 7, 8, 9, 10, 11, 12.  16, 17, 18, 19, 20, 21, 22, 23, and 24 all cite General Objection 1.   *See* Motion to Compel (Doc. 120) (Exhibit H).

[56] *Id.* at 1.

**2.       Rule 37.1(b) and Rule 37.2.**

Defendants contend that the "applicable rules" of D. Kan. Rule 37.1(b) and 37.2 bar plaintiff

from receiving the documents it seeks.[57]   The court previously overruled defendants' 37.1(b) and 37.2

arguments in its November 17, 2006 order,[58] and the court does so here.

**a.       Impact of *Aide for Women v. Foulston*.**

While the court will not revisit the specifics of its previous decision, the court will address the

impact of *Aid for Women v. Foulston*[59] on defendants' Rule 37.1(b) argument.[60]

**i.       Background.**

Defendants first raised their 37.1(b) objection to plaintiff's discovery requests in their response[61]

to plaintiff's Motion to Compel (Doc. 98).  Defendants' response did not include any reference to *Aid for*

*Women v. Foulston*.[62]   The court first addressed and rejected defendants' 37.1(b) objection in its

November 17, 2006 order[63] that granted in part and denied in part plaintiff's Motion to Compel (Doc. 98).

Prior to the court's November 17, 2006 order, defendants filed several responses to plaintiff's various

motions to compel, including their response to the present motion, all of which relied heavily on

defendants' 37.1(b) argument and included arguments regarding *Aid for Women v. Foulston*.[64]

---

[57] *See* Response (Doc. 137) at 2-3.

[58] *See* Memorandum and Order (Doc. 142) at p. 3-8.

[59] Case No. 03-1353, 2005 U.S. Dist. LEXIS 8420 (D. Kan. May 6, 2005).

[60] *Aid for Women* does not address the impact of the court's denial of a motion to compel for failure to meet and confer reasons under D. Kan. Rule 37.2. Thus, the court will not herein reiterate its reasons for overruling this objection.  *See* Memorandum and Order (Doc. 142) p. at 3-8.

[61]*See* Response (Doc. 106).

[62] *Id.*

[63] *See* Order (Doc. 143).

[64]*See* Response (Doc. 131) to Plaintiff's Motion to Compel Testimony (Doc. 109); Response (Doc. 137) to Plaintiff's Motion to Compel (Doc. 120); Response (Doc. 138) to Plaintiff's Motion to Compel Additional 30(b)(6) Testimony and Related Documents; Response (Doc. 141) to Plaintiff's Motion to Compel (Doc. 128).

In defendants' response to the present motion, defendants argue that *Aid for Women v. Foulston*[65] supports their proposition that D. Kan. Rule 37.1(b) bars plaintiff's various motions to compel.  D. Kan. R. 37.1(b) provides in part "any motion to compel discovery . . . shall be filed and served within 30 days of the default of service of the response, answer, or objection which is the subject matter of the motion . . . .  Otherwise the objection to default, response, answer, or objection shall be waived."  Defendants argue that because they objected to plaintiff's First Request for Production of Documents, and plaintiff never filed a motion to compel, the court should bar plaintiff's present motion that seeks similar documents.  Defendants also contend that the court's denial of plaintiff's motion to compel responses to plaintiff's Second Request for Production of Documents for a failure to meet-and-confer under D. Kan. Rule 37.2 should bar plaintiff's subsequent and similar discovery requests here.[66]  As previously discussed, the court has rejected these arguments.[67]

### ii.    *Aid for Women* is distinguishable from the present case.

While offering some guidance in interpreting Rule 37.1(b),  the court declines to follow the dicta in *Aid for Women*.   First, even under *Aid for Women*, the court finds support for its previous ruling.  *Aid for Women* only suggests that under certain circumstances the court *could* use Rule 37.1(b) to curtail late requested discovery, not that the court must.   Specifically, the court has a "strong reason" and the "*authority* to control discovery that is directly and obviously intended to circumvent the timetable set in the rule and scheduling order."[68]  Having "the authority" or "a strong reason" to curtail discovery, provides that the use of Rule 37.1(b), as advocated by defendants, is within the court's discretion.

---

[65] 2005 U.S. Dist. LEXIS 8420 (D. Kan. May 6, 2005).

[66] *See* Response (Doc. 137) p. at 11-12.

[67] *See* Memorandum and Order (Doc. 143).

[68] *Aid for Women,* 2005 U.S. Dist. LEXIS 8420, at * 13 (emphasis added).  *See also id.* ("For example, if a party submits interrogatories which are objected to and then fails to file a motion to compel answers to those interrogatories within the required time limits, there is *a strong reason* to find that the party cannot avoid the deadlines in the scheduling order by simply submitting the same discovery, i.e another set of interrogatories, with the *same questions*, thereby 'restarting' the clock" on the time to file a motion to compel.)

17

Further, D. Kan. Rule 1.1 provides that the local rules "shall, in special cases, be subject to such modification as the court may deem necessary or appropriate to meet emergencies or to avoid injustice or great hardship."[69]

Moreover, the court in *Aid for Women* concluded that Rule 37.1(b) would not necessarily stop a party from seeking similar discovery during the discovery time period.  The court was "not prepared to find a waiver under D. Kan. Rule 37.1 . . . in *all* cases where a party attempts discovery by one method, meets objections, fails to file a motion to compel, and then tries to obtain the same or similar information by another authorized means of discovery, where all of this activity occurs *prior* to the discovery cutoff set by the court."[70]  Indeed, in *Aid for Women* the court itself declined to use Rule 37.1(b) to bar the party seeking additional discovery of similar topics for which that party had initially failed to file a motion to compel.[71]

Finally, *Aid for Women* is distinguishable from the present circumstances.  Unlike *Aid for Women*, the 37.1(b) issue here arose *after* the court had previously extended discovery for the *express purpose* of allowing the parties to conduct the sort of written discovery at issue.[72]  The court's November 17, 2006 order, quoting its August 4, 2006 order that extended discovery, explains:

> The court concluded that 'as a result of the court's decisions regarding the parties' various disputes concerning their numerous written discovery requests, the court anticipates that all parties may find a need to engage in additional, follow-up, written discovery.' While defendants may have been displeased with the court's grudging extension of the discovery deadline, the court extended this deadline to accommodate [these] written discovery requests by both sides . . . .[73]

---

[69] D. Kan. R. 1.1.

[70] *Aid for Women,* 2005 U.S. Dist. LEXIS 8420, at * 13 (emphasis added).  Additionally, the court concluded that "[t]he failure to file a motion to compel, however, should not automatically bar the attempted use of other proper discovery methods to discover similar information so long as that discovery is timely pursued within the discovery deadlines set in the scheduling order." *Id.* at 14.

[71] *Id.* at *14.

[72] *See* Memorandum and Order (142) at p. 7-8.

[73] *Id.*

Because the court extended discovery for the express purpose of allowing this type of document production, *Aid for Women* does not convince the court that D. Kan. Rule 37.1(b) should bar plaintiff's current and pending motions to compel.

      **3.**      **Fed. R. Civ. P. 26(b)(2)(I) and Fed. R. Civ. P 26(c).**

Defendants' General Objection 1 argues that Fed. R. Civ. P. 26(b)(2)(I) and 26(c) prevent plaintiff from seeking the documents requested in the present motion.[74] Defendants filed their objections to Plaintiff's Third Request for Production of Documents and the response to the present motion prior to the December 1, 2006 amendments to the Federal Rules of Civil Procedure.  Both the previous Rule 26(b)(2)(I) and the newly amended Rule 26(b)(2)(C)(I) instruct the court to limit "[t]he frequency or the extent of use of the discovery methods otherwise permitted under these rules and by any local rule" if the court finds that "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive."

Here, the court finds that the discovery sought is not unreasonably cumulative or duplicative.  In *Sonnino v. University of Kansas Hospital Authority*, the court rejected the opposing party's Rule 26(b)(2) objection because the party failed to "explain or demonstrate any Rule 26(b)(2) basis for objecting to this request."[75]  Here, the court finds that defendants' Rule 26(b)(2) or Rule 26(b)(2)(C) argument is similarly unsupported.  Defendants rest their Rule 26(b)(2) or Rule 26(b)(2)(C) argument on D. Kan. Rule 37.1(b) grounds and offer no other justifications for limiting the documents sought in the present motion.

      **4.**      **Unduly Burdensome.**

Defendants' General Objection 1 argues that plaintiff's requests are "oppressive and unduly burdensome" under Rule 26(c).  As the party objecting to discovery, defendants "have the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding

---

[74] *See* Motion to Compel (Doc. 120) (Exhibit H).

[75] *See Sonnino v. Univ. of Kan. Hosp.* Auth., 220 F.R.D. 633, 657 (D. Kan. 2004)(citing Fed. R. Civ. P. 26(b)(2)(1).

to requested discovery is unduly burdensome."[76] The "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party for whom discovery is sought does not itself require denial of the motion."[77]

Here, defendants have failed to provide an "affidavit or specific supporting information" to substantiate their unduly burdensome objection.[78]  Thus, the court finds that defendants have not met their "obligation to provide sufficient detail and explanation about the nature of the burden in terms of time, money, and procedure required to produce the requested documents."[79]

**5.    Request Nos. 10-12 and 16-24 are not unduly burdensome or overly broad on their face.[80]**

Defendants' failure to support their unduly burdensome objection is not dispositive of its objection.  Cases in the U.S. District of Kansas have held "that a request or interrogatory is unduly burdensome on its face if it used the omnibus term 'relating to' or 'regarding' with respect to a *general category* or *group of documents*."[81]

Plaintiff's Third Request for Production Nos. 4, 5, 6, 8, 10-12 and 16-19[82] use the phrase "[a]ll documents relating to."[83] However, the court finds that Request Nos. 8, 10-12 seeks documents

---

[76] *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

[77]*Snowden,* 137 F.R.D. at 332-33.

[78] *See* Response (Doc. 137).

[79] *Id.*

[80]As in this order, courts have used facially "unduly burdensome" and facially "overly broad" interchangeably. *See Contracom Commodity Trading Co. v. Seaboard Corp.*, 189 F.R.D. 655, 666 (D. Kan. 1999).

[81]*Id.* at 538 (citations omitted)(emphasis added).

[82]  Plaintiff's Third Request for Production Nos. 20-24 do not use such broad language, thus the court overrules plaintiff's unduly burdensome objections as they relate to Request Nos. 20-24.

[83] *See* Motion to Compel (Doc. 120)(Exhibit H).

surrounding specific Target signage[84] and not a general category or group of documents.  Plaintiff also seeks "all documents relating to" "Target's market share in shoe sales"[85] "financial data or other financial information for Target's footwear products and accessories"[86] "Target's monthly revenue by product/segment line for Defendants' footwear products and accessories"[87] and "the total quantity of units sold by month by product/segment line . . . and unit price for Defendants' footwear products and accessories."[88]  Here, plaintiff has specifically identified the limited category of documents requested which would not require defendants to "'engage in mental gymnastics to determine what information may or may not be remotely responsive.'"[89] Moreover, the court has previously found that similarly worded requests in the form of 30(b)(6) noticed-topics not unduly burdensome[90] and the court reaffirms its ruling here.  Thus, the court finds that Request No. 8, 10-12 and 16-19 and 20-24[91] are not facially unduly burdensome.  Having disposed of defendants' General Objection 1, the court overrules defendants' General Objection 1 as it relates to Plaintiff's Third Request for Production Nos. 8, 10-12 and 16-24.

 6. **Request Nos. 1, 4, 5, and 6 are unduly burdensome and overly broad on their face.**

 Request No. 1 seeks "all documents relating to Target's efforts to comply with the Agreement including but not limited to any 'Red Dot' documents."[92] Plaintiff's own motion notes that "virtually _all_

---

[84] *Id.*  Specifically, Request No. 8 relates to Exhibit B, Request No. 10 relates to Exhibit D, Request No. 11 relates to Exhibit E, and Request No. 12 relates to Exhibit F.

[85] *Id.* at Request No. 16.

[86] *Id.* at Request No. 17.

[87] *Id.* at Request No. 18.

[88] *Id.* at Request No. 19.

[89] *Aikens*, 217 F.R.D. at 538.

[90] *See* Memorandum and Order (Doc. 142).

[91] Request Nos. 20-24 do not use omnibus language.  *See* Motion to Compel (Doc. 120)(Exhibit H).

[92] *Id.* at Request No. 1.

marketing materials emanating from Target go through a 'Red Dot' review process."[93]  Plaintiff's request

thus amounts to a request for "virtually all marketing materials" which this court has previously held is an

unduly burdensome and overly broad request.[94]

Plaintiff also seeks "all documents relating to the conception, development and approval and

implementation of" "Target's EMPL [EXPECT MORE. PAY LESS] Mark"[95] "Target's Eat Well Mark"[96]

"Target's Party Well Mark."[97]  Defendants have used the accused marks "'for twelve years, and ha[ve]

used that mark in essentially every medium in which is promoted TARGET retail department store

service.'"[98] Further, the court has already found similarly worded document requests relating to

defendants' various marks unduly burdensome on their face.[99]  Specifically, the court found that

plaintiff's 30(b)(6) *duces tecum* Document Request No. 13 seeking "*All documents* relating to the

conception, development, approval and implementation of Defendants' Pay Less Marks" facially unduly

burdensome.[100]  The amount of documents at issue and the broadness of the wording of these requests

would require defendants to "'engage in mental gymnastics to determine what information may or may

not be *remotely responsive.*'"[101]

---

[93] *See* Motion to Compel (Doc. 120) at 6 (emphasis in text).

[94]*See* Memorandum and Order (Doc. 143) at p. 18-19.

[95] *See* Motion to Compel (Doc. 120)( Exhibit H) at Request No. 4.

[96] *Id.* at Request No. 5.

[97]  *Id.* at Request No. 6.

[98] *See* Response (Doc. 106) to Plaintiff's Motion to Compel (Doc. 98).

[99] *See* Memorandum and Order (Doc. 143) at 18-19.

[100] *Id.*

[101] *Aikens*, 217 F.R.D. at 538 (emphasis added).

That these requests are facially unduly burdensome "does not automatically relieve [the objecting party] of its obligation to provide responses . . . *to the extent the request is not objectionable.*"[102] However, the court will not require a party "to respond to an overly broad  discovery request unless adequate guidance exists as to what extent the request is not objectionable."[103]  In the present case, the court finds that no adequate guidance exists to ascertain the extent to which these requests are not objectionable.   Having found insufficient guidance to determine the extent to which these requests are not objectionable, defendants will not be compelled to further respond to Plaintiff's Third Request for Production Nos. 1, 4, 5 and 6.

### 7.     Defendants' "Incorporated" Objections to Plaintiff's Third Request for Production 8, 10-12 and 16-24.

As detailed below, the court overrules defendants' remaining "incorporated objections" to Request Nos. 8, 10-12 and 16-24.  Defendants argue that :

> Plaintiff's present motion largely ignores Defendants' objections beyond General Objection No. 1, merely calling them 'inapposite or untenable' without actually addressing them.  Plaintiff's motion should be denied as to each particular document request because Plaintiff has not presented argument providing any basis to rebut or overrule Defendants' timely objections.[104]

With the exception of Request No. 7, defendants' remaining objections are incorporated from previous responses to Plaintiff's First and Second Requests for Production of Documents.[105]   Several of Defendants' incorporated responses include the legal argument that the parties' "Agreement" prohibits plaintiff's trademark infringement claim.[106] However, the court has previously overruled this sort of

---

[102] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)(requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

[103] *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (citing *Mackey*, 167 F.R.D. at 197).

[104]Response (Doc. 137) at p. 14-15.

[105] *See* Motion to Compel (120) (Exhibit H).

[106]*See* Response (Doc. 106) (Exhibit E)

"denial of liability objection" and does so here.[107]  Aside from this legal argument, defendants'

incorporated responses essentially consist of objections as to the relevancy, vagueness, confidentiality,

and burdensome[108] nature of plaintiff's requests.[109] As detailed below, the court overrules these

incorporated objections.

Defendants' Responses to Plaintiff's Third Request for Production Nos. 10, 11, 12, incorporate

by reference defendants' response and objection to Plaintiff's First Request for Production Nos. 3 and 42,

both of which raise the same objections.[110]  Defendants' response and objection to Plaintiff's First

Request for Production No. 3 provides in part:

> Defendants object to this request to the extent it relates to the EXPECT MORE.  PAY
> LESS. mark as seeking documents neither relevant not reasonably calculated to lead to
> the discovery of admissible evidence, and as unduly burdensome with the meaning of the
> discovery limitations of Fed. R. Civ. P. 36(b)(2)(iii). . . .  Defendants also object to the
> request as vague and ambiguous, particularly in its use of 'analysis.'

Defendants' response to Request No. 16 incorporates by reference their responses and objections

to their response to Plaintiff's First Request for Production No. 6.[111]  Defendants' response to Request

Nos. 17-24 incorporate by reference their responses and objections to Request Nos. 12-18 of Plaintiff's

Second Request for Production.[112] Defendants' responses to Request Nos. 12-18 of Plaintiff's Second

Request for Production are identical and substantively follow defendants' objection and response to

Plaintiff's First Request for Production of Documents No. 6.[113]  Thus, the court will only address

defendants objection to Plaintiff's First Request for Production of Documents No. 6.

---

[107]*See* Memorandum and Order (Doc. 143).

[108] The court has already addressed defendants' unduly burdensome objections.

[109]  *See* Motion to Compel (120) (Exhibit H).   *See* Memorandum and Order (Doc. 142) at p. 13.

[110]Motion to Compel (Doc. 120)(Exhibit H).

[111]*Id.*

[112] *Id.*

[113]*See* Plaintiff's Second Request for Production of Documents (Doc. 106)(Exhibit F).

Defendants' Response to Plaintiff's First Request for Production of Documents Request No. 6 provides in part that defendants: "[o]bject[] to seeking confidential business information and document neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, and as unduly burdensome within the meaning of the discovery limitations of Fed. R. Civ. P. 26(b)(2)(iii)."

## I.      Standard.

Fed. R. Civ. P. 34 governs requests for production of documents and provides that such requests may be made for documents containing "matters within the scope of 26(b) and which are in the possession or control of the party upon whom the request is served."[114]  As a general principle

> [C]ourts have long held that the burden is on the objecting party to show why an interrogatory is improper and while the burden is on the moving party to seek court action, the burden of persuasion remains at all times with the objecting party. . . .  For lawyers and parties appearing before this court, the court will continue to require the nonmoving party to bear the burden of showing specifically why the . . . discovery is improper.  In most cases, the moving party need only file its motion to compel and draw the court's attention to the relief the party seeks.  At that point, the burden is on the nonmoving party to support its objections with specificity and, where appropriate, with reference to affidavits and other evidence.[115]

Thus, the party resisting discovery, has the burden to "demonstrate specifically how, despite the broad and liberal construction afforded the federal discovery rules, each request is not relevant or how each question is overly broad, unduly burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden."[116] The court finds that defendants, as the party opposing discovery, have failed to meet their burden.

## ii.      Defendants' Relevancy Objection.

 Here, the discovery sought appears facially relevant, and defendants as the party resisting discovery have not met their burden of establishing "the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P.

---

[114] Fed. R. Civ. P. 34(a).

[115] *Williams v. Sprint/United Mgmt. Co.*, No. 03-2200-JWL, 2005 U.S. Dist. LEXIS 5170 (D. Kan. March 30, 2005).

[116] *Id.* at 10-11 (citation omitted).

26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery."[117]  Further, relevancy  is "broadly construed," and a discovery request "should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party."[118]  A request for discovery "should ordinarily be allowed unless it is clear that the information sought can have no possible bearing on the subject matter of the action."[119]  Thus, the court overrules defendants' relevancy objections to Request Nos. 10-12 and 16-24.

### iii.    Defendants' Vagueness Objection.

A "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[120]  Defendants have failed to meet that burden as well.  Specifically, defendants have failed to "'exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized . . . .'"[121]  Accordingly, the court overrules defendants' vagueness objection to Request Nos. 10-12.

### iv.    Defendants' Confidentiality Objection.

Confidentiality of information "does not equate to privilege."[122]  Thus, "information is not shielded from discovery on the *sole* basis that such information is confidential."[123]  "It is well settled that no absolute privilege exists for trade secrets or proprietary business information."[124]  Because, "asserting

---

[117]*Gen. Elec. Capital Corp. v. Lear Corp.,* 215 F.R.D. 637, 640 (D. Kan. 2004).

[118]*Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist., LEXIS 6220, at *6-7 (D. Kan. Apr. 8, 2004).

[119]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted).

[120]*W. Res., Inc. v. Union Pac. R.R. Co.,* 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[121] *Id.*

[122]*Williams v Board of County Comm'rs,* 2000 U.S. Dist. LEXIS 8986, at *16 (D. Kan. June 21, 2000).

[123] *Id.* (emphasis added).

[124]*DIRECTV, Inc. v. Puccinelli*, 224 F.R.D. 677, 689-90 (D. Kan. 2004) (citation omitted).

an objection to a discovery request that the [information] sought contain trade secrets or proprietary information does not shield the documents from discovery"[125], the court overrules defendants' confidentiality objection to Request No. 16.

> v.    **Request Nos 7 and 8.**

Plaintiff's Third Request for Production of Documents No. 7 seeks "all documents relating to the conception, development, approval and implementation of the version of the EMPL Marks displayed . . . on Exhibit A."[126] Defendants respond that "the only documents that Defendants have after reasonable inquiry and investigation been able to locate that relate to the use of the EMPL Mark in question are being produced with this response." [127]

Defendants' response to Request No. 8 incorporates by reference their responses and objections to Plaintiff's First Request for Production No. 31[128] which provides in part that "[d]efendants have after diligent search and reasonable inquiry located no document relating to the particular mis-display of the of the [sic] EXPECT MORE. PAY LESS. mark."[129]

The court "cannot compel the production of documents that do not exist or that are not in the possession, custody or control" of the defendants.[130]  In *Sonnino v. University of Kansas Hospital Authority*,[131] the court justified its decision to not compel production of records because the movant did not "provide the court with information sufficient to lead the court to question the veracity" of the

---

[125] *Id.*

[126] Motion to Compel (Doc. 120)(Exhibit H).

[127]*Id.*

[128]*Id.*

[129] Response (Doc. 106) (Exhibit E).

[130] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004).

[131] *Id.*

objection that no such documents existed.[132]  Here, the court has little reason to disbelieve defendants'

contentions that no additional documents exist regarding the particular signage at issue.  While the court

will not compel additional non-existent documents related to Request Nos. 7 and 8 from defendants, the

court reminds defendants of their duty to supplement its responses under Fed. R. Civ. P. 26(e).

**B.      Plaintiff's Motion to Compel Fourth Request for Production (Doc. 128).**

Plaintiff seeks to compel production of documents responsive to Plaintiff's Requests for

Production Nos. 3-9, 12-14, 18-24 and 27-29.[133]  The court notes that plaintiff's motion does not list

either their Requests for Production or defendants' response in its motion to compel, though these

documents are attached as exhibits.  Similarly, defendants do not cite all of plaintiff's requests or

defendants answers in their response to the present motion.  Furthermore, plaintiff's Fourth Request for

Production cite previous requests for production and defendants' responses incorporate previous

responses to plaintiff's requests for production, which further incorporates previous responses to requests

for production.  The court strongly discourages this sort of practice.  That said, after wading through the

parties' various arguments, the court is prepared to rule.

**1.      Have defendants "fully responded"?**

Defendants contend that in spite of their objections, they have fully responded to Requests for

Production of Documents Nos. 4, 13, 14, 18, 20, and 21 and thus have no other documents in their

custody or control.  Regarding Request Nos. 4-9 and 19-24 plaintiff states that "[i]f Target's position is

that it has fully responded to these Requests despite its objections, then Payless is willing to withdraw its

motion to compel on these responses.  However, if Target's responses are not complete because they are

qualified by its objections, then Payless seeks an order compelling Target to respond to these requests in

full."[134]  Defendants also have argued that additional responses to plaintiff's requests for production have

---

[132] *Id.*

[133] Motion to Compel (Doc. 128).

[134] Reply (Doc. 158) at p. 10.

been completed.  To that end, the court will initially address whether defendants have "fully responded" to the requests at issue.

> a.    **Defendants have fully responded to Request No. 4, 20, and 21.**

The court "cannot compel the production of documents that do not exist or that are not in the possession, custody or control" of the defendants.[135]  In *Sonnino v. University of Kansas Hospital Authority*,[136] the court justified its decision to not compel production of records because the movant did not "provide the court with information sufficient to lead the court to question the veracity" of the objection that no such documents existed.[137]

Request No. 4 seeks:

> Documents sufficient to determine the number of times, exact locations and manner in which the EMPL Mark described in Request No. 7 of Payless' Third Request for Production[138] has been used in footwear departments of Target stores, the number of times, exact locations and manner in which it has been used near handbags, purses, belts, watches, or other accessories in Target stores and the number of times, exact locations and manner in which it has been used in all other department of Target stores.

Defendants respond that "no documents responsive" to Request No. 4 exist because "the EMPL sign in question" Exhibit A to Payless' Third Request for Production "was in the past displayed above the produce section of the grocery operations of SUPER TARGET stores that opened between 2001 and

---

[135] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004).

[136] *Id.*

[137] *Id.*

[138] Request No. 7 to plaintiff's Third Request for Production seeks
All documents relating to the conception, development, approval and implementation of the version of the EMPL Mark displayed on the third panel from the right on the running banner running across the top of the picture on the lower left of the page on Exhibit A attached hereto including but not limited to any business cases, creative reviews, mechanicals, job jackets, layouts, briefs (containing, but not limited to color pallets, mandatories, design elements and executional considerations), creative briefs, specific briefs, assignment briefs, exclusionary parameters, concept boards, layout thumbnails, build outs marketing plans, business plans, strategic plans, strategic analysis or other strategic documents.
Motion to Compel (Doc. 120)(Exhibit H).  Plaintiff has not attached "Exhibit A" for the court's consideration.

2004." Defendants additionally cite the documents they have already produced to determine the locations of SUPER TARGET stores opened between 2001 and 2004.[139]

Defendants further contend that "no responsive documents" exist for Request Nos. 20 and 21[140] which seek seeks documents regarding the development, selection, adoption, and approval and implementation of two examples of signs located in Target stores, essentially because these constitute signage errors on the part of defendants.  With respect to Request Nos. 4, 20, and 21 plaintiffs have failed to supply the court with any reason as to why the court should question the veracity of defendants' assertion that no further documents exist.[141]  Consequently, the court will not compel additional non-existent responses from defendants regarding Plaintiff's Fourth Request for Production Nos. 4, 20, and 21.  However, the court reminds the defendants of their duty to supplement under Rule 26(e).

      **b.**     **Defendants have not fully responded to Request Nos. 13, 14 and 18.**

Regarding Request Nos. 13, 14 and 18, defendants' response to the present motion states: "Plaintiff contends that there must be more documents responsive to these Requests.  There are not."[142] This definitive statement differs from defendants' qualified response to plaintiff's requests number 13 and 14 in which defendants note to both requests that "Subject to and without waiving the foregoing objections, Defendants have after investigation reasonable under the circumstances found no responsive

---

[139] Motion to Compel (Doc. 123) (Exhibit E).

[140] Response (Doc. 141) at p. 16.  Response to Request No. 20: "Subject to and without waiving the foregoing objections, there are no responsive documents because the signage error in question was not created, developed, selected, adopted, approved or implemented – it was an error." Response to Request No 21: "Subject to and without waiving the foregoing objections, therefore, there are no responsive documents because no sign reflected in the poor quality photocopy was ever created developed, selected, adopted, approved or implemented." Motion to Compel (Doc. 123) (Exhibit E).

[141] *Sonnino v. Univ. of Kan. Hosp. Auth.*, 220 F.R.D. 633, 640 (D. Kan. 2004).

[142] Response (Doc. 141) at p. 17. Response to Request Nos. 13 and 14 "Subject to and without waiving the foregoing objections, Defendants have after investigation reasonable in the circumstances found no responsive documents as Defendants understand the request."  Response to Request No. 18 "Subject to and without waiving the foregoing objections, Defendants have after investigation reasonable in the circumstances found no responsive 'advertisement, promotion or promotional campaign by Target' and therefore have no responsive documents." Motion to Compel (Doc. 123) (Exhibit E).

documents as Defendants understand the request."  In response plaintiff argues that "[q]ualifiers" such as "reasonable under ths circumstances" and "as Defendants understand the request" are insufficient, in light of "the 'Look Smart' advertisement attached as Exhibit C to Payless' Fourth Request."  The court agrees.  Unlike defendants' responses to Request for Production Nos. 4, 20 and 21, defendants' qualified responses lead the court to question the veracity of defendants' statement that no such further documents exist.  As detailed below, the court also overrules defendants' other objections to Request Nos. 13, 14 and 18 and directs defendants to produce any responsive documents to Request Nos. 13, 14, and 18.  The court also reminds defendants of their duty to supplement any answers under Rule 26(e).

### 2.    Defendants' objections to the remaining Requests for Production.

Defendants' responses to Plaintiff's Fourth Request for Production Nos. 3- 9, 19, 21, 22-24, and 27-29 all specifically cite defendants' General Objection 1.  This General Objection 1 is the same as defendants' General Objection 1 to plaintiff's Third Request for Production and will not be fully restated herein.[143]

To the extent that plaintiff's General Objection No. 1 objects that the request is "oppressive and unduly burdensome" the court will address this objection as it relates to each document request.  Defendants' remaining objections to the document requests at issue are incorporated from previous responses to Plaintiff's Requests Production of Documents.[144]  Several of Defendants' incorporated responses and responses in general include the legal argument that the parties' "Agreement" prohibits plaintiff's trademark infringement claim.[145] However, the court has previously overruled this sort of "denial of liability objection" and does so here.[146]  Aside from this legal argument, defendants incorporated responses essentially consist of objections as to the relevancy, vagueness, confidentiality,

---

[143] *See* Motion to Compel (Doc. 128) (Exhibit E).

[144] *Id.*

[145] *Id.*

[146] *See* Memorandum and Order (Doc. 143).

31

and burdensome nature of plaintiff's requests.[147]  The court also will address these objections as they

relate to each group of documents sought**.**

        **a.**      **Request Nos. 13, 14, and 18.**

      Request Nos. 13, 14, and 18 seek information regarding the same basic subject.  Specifically,

Request No. 13 seeks "All documents related to" while Request No. 14 seeks "Documents sufficient to

show" and Request No. 18 seek "All documents relating to any efforts by Target to consider the

Agreement, Payless or the Payless WW Marks during any part of the creation, development, selection,

adoption, approval or implementation of":

> any advertisement, promotion, promotional campaign by Target that contains the
> words "look smart", "buy more", [sic] inspire possibilities'", "inspiring possibilities",
> "smart fit", [sic] doesn't it feel good to", "get more" or "look again" used in conjunction
> with the words "Pay Less," including but not limited to the use of any of those phrases on
> the same surface or page of any advertisement or promotion that also contains the words
> "Pay Less."

      Defendants object to these requests as being "vague and ambiguous, particularly in its use of

'used in conjunction with' and of 'the words 'Pay Less'."  The court overrules this objection.  A "party

objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[148]

Defendants have not met this burden because they have failed to "'exercise reason and common sense to

attribute ordinary definitions to terms and phrases utilized . . . .'"[149]

      Defendant further object to the relevancy of these objections.  Relevancy is "broadly construed"

and a discovery request "should be considered relevant if there is 'any possibility' that the information

sought may be relevant to the claim or defense of any party."[150]

---

[147] *See* Motion to Compel (128) (Exhibit E); Memorandum and Order  (Doc. 142) at p. 13.

[148]*W. Res., Inc. v. Union Pac. R.R. Co.,* 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[149] *Id.*

[150]*Sonnino v. Univ. of Kan. Hosp. Auth.,* 2004 U.S. Dist., LEXIS 6220, at *6-7 (D. Kan. Apr. 8, 2004) (quoting *Hammond v. Lowe's Home Ctrs., Inc.*, 216 F.R.D. 666, 670 (D. Kan. 2003)).

Here, plaintiff seeks the various combined uses of "Pay Less" with other phrases, which in combination it believes might confuse consumers. These requests in a trademark infringement case appear facially relevant.

When "the discovery sought appears relevant," defendant must "establish the lack of relevancy. . . ."[151] which defendants have failed to do. Defendant failed to make any argument at all, aside from its boilerplate objection, regarding the relevancy of these requests. In light of defendants' failure, and because a request for discovery "should ordinarily be allowed,"[152] the court finds Request Nos. 13, 14, and 18 meets the relevancy standard.

Defendants also object to these requests as "overly broad and unduly burdensome." As the party objecting to discovery, defendants "have the burden of showing facts justifying their objection by demonstrating that the time or expense involved in responding to requested discovery is unduly burdensome."[153] The "mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and the possibility of injury to the business of the party for whom discovery is sought does not itself require denial of the motion."[154]

Here, defendants have failed to provide an "affidavit or specific supporting information" to substantiate their unduly burdensome objection.[155] Thus, the court finds that defendants have not met their "obligation to provide sufficient detail and explanation about the nature of the burden in terms of

---

[151]*Gen. Elec. Capital Corp. v. Lear Corp.*, 215 F.R.D. 637, 640 (D. Kan. 2004) ("When the discovery sought appears relevant, the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad discovery.").

[152]*Pulsecard, Inc. v. Discover Card Services*, 168 F.R.D. 295, 309 (D. Kan. 1996) (citation omitted).

[153] *Horizon Holdings Inc. v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 213 (D. Kan. 2002) (citing *Snowden v. Connaught Lab., Inc.*, 137 F.R.D. 325, 322 (D. Kan. 1991)).

[154]*Snowden*, 137 F.R.D. at 332-33.

[155] *See* Response (Doc. 137).

time, money, and procedure required to produce the requested documents."[156]  Request No. 13 and 18 use "relate" or "relating to" but to modify the specific group of documents that use "Pay Less" in conjunction with other specified phrases.  The court also finds that these requests are not unduly burdensome over overly broad on their face.[157]

Having overrules defendants objections to Request Nos. 13, 14 and 18, the court will grant plaintiff's motion as to those requests.

**b.** **Request Nos. 3, 5-9, 12, 19, 22-24, 27-29.**

**i.** **Request No. 3, 5-9, 12**

Request Nos. 3, 5-9 and 12 all relate to specific requests for information surrounding certain Target signage or advertisements.

Request Nos. 3 and 12 seek information as related to Exhibit C attached to Plaintiff's Fourth Request for Production.  Specifically, Request No. 3 seeks

> All documents relating to the conception, development, approval and implementation of the advertisement attached hereto as Exhibit C, including but not limited to any business cases, creative reviews, mechanical, job jackets, layouts, brief (containing but not limited to color pallets, mandatories, design elements and executional considerations), creative briefs, specific briefs, assignment briefs, exlusionary parameters, concept boards, layouts, thumbnails, build outs, marketing plans, business plans, strategic plans, strategic analysis or other strategic documents.

Request No. 12 seeks in part, "documents sufficient to identify, describe and explain all aspects of any and all advertising, promotions, or promotional campaigns related to" Exhibit C attached to Plaintiff's Fourth Request for Production.[158]

---

[156] *Id.*

[157] *Aikens v. Deluxe Fin. Servs.*, 217 F.R.D. 533, 537-38 (D. Kan. 2003) (citations omitted).

[158]"Exhibit C" is Exhibit #9 to plaintiff's Motion to Compel (Doc. 128).

Request Nos. 5-9, relate to documents cited in Plaintiff's Third Request for Production. Plaintiff's Fourth Request for Production Nos. 5, 6, 7, 8, and 9 seek the same information, regarding exact location and use, of different signage used in Target stores.[159]

For example, Request No. 5 seeks:

> Documents sufficient to determine the number of times, exact locations and manner which the "Pay Less" sign described in Request No. 8 of Payless' Third Requests for Production[160] has been used in footwear departments of Target stores, the number of times, exact locations and manner in which it has been used near handbags, purses, belts, watches, or other accessories in Target stores and the number of times, exact locations and manner in which it has been used in all other department of Target stores.

Here, for the same reasons as stated above, the court overrules defendants' objections as to relevancy, vagueness, confidentiality, and burdensome nature of plaintiff's requests. The court finds these requests facially relevant as they could directly relate to instances of confusion. Moreover, the court finds these requests are not facially overbroad or unduly burdensome as they relate to specific examples of potential consumer confusion. Indeed, they also are not unnecessarily duplicative as they seek information not previously sought in plaintiff's Third Request for Production. As a result, the court grants plaintiff's motion as to these requests.

### ii.  Request Nos. 19, 22, 23, 24 and 27.

Requests Nos. 19, 22, 23, 24 and 27 seek the same information except as it relates to different specific examples of Target signage or advertisements.

For example Request No. 19 seeks:

All documents relating to any efforts by Target to consider the Agreement, Payless or the

---

[159]Plaintiff's Fourth Request for Production No. 6 relates to the document described in Request No. 9 of Plaintiff's Third Request for Production, Plaintiff's Fourth Request for Production No. 7 relates to the document described in Request No. 10 of Plaintiff's Third Requests for Production,  Plaintiff's Fourth Request No. 8 relates to the document described in Request No. 11 of Plaintiff's Third Request for Production, Plaintiff's Fourth Request No. 9 relates to the document described in Request No. 12  of Plaintiff's Third Request for Production.  *See Id.*

[160]Request No. 8 to Plaintiff's Third Request for Production seeks the same information as No. 7 to Plaintiff's Third Request for Production, but seeks it as to "Exhibit B." As with "Exhibit A", neither party has attached it to the record. The court has reviewed the record and has been unable to find "Exhibit B."

Payless WW Marks during any part of the creation, development, selection, adoption, approval or implementation of the version of the EMPL Mark described in Request No. 7 of Payless' Third Requests for Production.[161]

Request No. 22 seeks the same information except as it relates to the Eat Well Mark described in Request No. 10 of Payless' Third Request for Production.  Likewise, Request No. 23 seeks the same information except as it relates to Request No. 11 of  Payless' Third Request for Production.  Finally, Request No. 24 seeks the same information, but it relates to Payless' Third Request for Production No. 12 and Request No. 27 is the same, except that it relates to Exhibit C attached to Fourth Request for Production.

Here, the court overrules defendants' objections as to relevancy, vagueness, confidentiality, and burdensome nature of plaintiff's requests.  The court finds these requests facially relevant as they could directly relate to potential instances of consumer confusion.  Moreover, the court finds these requests are not facially overbroad or  unduly burdensome as they relate to specific examples of potential consumer confusion.  Indeed, they are also not unnecessary duplicative as they seek information not previously sought in plaintiff's Third Request for Production.  As a result, the court grants plaintiff's motion as to these requests.

       **iii.**       **Request No. 28 and 29 are overly broad and unduly burdensome on their face.**

Request No. 28 seeks

All documents relating to any advertisement, promotion or promotional campaign used by Target in any of its shoe departments, including but not limited to any business cases, creative reviews, mechanical, job jackets, layouts, brief (containing, but not limited to color pallets, mandatories, design elements and executional considerations), creative briefs, specific briefs, assignment briefs, exclusionary parameters, concept boards, layouts, thumbnails, build outs, marketing plans, business plans, strategic plans, strategic analysis or other strategic documents.

Request No. 29 seeks in part

Identification, description and explanation of all aspects of any and all advertising, promotions or promotional campaigns used by Target in its shoe departments, including

---

[161] Request No. 7 to Plaintiff's Third Request for Production is "Exhibit A."

but not limited to different advertisements on which those marks have been used, the content of any advertisement on which those marks have been used, the geographic area in which any such advertisements [were] distributed, displayed or otherwise publicized, and the total number of reproductions of each different such advertisement that was manufactured and/or utilized by or for Target.

Response: Defendants further object . . . as unduly burdensome within the meaning of Fed. R. Civ. P.26(b)(2)(iii) . . . . In these circumstances, Plaintiff's request for "all documents" relating to "any advertisement, promotion or promotional campaign used by Target in any of its shoe departments" is a mere fishing expedition, seeking to impose an undue burden on Defendants to produce neither relevant to any issue in this action nor reasonably calculated to lead to the discovery of admissible evidence. . . .[162]

Here, the court finds Request Nos. 28 and 29 are overly broad or unduly burdensome on their face.  Both requests use the board words of "all documents" or "any and all."  Unlike Plaintiff's Third Request for Production Nos. 4, 5, 6, 8, 10-12 and 16-19, or Plaintiff's Fourth Request for Production Nos. 3, 5-9, 12, 19, 22-24, 27-29, Request No. 28 and 29 to plaintiff's Fourth Request for Production do not seek any and all documents regarding a *limited category* or group of documents.  Further, the court already has found similarly worded document requests relating to defendants' various marks unduly burdensome on their face.[163]  Specifically, the court found that plaintiff's 30(b)(6) *duces tecum* Document Request No. 13 seeking "*All documents* relating to the conception, development, approval and implementation of Defendants' Pay Less Marks" facially unduly burdensome.[164] Plaintiff's addition of "shoe department" does not sufficiently narrow its requests.   The amount of documents at issue and the broadness of the wording of these requests would require defendants to "'engage in mental gymnastics to determine what information may or may not be *remotely responsive*.'"[165]

---

[162] *See* Motion to Compel (Doc. 128)(Exhibit E).

[163] *See* Memorandum and Order (Doc. 143) at p. 18-19.

[164] *Id.*

[165] *Aikens*, 217 F.R.D. at 538 (emphasis added).

That theses requests are facially unduly burdensome "does not automatically relieve [the objecting party] of its obligation to provide responses . . . *to the extent the request is not objectionable*."[166] However, the court will not require a party "to respond to an overly broad  discovery request unless adequate guidance exists as to what extent the request is not objectionable."[167]  In the present case, the court finds that no adequate guidance exists to ascertain the extent to which these requests are not objectionable.   Having found insufficient guidance to determine the extent to which these requests are not objectionable, defendants will not be compelled to further respond to Plaintiff's Fourth Request for Production Nos. 28 and 29.

### III.    Motion to Compel: Plaintiff's Third Request for Admission (Doc. 128).

As a preliminary note, for the requests at issue relating to Plaintiff's Third Request for Admission plaintiff has failed to include, or at least properly identify, several necessary accompanying exhibits.[168]

D. Kan. Rule 37.1(a) requires motions under 37(a) directed at requests for production "*shall* be accompanied by the portions of the . . . requests or responses . . . in dispute."[169]  While plaintiff has submitted the requests for admission and production that are in dispute, on a number of occasions plaintiff has failed to include with the *present* motion the exhibits that accompany these requests.  Further, the court has reviewed the record and has been unable to identify with certainty these missing exhibits.  To the extent that the parties have sufficiently explained the substance of the exhibits at issue, the court has

---

[166] *Aikens*, 217 F.R.D. at 538 (emphasis in original).  *See also* Fed. R. Civ. P. 33(b)(1); *Mackey v. IBP, Inc.*, 167 F.R.D. 186, 198 (D. Kan. 1996)(requiring no answer "unless adequate guidance exists as to what extent the interrogatory is not objectionable.").

[167] *Horizon Holdings, LLC v. Genmar Holdings, Inc.*, 209 F.R.D. 208, 215 (D. Kan. 2002) (citing *Makey*, 167 F.R.D. at 197).

[168] For example, Plaintiff's Third Request for Admission No. 5 references the document, "Exhibit A" at issue in Plaintiff's Third Request for Production No. 8.  Plaintiff has neither included Exhibit A in the record, nor clearly  identified it as such.

[169] (Emphasis added).

38

endeavored to proceed with the issues at hand.  However, the court will require parties' future motion practice to include an accompanying complete and clear record.

Plaintiff has moved to compel additional responses to Plaintiff's Third Set of Requests for Admission Nos. 8-9, 13, 16-17, 20-21, 23 and 30-31.[170]  For reasons set forth below, plaintiff's motion is granted in part and denied in part.

### A.       Standard for Requests for Admission

Federal Rule of Civil Procedure 36 deals with the use of requests for admission by parties in a civil case.[171]  While the court cannot strike a response to a request for admission, it can determine the sufficiency of the response.[172] The response must "fairly meet the substances of the requested admission" in order for the court to consider it sufficient.[173] Courts have found that "[a] denial is a sufficient answer."[174]

### B.       Sufficiency of Request for Admission Nos. 8, 9, 16, 17, 20, 21.

Request Nos. 8, 9, 16, 17, 20, 21 and defendants responses are detailed below:[175]

Request for Admission No. 8: Admit that the picture attached as Exhibit B to Payless' Third Requests for Production is a true and accurate representation of signage that appeared in *all* Target stores.

Request for Admission No. 9: Admit that the picture attached as Exhibit B to Payless' Third Requests for Production is a true and accurate representation of signage that *regularly appears* in Target stores.

> Response: Defendant further object to this Request as vague and ambiguous, particularly in its use of "signage." Subject to and without waiving the

---

[170] *See* Motion to Compel (Doc. 128).

[171] *See* Rule 36(a).

[172] *Id.; see also Harris v. Oil Reclaiming Co.*, 190 F.R.D. 674, 678 (D. Kan. 1999) (citation omitted).

[173]  Fed. Rule Civ. P. 36(a); *Harris*, 190 F.R.D. at 677.

[174]*Harris*, 190 F.R.D. at 678.

[175] *See* Motion to Compel (Doc. 128)(Exhibit C) (emphasis added).

forging objections: Denied.[176]

Request No. 16: Admit that the picture attached as Exhibit E to Payless' Third Requests for Production is a true and accurate representation of signage that appeared in *most Target* stores in 2004.

Request No. 17: Admit that the picture attached as Exhibit E to Payless' Third Requests for Production is a true and accurate representation of signage that appeared in *all* Target stores in 2004.

> Response: Defendants further object to this Request as vague and ambiguous, particularly in its use of "true and accurate representation" and "signage."  Subject to and without waiving the foregoing objections, and as the Request is understood by Defendants: Denied.

Request No. 20: Admit that the picture attached as Exhibit F to Payless' Third Requests for Production is a true and accurate representation of signage that appeared in *most* Target stores in 2004

Request No. 21: Admit that the picture attached as Exhibit F to Payless' Third Requests for Production is a true and accurate representation of signage that appeared in *all* Target stores in 2004.

> Response: Defendants further object to this Request as vague and ambiguous, particularly in its use of "true and accurate representation" and "signage."  Subject to and without waiving the foregoing objection, and as the Request is understood by Defendants: Denied.

The court finds that defendants' responses to Request for Admissions No. 8, 9, 16, 17, 20 and 21 are sufficient. Regarding Request Nos. 8 and 9, defendants explain that Exhibit B is a photograph depicting certain signage in one Target store that constituted an "improperly installed combination of two different signs" and did not appear either in "all Target stores" or "regularly" in Target stores as plaintiff's Requests suggest.[177] Similarly, Request Nos. 16-17 concern Exhibit E and Request Nos. 20-21 concern Exhibit F, both of which are photographs of signage in a particular Target store.[178]   Defendants

---

[176] Defendants' submitted identical responses to Request for Admissions Nos. 8 and 9.  Similarly defendants responses to Request for Admissions Nos. 16 and 17 are identical to each other as are defendants' responses to Request for Admissions Nos. 20 and 21.  *See* Motion to Compel (Doc. 128) (Exhibit C).

[177] *See* Response (Doc. 141) at pp. 3-4.

[178] The court has concluded that this is the substance of Exhibit E and Exhibit F to Payless' Fourth Request for Production from the parties' discussion of the document.  However, Exhibit E (Exhibit #10) is defendants' response to plaintiff's Fourth Request for Production of Documents and Exhibit F is (Exhibit #11) appears to be

explain that neither example of signage appeared in "most" or "all" Target stores as plaintiff's requests ask.[179]  Consequently, defendants denial that these signs appeared either "regularly" or "in most" or in "all" of Target's stores constitute sufficient responses that "fairly meet the substance of the requested admission."

        **C.**     **Sufficiency of Request Nos. 13, 23, 30, 31.**

      As explained below, the court finds that defendants' responses to Request for Admission Nos. 13, 23, 30 and 31 are insufficient.

> **Request No. 13**: Admit that the picture attached as Exhibit C to Payless' Third Request for Production is a true and accurate representation of signage that regularly appears in Target stores.
>
> > Response: Defendants further objection to this Request as vague and ambiguous, particularly in its use of the "true and accurate representation."  Subject to and without waiving the foregoing objections, and as the Request is understood by Defendants: Denied.

      The court has gleaned[180] from the parties' filings that Exhibit C is a photograph of a picture of an in-store EAT WELL. PAY LESS. sign.  Rather than arguing that this photograph does not depict signage that "regularly appeared" in Target stores, defendants argue that this is a "really poor quality picture" and thus is not a "true and accurate" representation of signage.[181]  Further, defendants argue that they have

---

trademark information about Target's Eat Well Pay Less mark.  Suffice it to say, Exhibit E and F to the present Motion to Compel (128) are not  photographs.  Exhibit E and Exhibit F to plaintiff's Motion to Compel (Doc. 98) filed on September 21, 2006 could be the same Exhibits discussed in the present motion, but neither party identifies them as such.  Regardless of this filing error, the court finds that the parties have sufficiently described these photographs so as to allow the court to determine the adequacy of defendants' denial of plaintiff's Requests for Admission.

    [179] *See* Response (Doc. 141) at p. 5-6.

    [180] Like Exhibit E and F, Exhibit C to the present motion does not depict a photograph as the present motion describes.  However, unlike Exhibit E and F, the court has reviewed the docket and has not found any other photograph that matches the description given for Exhibit C.

    [181] Response (Doc. 141) at p. 4-5.

produced the "original underlying graphic arts depiction of this same EAT WELL. PAY LESS." signage.[182]

Rule 36(a) allows a party to "serve upon any other party a written request for the admission . . . of the truth of any matters within the scope of Rule 26(b)(1) . . . including the *genuineness* of any documents described in the request."[183]  Further, "[a] denial shall *fairly meet the substance of the requested admission*, and when *good faith requires* that a party qualify an answer or deny only a part of the matter of which admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder."[184]

Here, the court finds that defendants' response does not meet the *substance* of the requested admission.  The *substance* of plaintiff's request asks whether this particular signage appeared in Target stores.  As the court has not actually viewed the photograph in question, perhaps defendants' objections to its accuracy are well founded.  However, unlike defendants' response to the present motion, defendants' response to plaintiff's Request for Admission No. 13, does nothing more than object and deny the Request.  Thus, the court finds that good faith would require defendants to specify or qualify its answer, pursuant to the requirements of  Rule 36(a).

> **Request No. 23**: Admit that the pictures attached as Exhibit A to Payless' Fourth Requests for Production is a true and accurate representation of a Target advertisement.
>
> Response: Defendants further object to this Request as vague and ambiguous, particularly in its use of "true and accurate representation" and or "a Target advertisement."  Subject to and without waiving the foregoing objections, and as the Request is understood by Defendants: Denied.

Defendants explain that Exhibit A to Plaintiff's Request for Admission "involves what appears to be just one page from a longer Target circular distributed in 1996."  Thus, defendants argue that "it is accurate to object that [Exhibit A] is 'vague and ambiguous' whether or not this one page excerpt of a

---

[182] *Id.* at 5.

[183] Fed. R. Civ. P. 36(a) (emphasis added).

[184] *Id..* (emphasis added).

longer circular is a 'true and accurate' representation of a 'Target advertisement.' It is a snippet of a longer circular. Defendants properly denied the Request for Admission because it is not accurate."

The court overrules defendants' "vague and ambiguous" objection to Request No. 23. A "party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[185] Defendants have failed to meet that burden. Specifically, defendants have failed to "'exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized . . . .'"[186]

Defendants' response admits that Exhibit A is one page of a 1996 Target circular. To argue that Exhibit A is only one page of a larger circular, and therefore not a "Target advertisement" itself, makes little sense. Defendants fail to employ common sense when concluding that "Target advertisement" must mean the entire circular at issue. Considering the volume of documents involved in this case, the court is doubtful that either party would have produced an entire "circular" to demonstrate an "advertisement" where the only mark at issue appeared on one page.

The court finds that defendants' response is insufficient because it does not go to the *substance* of the request. As it's heart, Request No. 23 asks whether this document is a Target advertisement. Unlike Requests 8-9, 16-17 and 20-21, defendants are not denying the *substance* of the request. Defendants' response to the present motion essentially admits that Exhibit A was part of a larger 1996 Target circular. However, defendants' response to Plaintiff's Requests for Admission did not include this information. Therefore, good faith would require defendants to clarify its answer, subject to the requirements of Rule 36(a).

> **Request No. 30**: Admit that the picture attached as Exhibit C to Payless' Fourth Requests for Production is a true and accurate representation of a Target advertisement.
>
> Response: Defendants further object to this Request as vague and ambiguous, particularly in its use of "true and accurate representation" and of "a Target

---

[185] *W. Res., Inc. v. Union Pac. R.R. Co.,* 2002 U.S. Dist. LEXIS 1004 (D. Kan. Jan. 21, 2002) (citing *McCoo v. Denny's Inc.,* 192 F.R.D. 675, 694 (D. Kan. Apr. 18, 2000)).

[186] *Id.*

advertisement."  Subject to and without waiving the foregoing objections, and as the Request is understood by Defendants: Denied.

Defendants argue that Request No. 30 "makes the same set of mistakes that Plaintiff did with Request No 23, except this time with a different snippet of a Target circular."[187]  Defendants argue that "it is vague and ambiguous whether or not this one page from a longer Target circular advertisement is 'true and accurate' or should properly be called a 'Target advertisement.'"

As with Request No. 23, the court finds that defendants' response is insufficient because it does not address the substance of the request.  Further, the court similarly overrules defendants' "vague and ambiguous" objection.  Thus, the court finds that good faith requires defendants to clarify their answer pursuant to Rule 36(a).

> **Request No. 31**: Admit that the advertisement attached as Exhibit C to Payless' Fourth Requests for Production was published in newspapers on August 20, 2006.
>
> Response: Defendants further object to this Request as vague and ambiguous, particularly in its use of the "the advertisement" and of "published in newspapers."  Subject to and without waiving the foregoing objections, and as the Request is understood by Defendants: Denied.

Defendants again take issue with whether Exhibit C can be properly characterized at a "Target advertisement."  Additionally, defendants argue that "[i]t is also vague and ambiguous whether Target's distribution of the full circular by distributors with newspapers (among many other avenues of distribution) constituted being 'published in newspapers."  Specifically, defendants argue that in media "published" is a technical term inapplicable to the distribution of a circular contained in a Sunday newspaper.[188]

The court is unpersuaded by defendants' explanation of their objection.  While defendants cite several libel cases that use "published"as a term of art, the case at hand is not a libel case.  Rather, this discovery dispute involving alleged trademark infringement requires defendants to use "reason and

---

[187] Response (Doc. 141) at p.  8.

[188] *Id.* at 9.

common sense to attribute *ordinary* definitions to terms and phrases utilized" including "published." Thus, the court overrules defendants' vague and ambiguous objection. The court finds that good faith requires defendants to clarify its response to Request No. 31 pursuant to Rule 36(a).

While the court can "compel a party to respond consistent with the Federal Rules of Civil Procedure . . . [u]nder the guise of a discovery ruling . . . it generally does not propose to shape the substance of the response."[189] Thus, while the court orders defendants to serve plaintiff with supplemental responses to Request for Admission Nos. 12, 23, 30, and 31, other than requiring defendants to meet the good faith requirement of Rule 36(a), the court will not require a particular *shape* to those responses.

### IV.    The Parties' Joint Emergency Motion to Reset Scheduling Deadlines for Deposition of Target Witness on 30(b)(6) Topics 36-41 (Doc. 165).

The parties filed this joint motion on December 7, 2006 seeking to court to suspend the court deadlines the court ordered in its November 17, 2006 order related to the deposition of defendants' 30(b)(6) Topics 36-41 witnesses. As the motion explains, the court granted plaintiff's motion to compel 30(b)(6) testimony from defendants witnesses regarding Topic 36-41 and set December 15, 2006 as the deadline for completion of these depositions.[190] However, Request Nos. 16-24 to Plaintiff's Third Request for Production of Documents, for which plaintiff filed a motion to compel (Doc. 120), also deals with these topics.[191] Defendants maintain that the court should deny plaintiff's motion to compel the production of these documents. However, defendants agree with plaintiff that should the court compel the production of these documents, it would be more efficient for the 30(b)(6) depositions to take place after such production.[192]

---

[189] *IBP, Inc. v. Mercantile Bank of Topeka*, 179 F.R.D. 316, 319 (D. Kan. 1998).

[190] Joint Motion (Doc. 165).

[191] *Id.*

[192] *Id.*

The court agrees in part with the parties' joint request, but will set its own deadlines for the parties. Thus, having granted plaintiff's motion to compel with respect to Plaintiff's Third Request for Production of Documents Request Nos. 16-24 (Doc. 120), and in the interest of efficiency, the court grants in part and denies in part the parties' joint motion.

### VI.   Motion for Extension of Time of Summary Judgment Deadline and for Discovery Conference (Doc. 118).

Considering the discovery extensions granted and the discovery motions resolved herein, defendants' motion for an extension of the parties' summary judgment deadline is granted in part and denied in part. Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff Motion to Compel (Doc. 109) is granted**.** The court directs defendants to produce a witness to testify on their behalf regarding the substantive and procedural issues surrounding documents T005256-T005262 by **July 30, 2007.**

**IT IS FURTHER ORDERED** plaintiff's Motion to Compel Additional 30(b)(6) Testimony and Related Documents (Doc. 123) and defendants' Motion to Compel Testimony (Doc. 132) are denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Additional 30(b)(6) Testimony and Documents Responsive to Payless's Third Requests for Production (Doc. 120) is granted in part and denied in part. By **August 15, 2007**, defendants shall provide any documents in their care, custody and control responsive to plaintiff's Third Request for Production Nos. 10-12 and 16-24.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Responses to its Third Requests for Admission and Fourth Requests for Production (Doc. 128) is granted in part and denied in part. By **August 15, 2007**, defendants shall provide any documents in their care, custody and control responsive to plaintiff's Fourth Request for Production Nos. 3, 5-9, 12, 13, 14, 18, 19, 22, 23, 24 and 27. By **August 15, 2007**, defendants shall supplement their responses in good faith to Plaintiff's Request for Admission Nos. 13, 23, 30 and 31.

46

**IT IS FURTHER ORDERED** that the parties' Joint Emergency Motion to Reset Scheduling Deadlines for Deposition of Target Witness on 30(b)(6) Topics 36-41 (Doc. 165) is granted in part and denied in part.  The parties shall hold the 30(b)(6) depositions ordered in the court's previous Memorandum and Order (Doc.142) by **August 15, 2007.**

**IT IS FURTHER ORDERED** that discovery is not extended for all purposes until August 15, 2007.  Rather, only for the limited purposes herein discussed is such discovery extended.  Should a party believe that further discovery not currently the subject of a pending motion is warranted, the parties should make a reasonable effort to confer so as to resolve this issue.  If the parties are unable to resolve this dispute, the party seeking further and separate discovery may file a motion to extend discovery so as to address that separate issue.  The court, however, discourages this practice.  The court reminds the parties that unopposed discovery may continue after the deadline for completion of discovery so long as it does not delay the briefing of or ruling on dispositive motions, or other pretrial preparations.

**IT IS FURTHER ORDERED** that defendants' Motion for Extension of Time of Summary Judgment Deadline (Doc. 118) is granted in part and denied in part. The parties have until **September 14, 2007** by which to file a summary judgment motion.  The court will subsequently set a new trial date.

**IT IS SO ORDERED.**

On this  29th  day of June, 2007, in Topeka, Kansas.

  s/ K. Gary Sebelius  
K. Gary Sebelius  
U.S. Magistrate Judge

47