IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

PAYLESS SHOESOURCE WORLDWIDE,
INC.,

                      Plaintiff,

v.                                                                    Case No.   05-4023-JAR

TARGET CORPORATION and
TARGET BRANDS, INC.,

                      Defendants.

## **MEMORANDUM AND ORDER**

This matter comes before the court upon plaintiff's Motion for Reconsideration and for Alternative Relief (Doc. 163). Specifically, plaintiff requests the court reconsider its Order denying plaintiff's Motion for Sanction (Doc. 143) in light of "new" evidence obtained regarding defendants' knowledge of the March 23, 2006 Yahoo! Search result. Plaintiff further, and alternatively, requests the court to compel defendants "to produce its own documents corroborating these facts and permit [plaintiff] to depose Dianne Gerber and Andrew Johnson." Defendants have filed a response to this Motion for Reconsideration (Doc. 167) to which plaintiff has filed a reply[1] (Doc. 173). Plaintiff has also filed a Motion for Leave to File New Evidence to Supplement its Reply in Support of its Motion for Reconsideration and for Alternative Relief (Doc. 175). Defendants have filed a response (Doc. 176) and plaintiff has filed a reply (Doc. 179). As a result, these issues are ripe and ready for disposition.

---

[1]The court notes that plaintiff's sealed reply submitted to the court was incomplete and failed to contain a signature by plaintiff's counsel. Plaintiff, however, has failed to seek leave to amend its reply. The court considers this motion fully briefed and will proceed accordingly.

**I.     Background**

On November 17, 2006, the court issued a Memorandum and Order (Doc. 143) denying plaintiff's Motion for Sanctions (Doc. 89) regarding plaintiff's March 23, 2006 Yahoo! Search result. Plaintiff has now filed the present motion asking the court to reconsider its November 17, 2006 Memorandum and Order.

In the instant motion, plaintiff states that it received documents from Yahoo!, in response to a subpoena, that indicate the defendants had knowledge of the March 23, 2006 Yahoo! Search result and that defendants paid Yahoo! for similar search results.[2] Plaintiff contends that the court denied plaintiff's Motion for Sanctions because defendants did not have knowledge of the Yahoo! Search result and this "new" evidence demonstrates the defendants did have knowledge and as a result the court should reconsider its previous decision based on this newly obtained evidence.[3] Moreover, plaintiff asks the court to compel defendants to produce documents corroborating the facts obtained from Yahoo! and to permit plaintiff to depose Dianne Gerber and Andrew Johnson. Plaintiff contends that Ms. Gerber and Mr. Johnson were "identified by the Yahoo! documents as responsible for these transactions, as well as a 30(b)(6) witness on the topic[s]."[4]

---

[2]Plaintiff's Motion for Reconsideration (Doc. 163) at p. 2-4.

[3]*Id.* at p. 2.

[4]*Id.* at p. 2-3.

**II.     Motion for Reconsideration (Doc. 143).**

As detailed below, plaintiff's motion for reconsideration is granted in part and denied in part.

    **A.     Standard**

Motions for Reconsideration are governed by D. Kan. R. 7.3 which states: "A motion to reconsider shall be based on (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." [5] "Such motions are not appropriate if the movant only wants the Court to revisit issues already addressed."[6] Indeed, "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed or to consider new arguments and supporting facts that *could have been presented originally*."[7] So too, a motion for reconsideration is not a "second chance when a party has failed to present its strongest case in the first instance."[8] The decision to grant or deny a motion for reconsideration lies soundly within the court's discretion.[9]

In the instant case, plaintiff seeks reconsideration of the court's previous order because of

---

[5]*Medical Supply Chain, Inc. v. Neoforma, Inc.,* 419 F. Supp. 2d 1316, 1325 (D. Kan. 2006).

[6]*Cotracom Commidity Trading Co. v. Seaboard Corp.,* 193 F.R.D. 696, 697 (D. Kan. 2000).

[7]*Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

[8]*Id.* (citation omitted).

[9]*Hancock v. City of Oklahoma City*, 857 F.3d 1394, 1395 (10th Cir. 1988); *Wichita Clinic, P.A. v. Columbia/HCA Healthcare Corp.*, 45 F. Supp. 2d 1164, 1207 (D. Kan. 1999).

(1) new evidence and (2) to prevent a manifest injustice.

### B. New evidence

A motion to reconsider based on newly obtained evidence is appropriate "if the party produces new evidence that could not have been obtained through the exercise of due diligence."[10]

Plaintiff has provided evidence that it received from Yahoo! in response to a subpoena that shows defendants paid Yahoo! for certain Yahoo! Search engine results obtained by using particular search terms.[11] Plaintiff contends that this newly obtained evidence shows that defendants had knowledge of the March 23, 2006 Yahoo! Search result.

### 1. Due diligence

In determining whether the court should reconsider its previous order the court must look at whether plaintiff exercised due diligence in obtaining this "new evidence." Plaintiff contends that this evidence was obtained through due diligence because it served its discovery request upon Yahoo! on September 13, 2006, made no less than eight phone calls to negotiate the scope of this discovery request, Yahoo! produced its documents on November 8, 2006 and plaintiff confirmed the documents meaning on November 21.[12] Plaintiff contends that it "did all in its power to obtain the information as soon as possible."[13]

However, plaintiff was in receipt of the Yahoo! Search result in question on March 23,

---

[10] *Resolution Trust Corp. v. Williams,* 165 F.R.D. 639, 641 (D. Kan. 1996).

[11] *Id.* at p. 7, 9-11.

[12] Plaintiff's Motion for Reconsideration (Doc. 163) at p. 7.

[13] *Id.*

2006; over five months before it made its request to Yahoo!.[14]  Plaintiff brought the Yahoo! Search result to defendants' attention on September 7, 2006, made its request to Yahoo! on September 13, 2006, and filed its Motion for Sanctions (Doc. 89) on September 19, 2006. Plaintiff had at least five months to make a request to obtain the evidence at issue prior to making its original Motion for Sanctions.  Because of the five month discrepancy between the time plaintiff was made aware of the Yahoo! Search result and the time it requested information regarding said result, the court finds that plaintiff did not act with due diligence to obtain the "new evidence" prior to the filing of the original Motion for Sanctions.  The court, therefore, denies plaintiff's Motion for Reconsideration.

> **2.      Plaintiff's "new evidence" fails to prove that the failure to disclose the Yahoo! Search result constituted a failure under Rule 26(e)(2).**

Even if the court were to find that plaintiff acted with due diligence in obtaining the "new evidence" and were to reconsider its November 17, 2006 Memorandum and Order denying plaintiff's request for sanctions, the court would still deny plaintiff's request for sanctions.

Plaintiff brought it's original Motion for Sanctions under Fed. R. Civ. P. 37(c)(1) which provides in part**:**

> A party that without substantial justification fails . . . to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

In determining whether 37(c)(1) sanctions are appropriate, the court must first determine whether there has been a failure to amend a prior response pursuant to Rule 26(e)(2) which provides:

---

[14]Plaintiff's Reply in support of Motion for Sanctions (Doc. 112) at p. 11-12.

> A party is under a duty seasonably to amend a prior response to an interrogatory, request for production . . . if the party learns that the response is in some material respect incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.

Fed. R. Civ. P. 26(e)(2) creates a duty upon a responding party to amend its previous responses to request for production of documents (1) if the party learns that the response is in some way incomplete and (2) if the other parties have not been made known of the additional information during the discovery process or in writing.

However, even if the court finds a failure to amend a prior response, the court must consider whether a substantial justification for the failure exists or whether such failure is *harmless*.

Here, the court finds that plaintiff's new evidence regarding the Yahoo! Search result has failed to establish that defendants' violated Rule 26(e)(2). As discussed in the court's previous Memorandum and Order

> Plaintiff alleges that defendants, in responding to Request No. 17, failed to conduct a diligent search because it did not produce the document in its response and that once defendants learned of the existence of the document it refused to acknowledge the relevancy of the document to the request. Plaintiff's Request No. 17 requested that defendants "produce all documents that refer or relate to any instance of which [it has] *actual* or hearsay knowledge, directly or indirectly, of any inquiry or suggestion of any connection between any of the Defendants and Payless or any of their respective goods."[15] This request requires that defendants have *actual* knowledge of any documents which show any connection between defendants and plaintiff.[16]

Defendants claimed in their response to the original motion for sanctions[17] and claim in

---

[15] Plaintiff's Motion for Sanctions (Doc. 89) (emphasis added).

[16] Memorandum and Order denying plaintiff's Motion for Sanctions (Doc. 143) at p. 5.

[17] Response (Doc. 105) at p. 6.

6

their response to the present motion[18] that they did not have actual knowledge that this result would occur by typing in the specific search terms into the specific search engine that plaintiff used in obtaining this result. Defendants respond to the present motion as follows:

> In its prior submission to the Court, Target emphasized the fact that it had no knowledge of this Yahoo! Search sponsored link based on the automated nature of its program with Yahoo! Search. The 'newly discovered' information Plaintiff obtained from Yahoo! does not change that fact. There is no basis to find that Target knew about this particular sponsored link being run by its automated program with Yahoo! Search. Nothing in Plaintiff's voluminous sealed submission to the Court shows that Target had knowledge of this sponsored link until Plaintiff brought this to Target's attention on September 7, 2006. Moreover, the 'new' information merely shows that Target spent about $64 per month for Yahoo! Search's placement of the Sponsored Link in question . . . . This is one little droplet in an ocean of Target advertising. There is no reason why this de minimum advertising expenditure by Target should have gotten anyone's attention within Target, nor did it.[19]

Here, the court agrees that plaintiff has not shown how defendants had actual knowledge of this search result and therefore how it is responsive to Request No. 17. While it seems logical to the court for Yahoo! to maintain an itemized list of each search for which it billed Target, plaintiff has not indicated that Yahoo! communicated this information to Target such that Target was aware of these sorts of search results. The court will take defendants at their word that they had no knowledge of this Yahoo! Search result. However, the court reminds defendants that it should carefully consider the court's recent June 29, 2007 Memorandum and Order and its requirements as to plaintiff various other Requests for Production.

---

[18]Response (Doc. 167) at p. 2-3.

[19]*Id.*

### 3. Even if plaintiff's "new evidence" proved that defendants' failure to disclose the Yahoo! Search result constituted a failure under Rule 26(e)(2), such a failure was harmless.

Because the court has already determined, both in its original order and here, that defendants' failure to disclose the Yahoo! Search result was not a violation of Rule 26(e)(2), the court need not reconsider its previous decision that this failure was also harmless. While the court need address this issue, the court believes that the new evidence from Yahoo! does not demonstrate that the failure to disclose the original Yahoo! Search result was overly prejudicial. Rather, the court believes that this failure, if it was a failure at all, was harmless and, as a result, sanctions under Rule 37(c)(1) are additionally unwarranted.

A failure is harmless where there is no prejudice to the opposing party.[20] In determining whether a failure is harmless the court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing the evidence would disrupt the trial; and (4) the party's bad faith or willfulness."[21]

#### a. Prejudice and plaintiff's ability to cure such prejudice.

As detailed below the court finds that whatever prejudice plaintiff might have suffered, plaintiff had the opportunity time and again to cure this prejudice. As a result, the court finds that any failure on defendants' part to disclose the Yahoo! Search result and produce the

---

[20]*Schmitt v. Beverly Health & Rehab. Servs., Inc.,* No. 96-2537, 1997 U.S. Dist. LEXIS 18636, at *12 (D. Kan. Nov. 19, 1997) (finding that a failure to fully disclose is not harmless where the opposing party has pursued discovery without access to the disclosure).

[21] *Cardenas v. Dorel Juvenile Group, Inc.,* No. 04-2478, 2006 U.S. Dist. LEXIS 37465, at *29 (D. Kan. June 1, 2006) (citing *Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 953 (10th Cir. 2002)).

evidence from Yahoo! was harmless.

First, it is undisputed that plaintiff was made aware of the Yahoo! Search result on March 23, 2006 and did not bring it to defendants' attention until September 7, 2006–more than five months later. As a result, the court finds that plaintiff had every opportunity to seek further information regarding this search. As discussed in greater detail below, plaintiff could have filed a motion to compel based on its First Request for Production of Documents. Indeed, plaintiff could have crafted specific document requests or initiated other written discovery pertaining to defendants' relationship with Yahoo!. However, despite these options, plaintiff chose to file the underlying motion for sanctions instead.

Plaintiff contends that it has been prejudiced because defendants have "never produced documents . . . acknowledging that [defendants] had any information regarding the infringing Yahoo! ad, that [defendants] provided Yahoo! the verbiage for the ad, that the result had been accessed nearly half a million times, that almost 5,000 customers were diverted from Payless by the advertisement, or that Yahoo! had specifically billed [defendants] for these diverted customers."[22] However, at every opportunity available to plaintiff, plaintiff failed to actually seek to compel this information.

Specifically, plaintiff chose to file a Motion of Sanctions and not a motion to compel related to this Yahoo! Search result. In fact, the court in its November 17, 2006 order specifically noted that plaintiff's original motion for sanctions did not seek to compel production of documents related to the Yahoo! Search result.[23] Plaintiff based its original motion for

---

[22]Plaintiff's Motion for Reconsideration (Doc. 163) at p. 10.

[23]Memorandum and Order denying plaintiff's Motion for Sanctions (Doc. 143) at p. 1.

sanctions on its contention that the March 23, 2006 Yahoo! Search result was responsive to plaintiff's First Request for Production of Documents, specifically Request Nos. 7 and 17.[24] Plaintiff served defendants with its First Request for Production in December of 2005 and defendants' served their response to these requests on January 20, 2006.[25] In defendants' response to plaintiff's First Request for Production Nos. 7 and 17 defendants lodged numerous objections. Pursuant to D. Kan. Rule 37.1(b) plaintiff should have filed a motion to compel responses to its First Request for Production of Documents within 30 days of defendants' January 20, 2006 objections. However, as this court has previously noted[26], plaintiff failed to file such a motion. Because plaintiff failed to file such a motion to compel, pursuant to D. Kan. Rule 37.1(b) its "objection to the . . . response . . . or objection shall be waived."

Aside from the obvious time bar, the court is unclear as to how it could reconsider its previous order and compel defendants to produce certain information when such leave was never originally sought. The court in its previous order already addressed the fact that plaintiff had failed to file a motion to compel and "[i]t is well settled that a motion to reconsider is not a second chance for the losing party to ask the Court to revisit issues already addressed."[27]

Plaintiff further contends that it has been prejudiced by defendants' failure to properly disclose the information regarding the Yahoo! Search result because "the testimony of Stephen Lee, [defendants'] 30(b)(6) witness on confusion issues, demonstrates [defendants'] testimony

---

[24]Motion for Sanctions (Doc. 89) at p. 1.

[25]*See* Response (Doc. 106) at (Exhibit E).

[26]Memorandum and Order (Doc. 142) at p. 6.

[27]*Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

was inadequate, misleading, and inaccurate.  Mr. Lee's testimony indicates [defendants] did not buy 'payless' from Yahoo! as a search term and that [defendants] did not provide Yahoo! the verbiage for the Yahoo! Search Result."[28]

Mr. Lee gave his 30(b)(6) testimony on September 26, 2006.[29]  In the present motion, plaintiff fails to identify the topics over which Mr. Lee was designated to offer 30(b)(6) testimony.  As to defendants' relationship with Yahoo!, Mr. Lee testified that his understanding was "at a very basic level" and that it was his *belief* that it was a "Yahoo advertising mechanism" and not a "Target algorithm."[30]  Mr. Lee further testified that he is "not an expert on [defendants'] relationship with Yahoo."[31]

First, the court finds that this testimony does not necessarily demonstrate that defendants' testimony "was inadequate, misleading, and inaccurate."[32]  Rather, it demonstrates that Mr. Lee was not knowledgeable as to the specifics of the relationship between Yahoo! and defendants.  Second, plaintiff failed to file a separate motion to compel further 30(b)(6) testimony regarding these topics due to the "new" evidence regarding the relationship between Yahoo! and defendants.  So too, plaintiff also failed to file a separate motion that, pursuant to Rule 30(b)(6), Mr. Lee was unprepared to testify and as a result sanctions would be warranted *on that basis*.  To that end, in the present motion plaintiff fails to identify which topics Mr. Lee was to testify over and

---

[28]Plaintiff's Motion for Reconsideration (Doc. 163) at p. 10.

[29]*Id.* at (Exhibit L).

[30]*Id.*

[31]*Id.*

[32]Plaintiff's Motion for Reconsideration (Doc. 163) at p. 10.

11

how his testimony constituted lack of preparation as to those topics.

Finally, in the present motion[33] plaintiff fails to offer any other basis by which defendants should have produced this additional information relating to the March 23, 2006 Yahoo! Search result. Moreover, even if other Requests for Production and discovery requests would warrant production of these documents pertaining to the Yahoo! Search result it seems likely that plaintiff could have raised this argument in its initial motion for sanctions and the court will not now provide plaintiff with a "second chance . . . to present its strongest case."[34]

### b. Defendants did not act in bad faith.

Plaintiff also contends that the "new evidence" obtained by plaintiff demonstrates willful bad faith on the part of defendants.[35] The new evidence from Yahoo! shows that persons using the search terms "payless kid shoe" on Yahoo! were directed to the search result at issue here 473,823 times and 4,882 of those clicked through to target.com.[36] The evidence further shows that defendants paid Yahoo! between 10 and 20 cents every time a user clicked through to target.com for a total payment of $638.73.[37]

Under the circumstances in this case, simply paying Yahoo! for the search result is not

---

[33]Plaintiff argues for the first time in its Reply in support of its underlying Motion for Reconsideration that the documents at issue regarding the Yahoo! Search result were responsive to specific 30(b)(6) noticed topics. *See* Reply (Doc. 173) at p. 6-7. As this argument is newly raised in plaintiff's reply and was never raised in its Motion for Reconsideration, the court will not now consider it.

[34]*See Sonnino v. Univ. of Kansas Hosp. Auth.*, 221 F.R.D. 661, 664 (D. Kan. 2004)(emphasis added).

[35]Plaintiff's Motion for Reconsideration (Doc. 163).

[36]*Id.* at p. 4.

[37]*Id.*

12

enough to show that defendants acted willfully and with bad faith. Defendants spent about $1 billion dollars in fiscal year 2005 on advertising.[38] According to the information provided by plaintiff, only $638.73 of that advertising budget was spent producing search results similar to the March 23, 2006 Yahoo! Search result. More importantly, defendants have consistently denied that they knew, as stated in Request for Production No. 17, that this or any money went to Yahoo! in payment for this automated search result.[39] Plaintiff contends that once defendants were made aware of the Yahoo! Search result, defendants were obligated and had no excuse for not providing additional information regarding the Yahoo! Search result.[40] However, as discussed above, defendants have maintained that the search result is not responsive to any of plaintiff's discovery requests as well as not properly being a part of this action.[41] The court finds that defendants did not act with willful bad faith and as a result any failure on behalf of defendants' as to disclosure of the Yahoo! Search result was harmless.

### c.    No disruption of trial will occur.

Finally, as to the harmlessness of any failure to disclose the Yahoo! Search result, the court finds that the Yahoo! Search result will not disrupt the parties' trial. The parties' trial date has been postponed[42] and neither the Yahoo! Search result nor the additional evidence provided by Yahoo! will impact this future date. So too, it would seem plaintiff is free to attempt to use

---

[38] Response (Doc. 167) at p. 12.

[39] *Id*. at p. 2 (emphasis in original).

[40] Plaintiff's Motion for Reconsideration (Doc. 163) at p. 10-11.

[41] Response (Doc. 167) at p. 6-13.

[42] *See* Order (Doc. 180).

the information it has already obtained regarding defendants' relationship with Yahoo! as support for its various claims at trial.

### C. Manifest Injustice

The court believes that reconsidering the court's previous order in the manner sought by plaintiff would not correct a manifest injustice. Plaintiff's motion argues that two reasons exist as to why the court should reconsider its previous order (1) new evidence and (2) to prevent a manifest injustice. However, the actual substance of plaintiff's motion fails to delineate between these two arguments. Specifically, plaintiff fails to make, and without more information the court will not speculate regarding, any argument as to how a reconsideration of its previous order would prevent a manifest injustice.

### D. Plaintiff's Alternative Relief: Reopen Discovery.

The present motion asks the court to require defendants "to produce its own documents corroborating these facts and permit [plaintiff] to depose Dianne Gerber and Andrew Johnson." As discussed above, the court finds the present motion fails to constitute a proper motion to compel and as a result, the court will not compel defendants to produce further documents related to the Yahoo! Search result. However, the court will, in its discretion, construe the present motion as a request to reopen discovery.

#### 1. Standard

Whether to reopen discovery rests within the sound discretion of the court.[43] When deciding whether to extend or reopen discovery, the court should consider the following factors:

1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-

---

[43] *Smith v. United States*, 834 F. 2d 166, 169 (10th Cir. 1987).

moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the forseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that discovery will lead to relevant evidence.[44]

These factors "require a balance of the liberal discovery rules and judicial economy."[45]

### 2. Discussion

In balancing the liberal discovery rules against the need for judicial economy, the court believes that reopening discovery for the limited purpose of allowing plaintiff to depose Dianne Gerber and Andrew Johnson is warranted.

First, the court notes that defendants oppose plaintiff's request to conduct further discovery. Further, the court has already determined that plaintiff had the opportunity to timely seek additional written discovery regarding the March 2006 Yahoo! Search result through further written discovery or a properly raised motion to compel. Such a timely and diligent follow-up to the March 2006 Yahoo! Search result could have allowed plaintiff to obtain the same or similar documents it now possesses from Yahoo!.

However, on balance, the court believes the other factors weigh in favor of reopening discovery for the limited purpose of deposing Ms. Gerber and Mr. Johnson. Unlike obtaining documents from defendants regarding the Yahoo! Search result, the court believes it less likely that plaintiff could have learned of the identity of Ms. Gerber and Mr. Johnson, and their potential importance to plaintiff's claims, prior to the expiration of discovery. Until plaintiff received the documents subpoenaed from Yahoo!, plaintiff did not know, and would likely not

---

[44]*Id.* at p. 170.

[45]*Talkin v. Deluxe Corp.*, No. 05-2305-CM, 2006 U.S. Dist. LEXIS 64427 at *4 (D. Kan. September 8, 2006).

have discovered through other means, the identity and potential importance of Ms. Gerber and Mr. Johnson.  Second, the court finds defendants would suffer only slight, if any, prejudice due to the court's limited reopening of discovery.  Indeed, in light of the amount of discovery previously conducted by the parties and because the court has already reopened limited discovery[46] on other issues, the court believes defendants will suffer little to no prejudice in having to produce Ms. Gerber and Mr. Johnson for deposition.  Finally, unlike allowing further written follow-up discovery which would likely produce the same or similar documents plaintiff now possesses from Yahoo!, the court believes that deposing Ms. Gerber and Mr. Johnson could produce relevant and as-yet undiscovered evidence.

Accordingly, plaintiff's Motion for Reconsideration (Doc. 163) is granted in part and denied in part.  To the extent plaintiff asks the court to reconsider its previous order, such a request is denied. However, to the extent plaintiff seeks to reopen discovery to depose Ms. Gerber and Mr. Johnson, such a request is granted.

### III.  Motion for Leave to File New Evidence to Supplement Plaintiff's Reply (Doc. 175).

Plaintiff has filed a Motion for Leave to file new evidence to supplement its reply in support of its motion for reconsideration (Doc. 175).  Specifically, plaintiff requests the court consider additional Yahoo! Search results obtained by plaintiff using the search terms "Payless," "kids," "shoes," "boys," "girls," and "handbags."  Plaintiff contends that defendants' continual use of these "advertisements" further supports plaintiff's motion for sanctions.

The court sees little harm in granting the present motion.  However, even granting the present motion to supplement plaintiff's reply, the court still denies plaintiff's Motion for

---

[46]*See* Memorandum and Order (Doc. 181).

16

Reconsideration. First, plaintiff has not shown that this supplemental evidence was not obtainable prior to the filing of the Motion for Sanctions. This evidence is only "new" because plaintiff chose to run Yahoo! Searches on January 31, 2007. These searches could have been run at any time prior to the filing of the Motion for Sanctions and plaintiff has not shown that the searches could not have been obtained otherwise. As a result, plaintiff has failed to demonstrate that it this "new evidence" "could not have been obtained through the exercise of due diligence."[47]

Finally, the evidence provided by plaintiff in supplement to its reply does not (a) demonstrate that defendants had actual knowledge of the Yahoo! Search result prior to being notified of it, and (b) excuse plaintiff from timely seeking to compel further discovery, or (c) indicate that defendants acted willfully or in bad faith.

Accordingly,

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Reconsideration and Alternative Relief (Doc. 163) is granted in part and denied in part. To the extent plaintiff asks the court to reconsider its previous order, such a request is denied. However, to the extent plaintiff seeks to reopen discovery to depose Ms. Gerber and Mr. Johnson, such request is granted. The court directs defendants to produce Dianne Gerber and Andrew Johnson for deposition by **August 15, 2007.** Plaintiff is given leave to depose Dianne Gerber and Andrew Johnson on or before **August 15, 2007**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File New Evidence to Supplement its Reply (Doc. 175) is hereby granted.

---

[47]*Resolution Trust Corp. v. Williams,* 165 F.R.D. 639, 641 (D. Kan. 1996).

**IT IS SO ORDERED.**

Dated this 10th day of July, 2007, at Topeka, Kansas.

  s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge