**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

|  |  |  |
|---|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 05-4023-JAR |
| | ) ) ) | |
| v. | ) ) | |
| TARGET CORPORATION and TARGET BRANDS, INC., | ) ) ) | |
| Defendants. | ) ) | |

**ORDER**

On November 28, 2007 the undersigned granted in part and denied in part plaintiff's Motion to Substitute Damage Expert (Doc. 204).  As a condition of allowing plaintiff to substitute its damages expert, the court required plaintiff to reimburse defendants  a reasonable amount of fees and expenses defendants expended related to Mr. Finch, plaintiff's now withdraw expert.  However, the court required defendants to submit to the court a revised Fees Chart and Costs Chart omitting all time and costs associated with defendants' Motion to Strike (Doc. 93) before the undersigned determined the appropriate amount of fees and expenses.  Having received a Revised Fee Chart and Revised Costs Chart from defendants, the court is ready to make its determination.

## I.     Standard

The basis for the court's consideration of fees and costs is not based upon a contractual agreement of the parties[1] or pursuant to a federal fee-shifting statute.[2]  Rather, the court awards fees and costs in the instant case to cure prejudice suffered by defendants in light of plaintiff's untimely substitution of its damages expert.[3]

## II.     Defendants' Fees and Costs

The court has reviewed the revised Fees Chart[4] and Revised Costs Chart[5] and finds defendants have sufficiently omitted any fees and costs associated with their Motion to Strike (Doc. 93).[6]  However, the court will not consider any fees associated with defendants' opposition to plaintiff's Motion to Extend Deadline for Disclosure of Expert Witnesses[7] because plaintiff brought this motion, in part, because it had not received the financial documents Mr. Finch needed to create

---

[1]*Horizon Holdings, L.L.C. v. Genmar Holdings, Inc*.,  244 F. Supp. 2d 1250, 1278 (D. Kan. 2003).

[2]*United States ex rel. C.J.C., Inc. v. Western Mechanical Contractors, Inc.*, 834 F.2d 1533, 1548 (10th Cir. 1987).

[3]*Sithon Maritime Co. v. Holiday Mansion*,  No. 96-2262-EEO, 1998 U.S. Dist. LEXIS 11822, at * 3 (D. Kan. July 30, 1998) ("Since the motion seeks relief to benefit plaintiff through no fault of defendant, the latter should not bear all the expense it has incurred.").

[4]*See* Revised Fee Chart (Doc. 215).

[5]*See* Revised Costs Chart (Doc. 216).

[6]The court notes that defendants filed their Revised Fee Chart on December 11, 2007 and their Revised Costs Chart on December 12, 2007 not, as the court had ordered, within eleven days of its November 28, 2007 Memorandum and Order.  However, in the interest of timely and fairly concluding this matter, the court accepts defendants' submissions.

[7]*See* Revised Fee Chart (Doc. 215) at p. 1 (entries on 3/24/2006 (Draft letter . . . opposing extension for expert report; study motion for extension; study plaintiff's expert witness disclosures); 3/27/2006; 3/28/2006; 4/5/2006; 4/24/2006; 4/30/2006).

his expert report.[8]   Accordingly, as with defendants' Motion to Strike (Doc. 93), the court finds it would be inequitable to require plaintiff to cover costs associated with the Motion to Extend "because the basis for this motion . . . is largely attributable to defendants' own failure to provide plaintiff, and thus Mr. Finch, with necessary financial information."[9]

Similarly, in its November 28, 2007 Memorandum and Order the court stated it would "not consider any expenses and costs associated with defendants' response to the instant motion[.]"[10] As a result, the court will not consider fees stemming from defendants' opposition to plaintiff's Motion to Substitute Experts.[11]  Not including these entries, defendants have $ 25,709.50 in fees attributable to deposing Mr. Finch and rebutting his expert report.

As to defendants' Costs chart, defendants list $ 14,592.76 in costs associated with deposing Mr. Finch and defending against his expert report(s).  The court has reviewed this submission and

---

[8]Motion to Extend Deadline for Disclosure of Expert Witnesses (Doc. 48) at p. 2 ("Payless' damage expert cannot prepare a report until Payless has had a reasonable time to review the documents that Target has recently disclosed and until Payless receives the specific financial information that Payless has advised Target that Payless needs.").

[9]Memorandum and Order (Doc. 211) at p. 11.

[10]*Id.* at p. 12 n. 30.

[11]*See* Revised Fee Chart (Doc. 215) at p. 3-4 (entries on 8/23/2007 ("telephone conference . . . regarding request consent to replace plaintiff's damages expert (Finch); research into Finch's situation; prepare email letter . . . not consenting to replacing expert; telephone conference with D. Gorowsky regarding Finch issues); 8/30/2007 ("Work on expert documents and issues.")).  Based on the timing and vague work description of the 8/30/2007 entry, the court infers this entry relates to Mr. Finch's substitution.
      To the extent defendants' entries lack specificity so as to allow the court to determine the accurate nature and purpose of the fees and costs sought, such a burden is on defendants to accurately and fully explain their requests.  While the court did not require defendants to submit an affidavit describing or explaining the fees and costs sought, such a submission would have proved helpful.  Regardless, defendants have not fully described or explained their fees, the court, in its discretion, did not include these entries in its tally.

finds no reason to suspect any listed cost is associated with plaintiff's March 24, 2006 Motion to Extend or plaintiff's Motion to Substitute.[12]

### III.    Total

Accordingly, defendants' revised submissions, with subtractions by the court, totals $40,302.26 in fees and costs associated with deposing Mr. Finch and rebutting his expert report.  In its November 28, 2007 Memorandum and Order the court discussed *Sithon Maritime Co. v. Holiday Mansion*[13] – one of the few cases from the District of Kansas related to the substitution of experts.[14]

> As in *Sithon*, "[s]ince the motion seeks relief to benefit plaintiff through no fault of defendant[s], the latter should not bear all the expense it has incurred."  That defendants should not bear all the expense of defending against Mr. Finch's report, does not mean all $66,218.51 in total expenses should be reimbursed.  In *Sithon*, the nonmoving party submitted an affidavit demonstrating it has incurred approximately $37,000 for the services of their own expert who critiqued the withdrawn expert.  The court ordered plaintiff, "as a condition of the substitution" to reimburse *half* of that amount to defendant "as reasonable expense attributable to the review and critique of the report of" the withdrawn expert.[15]

Accordingly, in order to cure any prejudice suffered by defendants cause by the late substitution of plaintiff's damages expert, the court will require plaintiff to reimburse defendants $20,151.13, in reasonable expenses – one half of the total of defendants' associated costs and fees, as a condition of plaintiff's substitution of a new expert witness for Mr. Finch.

**IT IS SO ORDERED.**

---

[12]The court infers defendants' June 23, 2006 and November 3, 2006 entries for "Professional services of Financial Advisors LLC" totaling $ 11,964.75 (Revised Costs Chart (Doc. 216)) is for "compensating their rebuttal expert" as described by defense counsel's affidavit.  *See* Response to Motion to Substitute (Doc. 209) at (Attachment 1) (Declaration of Eric Jorstad).

[13]No. 96-2262-EEO, 1998 U.S. Dist. LEXIS 11822, at * 3 (D. Kan. July 30, 1998).

[14]Memorandum and Order (Doc. 211) at p. 8-11.

[15]*Id.* at p. 10-11.

Dated this 14th day of December, 2007, at Topeka, Kansas.

s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge