## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF KANSAS

| | |
|---|---|
| PAYLESS SHOESOURCE WORLDWIDE, INC., ) | |
| Plaintiff, ) | Civil Action No. 05-4023-JAR |
| v. ) | |
| TARGET CORPORATION and TARGET BRANDS, INC., ) | |
| Defendants. ) | |

## ORDER

On April 8, 2008 the court issued a Memorandum and Order (Doc. 264) denying in part and granting in part two Motions to Compel filed by plaintiff (Docs. 218 and 243). Plaintiff requested sanctions, and as to both motions the court held: "The court will defer ruling on the sanctions issue until after defendants have had the opportunity to supplement their document production as detailed in this order."[1]

Here, the court has reviewed defendants' Joint, Second Supplemental Responses[2] as well as Plaintiff's Supplemental Submission (Doc. 329) and, in its discretion, will not impose sanctions.

**Standard**

---

[1] Memorandum and Order (Doc. 264) at p. 30.

[2] Defendants made this submission to the court via email, and plaintiff has attached this submission as an exhibit in support of their submission. *See* Exhibit in Support at (Doc. 330-2).

Fed. R. Civ. P. 37(a)(4)(C) provides sanctions when a motion to compel discovery is granted in part and denied in part, as the undersigned did with the April 8, 2008 Memorandum and Order. Rule 37(a)(4)(C) states that the court "may" apportion the reasonable expenses incurred in such a motion "in a just manner."

**Discussion**

As the Honorable Julie A. Robinson has observed "in cases with the volume of motions and degree of acrimony evidenced among the lawyers" is high, as here, "it is not unusual for one or both parties to seeks sanctions available pursuant to the Federal Rules of Civil Procedure."[3]  In the instant case, with its "lengthy and protracted procedural history" and the various procedural failures and "questionable" discovery practices of *both* parties,[4] the court is inclined to call the sanctions issue in this matter a draw.  Specifically, the court finds that the just resolution of plaintiff's Motions to Compel, given the court's decision to grant in part and deny in part the motions, is to have each party bear its own expenses and fees.  As the court noted in its April 8, 2008 Memorandum and Order, much of the discovery plaintiff sought in these motions was overreaching and not supported by sufficient facts or argument to justify an order compelling production, while defendants had not prepared its 30(b)(6) witness properly.[5]

Plaintiff's additional submission as to issue of sanctions (Doc. 329) does not persuade the court that it would be just to impose sanctions on defendants as to these motions to compel. Plaintiff's submission details various types of documents Mr. Anderson – defendants' designated

---

[3]*Ice Corp. v. Hamilton Sundstrand Corp.*, No 05-4135-JAR, 2008 U.S. Dist. LEXIS 224771, at *6-7 n. 7 (D. Kan. March 27, 2008).

[4]*See e.g.*, Memorandum and Order (Doc. 264) at p. 1-6.

[5]*Id.* at 6-30.

2

30(b)(6) witness – testified about in conjunction with the court's April 8, 2008 order.  Plaintiff contends that Mr. Anderson identified numerous types of documents which are responsive to their document requests, but which defendants have not produced.

However, the court only ordered defendants to produce documents that were responsive *and* noncumulative and nonduplicative.[6]  As this court has previously stated, "Relevant discovery is limited by Rule 26(b)(2) when 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive[.]'"[7] To this end, the court allowed defendants to supplement their discovery requests to unequivocally state that "no further responsive documents exist" by "serv[ing] supplemental written responses to these requests unconditionally representing that no further responsive documents are in their possession, custody, or control."[8]  As to every request, except No. 24, defendants did just that.

Based upon the court's review of the types of documents about Mr. Anderson testified, the court finds that many of these sorts of documents are likely unresponsive to plaintiff's discovery requests.  However, to the extent that some of the types of documents Mr. Anderson identified are responsive, the court can reasonably infer that defendants did not produce these documents because they were cumulative to, or duplicative of, documents already produced and did not contain different or additional information.  To the extent this is not the case, the court trusts that defendants, and

---

[6]*See e.g.*, Memorandum and Order (Doc. 264) at p. 9 ("to the extent that other departments in Target have documents containing information *additional* to or *different* from the information contained in Mr. Hasek's files, and assuming this additional or different information is responsive to these requests, then defendants shall produce these documents.").

[7]*Id.* (citing Fed. Rule Civ. P. 26(b)(2)).

[8]*Id.* at 31-32.

particularly defense counsel as officers of the court, will comply with their duty to seasonably supplement their discovery responses, pursuant to Fed. Rule Civ. P. 26(e).

As to Request No. 24, seeking "defendants' divisional or segment financial data in which the footwear products and accessories financial data feeds into for the time period beginning January 30, 1992, through the present"[9], defendants "represent[ed] that although they believe no further noncumulative, nonduplicative responsive documents [were]in their possession, custody, or control" but "additional documents, *if any*, will be produced at or before the Rule 30(b)(6) deposition scheduled for April 28, 2008."[10]  Plaintiff makes much of the fact that defendants did not produce additional documents.  However, the court takes defendants' lack of action to mean that no additional documents exist.  Again, to the extent this is not the case, the court is confident that defendants, and defense counsel as officers of the court, will seasonably supplement their responses pursuant to Fed. Rule Civ. P. 26(e).

In its April 8, 2008 Memorandum and Order, the court stated

> Plaintiff may not use Mr. Hasek's deposition as a means of reopening all discovery and bootstrap to Mr. Hasek's deposition additional document requests they never sought in the first instance. The court will not allow plaintiff to essentially re-write its previous document requests now at this late date based on mere passing references made by Mr. Hasek.[11]

So too, the court finds plaintiff's arguments as to the deposition of Mr. Anderson similarly unavailing.  Plaintiff's additional submission seeks to rewrite discovery responses sought long ago, a practice the court at this late date will not allow.

---

[9]*See* Exhibit in Support (Doc. 330).

[10]*Id.* (emphasis added).

[11]Memorandum and Order (Doc. 264) at p. 28-9.

As to both Motions to Compel, both parties took legitimate, and questionable positions, and as a result, the court finds it only equitable that both sides bear their own costs and expenses related to these motions.

IT IS SO ORDERED.

Dated this  28th  day of July, 2008.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge